UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS and MICHELLE D. WILSON,<br><br>Defendants | No. 1:20-cv-02031-JSR<br><br>Judge Jed S. Rakoff<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF FIREFIGHTERS' PENSION SYSTEM OF THE CITY OF KANSAS CITY MISSOURI TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; AND IN <u>OPPOSITION TO THE MOTION OF JOHN R. HOWLAND</u>**

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ................................................................................................ 1

I. THE OVERSIGHT OF COUNSEL IS A CORE PRINCIPLE OF THE PSLRA .............. 3

    A. Legislative Intent of the PSLRA ............................................................................ 4

    B. Emerging Case Law Has Required More Than a Token Showing of Adequacy ................................................................................................................ 6

        1. *Karp v. Diebold Nixdorf, Inc.* ................................................................... 6

        2. *In re Boeing Co. Aircraft Securities Litigation* ........................................ 6

        3. *Perez v. HEXO Corp.* ............................................................................... 7

    C. Howland Has Failed the Adequacy Inquiry ............................................................ 8

II. KANSAS CITY FPS SHOULD BE APPOINTED ............................................................ 9

CONCLUSION ............................................................................................................................ 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Berger v. Compaq Comput. Corp.*,
   257 F.3d 475 (5th Cir. 2001) ...................................................................................................2, 5

*In re Boeing Co. Aircraft Sec. Litig.*,
   No. 19 CV 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .......................................1, 2, 7

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...................................................................................................4, 5

*In re Cendant Corp. Litig.*,
   404 F.3d 173 (3d Cir. 2005)........................................................................................................4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)....................................................................................................2, 9

*Clair v. DeLuca*,
   232 F.R.D. 219 (W.D. Pa. 2005) ................................................................................................6

*Felix v. Symantec Corp.*,
   No. C 18-02902 WHA, 2018 WL 4029053 (N.D. Cal. Aug. 23, 2018) ...................................3

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
   209 F.R.D. 447 (C.D. Cal. 2002) ...............................................................................................6

*Gross v. AT&T Inc.*,
   No. 19-CV-2892 (VEC), 2019 WL 7759222, (S.D.N.Y. June 24, 2019).................................6

*Nakamura v. BRF S.A.*,
   No. 18-cv-2213 (PKC), 2018 WL 3217412 (S.D.N.Y. July 2, 2018) .......................................4

*In re Petrobras Sec. Litig.*,
   104 F. Supp. 3d 618 (S.D.N.Y. 2015).........................................................................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................................2

*Rubke v. Capitol Bancorp*,
   No. C 05 4800 PJH, 2006 WL 734390 (N.D. Cal. Mar. 21, 2006) ..........................................5

*In re Versata, Inc., Sec. Litig.*,
   No. C 01-1439 SI, 2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) .........................................2

**Rules & Statutes**

Fed. R. Civ. P. 23 ..............................................................................................................1, 2, 8

15 U.S.C. § 78u-4 *et seq.* ................................................................................................ *passim*

**Docketed Cases**

*Perez v. HEXO Corp.*,
    No. 19-cv-10965 (S.D.N.Y. Feb. 11, 2020) ............................................................7, 8

*In re Tower Grp. Int'l, Ltd. Sec. Litig.*,
    No. 13-cv-05852 (S.D.N.Y.) ........................................................................................11

**Other Authorities**

H.R. Conf. Rep. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .........................................5

S. Rep. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 ..........................................................5

Pursuant to this Court's Order dated May 12, 2020 (ECF No. 44), Kansas City FPS respectfully submits this supplemental brief in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Labaton Sucharow as Lead Counsel for the Class (ECF No. 20),[1] and in opposition to the motion of John R. Howland ("Howland").[2]

## PRELIMINARY STATEMENT

The PSLRA provides that the "court shall adopt a presumption that the most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" ***that also*** "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Kansas City FPS, a sophisticated institutional investor and experienced fiduciary, respectfully submits that it is the only remaining candidate that satisfies these requirements.

While Mr. Howland claims a larger financial interest than Kansas City FPS, he failed to make the required *prima facie* showing of adequacy pursuant to Rule 23 and therefore cannot trigger the presumption. To make a *prima facie* showing of adequacy sufficient to trigger the PSLRA's presumption, a movant must demonstrate "its ability to perform the role of lead plaintiff diligently and effectively." *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019

---

[1] All definitions and abbreviations remain unchanged from Kansas City FPS' previous submissions before this Court. *See* ECF Nos. 20–23. Kansas City FPS notes that subsequent to the filing of its motion, which also requested consolidation, the Court consolidated all related actions. *See* ECF No. 44.

[2] In addition to the motion of Kansas City FPS, five other motions were filed on May 5, 2020: (i) Howland (ECF No. 17); (ii) Austin Firefighters Relief and Retirement Fund (ECF No. 28); (iii) Town of Davie Police Officers Retirement System (ECF No. 24); (iv) Isaac Millar (ECF No. 13); and (v) Anwar and Maria Nour (ECF No. 31). Following the filing of the six competing motions, and prior to the Court's May 12, 2020 telephonic conference (the "Conference"), all movants besides Kansas City FPS and Howland withdrew their candidacy. *See* ECF Nos. 40–43. Therefore, Kansas City FPS and Howland were the only two movants to participate in the Conference and are the only two movants presently before the Court.

WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019) (emphasis in original).  Indeed, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001).

The most important of the lead plaintiff's duties, and the cornerstone of the *prima facie* adequacy analysis under Rule 23 and the PSLRA, is the selection and retention of counsel.  *See Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 483 (5th Cir. 2001) (holding "that securities class actions [should] be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation. ***In this way, the PSLRA raises the standard adequacy threshold [of Rule23(a)].***") (emphasis added); *see also infra* Section I.A.  Similarly, the most important function of the district courts at this stage in the litigation is selecting a lead plaintiff who can effectively oversee counsel.  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 407 n.19 (S.D.N.Y. 2004) (noting that courts have the "ultimate obligation to appoint as lead plaintiff the [movant] . . . most capable of representing the interests of the class members.") (citing cases).  And while the PSLRA does not contemplate a freewheeling "beauty contest" between the movants, it has always been within the sound discretion of the district court to require a baseline showing that the movant can effectuate the duties of the PSLRA lead plaintiff.  *In re Versata, Inc., Sec. Litig*., No. C 01-1439 SI, 2001 WL 34012374, at *3 (N.D. Cal. Aug. 20, 2001) ("Although the procedures contemplated by the PSLRA are well defined, district courts have not followed them invariably, especially when doing so would fail the court's ultimate obligation to appoint as lead plaintiff the member or members of the purported plaintiff class who are most capable of representing the interests of the class members." (internal quotation marks omitted)).

As applied, Howland has failed to demonstrate he can effectively oversee counsel in this litigation, and therefore does not trigger the most adequate plaintiff presumption. Howland's vague declaration that he is capable of directing counsel is belied by his demonstrated ability to do so. *See* ECF No. 19-4 ¶¶ 2–3. Critically, Howland's admission that he failed to actively negotiate a fee agreement with his lawyers underscores his inability to effectively oversee counsel. *See* Transcript of May 12, 2020 Conference ("Transcript"), at 5:19-6:23.[3] Accordingly, despite being well-intentioned, Howland has not met the minimum threshold of adequacy concerning the lead plaintiff's most important responsibility.

In contrast, Kansas City FPS, through its Board, Executive Officer, and outside counsel, is well-versed in the oversight of attorneys, and based on this experience has already taken significant steps in directing Labaton Sucharow. These steps have included negotiating a conservative fee agreement (*see* Transcript at 12:6-24), as well as instructing counsel to begin drafting an amended complaint considering the schedule set by the Court. *See* ECF No. 44 (setting deadline to file amended complaint for June 8, 2020).

Accordingly, under the sequential PSLRA lead plaintiff process, Kansas City FPS is the only movant to satisfy the statutory test and should be appointed as Lead Plaintiff.

I.  **THE OVERSIGHT OF COUNSEL IS A CORE PRINCIPLE OF THE PSLRA**

The most important of the lead plaintiff's duties is the selection and oversight of counsel.[4] This grant of statutory power is key to ensuring that the class is represented by a

---

[3] The Transcript is attached as Exhibit A to the Supplemental Declaration of Francis P. McConville (the "Supp. McConville Decl."), submitted herewith.

[4] *See, e.g.*, *Felix v. Symantec Corp.*, No. C 18-02902 WHA, 2018 WL 4029053, at *4 (N.D. Cal. Aug. 23, 2018) ("Any important decision made by a fiduciary should be preceded by due diligence. A lead plaintiff is a fiduciary for the investor class. No decision by the lead plaintiff

3

fiduciary with the capabilities to effectively control the attorneys. As such, lead plaintiff applicants must be able to demonstrate this baseline competency in their motion.

### A. Legislative Intent of the PSLRA

The PSLRA was primarily enacted to "ensure that plaintiffs with expertise in the securities markets control the litigation, as opposed to lawyers." *Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 WL 3217412, at *2 (S.D.N.Y. July 2, 2018). As explained by the Third Circuit, prior to the PSLRA, securities class actions were led by "attorneys operating on a contingent fee basis" who would "initiate most [securities] suits in the names of 'figurehead' plaintiffs with little at stake." *In re Cendant*, 404 F.3d 173, 191 (3d Cir. 2005) (citing Elliott J. Weiss & John S. Beckerman, *Let the Money Do the Monitoring: How Institutional Investors Can Reduce Agency Costs in Securities Class Actions,* 104 YALE L.J. 2054 (1995)). Such "figurehead" plaintiffs were viewed as unlikely, unwilling, or at worst, unable to monitor their attorneys to ensure faithful service to the class.

To remedy this, Congress enacted the PSLRA to restore the plaintiff's selection, oversight, and control of counsel. The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Congress gave the lead plaintiff significant responsibility in controlling the litigation, but chose to manifest this responsibility formally in only one area: "The only powers expressly given to the lead plaintiff . . . are to 'select and retain' counsel." *In re Cendant*, 404 F.3d at 192 (citing 15 U.S.C. § 78u–4(a)(3)(B)(v)).[5]

---

is more important than the selection of class counsel. Consequently, the lead plaintiff should precede its choice with due diligence. The extent of such due diligence is a matter of judgment and reasonableness based on the facts and circumstances.").

[5] *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002) ("[L]ead plaintiff's authority and responsibility [is] to select counsel who he believes will best serve his own interests and the

This grant of power cuts directly to the adequacy inquiry, in that the presumptive most ***adequate*** plaintiff will effectively monitor its qualified choice of counsel throughout the litigation. The Fifth Circuit has stated "that securities class actions [should] be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation. In this way, the PSLRA raises the standard adequacy threshold [of Rule23(a)]." *Berger*, 257 F.3d at 483.

Because the selection and retention of lead counsel is the only express power given by Congress to the lead plaintiff, movants must present evidence that they are adequate through the careful selection and oversight of counsel.[6] In this regard, courts across the county, including this Court, have consistently rejected as inadequate lead plaintiff movants who abdicate their core statutory responsibility to oversee counsel. *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015) (rejecting proposed lead plaintiff where it was clear that its attorneys were "the true drivers of the litigation") (Rakoff, J.); *see also* S. Rep. 104-98, at 11-12 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("This provision is intended to permit the plaintiff to choose counsel rather than have counsel choose the plaintiff.").

---

interests of the class.") (emphasis added); H.R. Conf. Rep. 104-369, at 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 731 ("These provisions are intended to increase the likelihood that parties with significant holdings in issuers . . . exercise control over the selection and actions of plaintiff's counsel.").

[6] *See, e.g., Rubke v. Capitol Bancorp*, No. C 05 4800 PJH, 2006 WL 734390, at *5 (N.D. Cal. Mar. 21, 2006) ("However, neither plaintiffs nor Trevor submitted any information about the process the plaintiffs used to select counsel . . . . At the hearing, the court noted that this information was required to ensure that Rubke's and Ferguson's choices were objectively adequate. The court advised plaintiffs that it would approve their choice of counsel after they demonstrated that their choice resulted from good faith selection and negotiation.") (internal citation omitted).

### B. The PSLRA Requires More Than a Token Showing of Adequacy

While some courts have neglected to give proper weight to oversight of counsel, allowing boilerplate claims of oversight to squeak by, there is a strong trend requiring evidence that the proposed lead plaintiff can in fact oversee and actively manage counsel in order to satisfy the adequacy analysis and trigger 15 U.S.C. §78u-4's "most adequate plaintiff" presumption.[7]

#### 1. *Karp v. Diebold Nixdorf, Inc.*

In *Karp v. Diebold Nixdorf, Inc.*, Judge Preska rejected individual investors in favor of an institutional investor claiming a smaller loss, finding that the individuals "ha[d] provided the Court with little to go on with respect to their alleged capacity to manage this litigation." *Id.* at *6. The court also noted that because the individuals' certification indicated "they have not served as a lead plaintiff . . . within the past three years" that the court had "no knowledge as to whether the [movants] have ever had any experience serving as lead plaintiff prior to that." *Id.* "Given this lack of information," Judge Preska was "skeptical that the [individual movants] [were] equipped to serve as lead plaintiff," and denied their motion while electing to appoint an institutional investor. *Id.*[8]

#### 2. *In re Boeing Co. Aircraft Securities Litigation*

Likewise, in *In re Boeing Co. Aircraft Securities Litigation*, Judge Tharp, Jr. rejected the motion of a family based on transparency concerns. *See* No. 19 CV 2394, 2019 WL 6052399, at

---

[7] *See, e.g.*, *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that the "record contains no evidence that [movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"); *Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) (recognizing that "[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task," and finding "no evidence that [individual lead plaintiff movants] are the type of sophisticated investor who can control a multi-million dollar class action").

[8] *Accord Gross v. AT&T Inc.*, No. 19-CV-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019), (Caproni, J.) (declining to appoint movant who "lacks basic transparency even at this juncture," including "its experience with securities litigation").

\*4–8 (N.D. Ill. Nov. 15, 2019), Judge Tharp, Jr. stated in no uncertain terms that "to make a *prima facie* showing of adequacy . . . a movant **must** supply *some* information about its ability to perform the role of lead plaintiff diligently and effectively." *Id.* at \*5 (first emphasis added) "Accordingly, most movants—and particularly individual investors—embrace the opportunity to advise the Court about their financial sophistication, experience, and ability to effectively manage and direct the activities of class counsel." *Id.*

### 3. *Perez v. HEXO Corp.*

Finally, in *Perez v. HEXO Corp.*, Judge Buchwald declined to find that an individual movant had met his preliminary showing of adequacy, and thus denied him presumptive status. No. 19 Civ. 10965 (NRB), 2020 WL 905753, at \*3 (S.D.N.Y. Feb. 25, 2020). When initially challenged that he had provided *no information* regarding his "his investment history, educational background, etc.," the individual movant submitted a supplemental declaration stating that "he resides in Reno, Nevada, holds a Bachelor of Science degree in Engineering, that he is retired but previously worked as an engineer, and that he has been investing in securities for more than 25 years." *Id.*[9]

"Notwithstanding this additional (albeit vague) information," Judge Buchwald remained "skeptical" that this "individual investor about whom little is known . . . possesse[d] the requisite sophistication to serve as lead plaintiff in this action." *Id.* Furthermore, based on the individual's "failure to provide *any* information regarding his experience in his preliminary motion, [Judge Buchwald] question[ed] whether [the movant] [would] meaningfully oversee and

---

[9] Notably the declaration submitted in *HEXO Corp.* is similar to Howland's declaration submitted in this case. *Compare* Howland Declaration (ECF No. 19-4), *with* Declaration of Chi Fung Wong in Support of His Motion for Appointment as Lead Plaintiff, *Perez v. HEXO Corp.*, No. 19-cv-10965 (S.D.N.Y. Feb. 11, 2020) (ECF No. 75) (attached as Ex. B, Supp. McConville Decl.).

7

control the prosecution of [the] consolidated class action." *Id.* For these reasons, Judge Buchwald concluded that the individual had failed to meet the *prima facie* showing of adequacy. *Id.*

### C. Howland Has Failed the Adequacy Inquiry

Based on the PSLRA lead plaintiff framework set forth above, Howland fails to trigger the presumption of most adequate plaintiff since he failed to meet his *prima facie* burden to establish adequacy under Rule 23.

Howland failed to put forth the necessary information in his initial motion to demonstrate that he can effectively direct counsel in this litigation. While Howland has indicated his age, city of residence, number of years investing, and prior employment, where he was an "automotive department manager for . . . a hardware and automotive chain in the Midwest" managing up to "six employees at once," he has offered no information regarding his sophistication and experience at issue in this litigation. *See* ECF No. 19-4 ¶ 2. Furthermore, based on his testimony at the Conference, Howland has no litigation experience "[o]utside of small claims court." Transcript at 6:24-7:6.

The Court heard testimony from Mr. Howland and the circumstance leading to his retention arrangement with counsel. Based on the fee percentages and breakpoints, the Court expressed concern that Howland "pretty much accepted the percentages [counsel] suggested." Transcript at 10:8-9. When questioned whether he had negotiated the fee arrangement, Howland admitted that he had only "talked about the fees," "agreed," and "signed" the agreement with counsel. *See* Transcript at 5:22-23. When further questioned by the Court why Howland had "agree[d] to something that high," as opposed to trying "to get as much money as [he] can from the money [he] lost," he defended his counsel instead of demonstrating the willingness to serve

the best interests of the Class by maximizing recovery—the core function of the Lead Plaintiff. *See id.* at 6:5-23.

The Third Circuit has noted that "one of the best ways for a court to ensure that [the proposed lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to . . . negotiate a reasonable retainer agreement with . . . counsel." *In re Cendant*, 264 F.3d 201, 265–66. Based on Howland's testimony, he has already abdicated doing so.

**II.     KANSAS CITY FPS SHOULD BE APPOINTED**

Kansas City FPS is the only movant able to satisfy the PSLRA's statutory criteria for appointment as Lead Plaintiff. As indicated in its moving papers, Kansas City FPS has claimed a financial interest of $121,996.70 in the outcome of this litigation. *See* Loss Analysis, ECF No. 23-2. Kansas City FPS is typical because its claims are premised on the same facts and legal theories as the Class. *See* Memorandum in Support of Motion at 10, ECF No. 21. Finally, Kansas City FPS is adequate because it is highly incentivized to vigorously prosecute this litigation and oversee its qualified choice of counsel, and because it lacks any antagonism towards the Class. *See id.* at 10–11.

To delve deeper into this adequacy inquiry, Kansas City FPS is the defined benefit retirement plan for firefighters of Kansas City, Missouri, with approximately $580 million in assets under management. Kansas City FPS was established in 1953 and is administered by its Board of Trustees to provide retirement, disability and survivor benefits to its members. Thus, as a public pension system, Kansas City FPS has nearly seventy years of fiduciary experience, including the oversight of outside counsel, and undoubtedly possesses the sophistication and resources to effectively monitor counsel in complex litigation.

Moreover, Barbara Davis, Executive Officer of Kansas City FPS and the signatory on its Certification, testified at the May 12, 2020 Conference that Kansas City FPS, through herself and its Board of Trustees, "will be evaluating [Labaton Sucharow] every step of the way." Transcript at 11:24-12:5.  This, according to Ms. Davis, includes reviewing litigation documents and having them "cleared through the Board and reviewed by the Board."  *Id.*  Therefore, according to Ms. Davis, if Kansas City FPS is appointed as Lead Plaintiff, the Class will receive the benefit of the combined experience and sophistication from herself and the Board of Kansas City FPS, including its personnel and outside lawyers, in the task of monitoring and directing Labaton Sucharow as Lead Counsel in this litigation.  *Id.*

Kansas City FPS has already been effectively monitoring and directing counsel. First, it determined to seek appointment as Lead Plaintiff after discussions with counsel and an affirmative vote by its Board.  Second, concerning the fee agreement reviewed by this Court, Ms. Davis testified that "absolutely [it was] negotiated" to ensure that it was "fair."  Transcript at 12:14-24.  These negotiations were based, in part, on Ms. Davis' experience in reviewing similar retainer agreements, and as a result, achieved a "lower fee schedule" than in the past.  *Id.* Furthermore, Kansas City FPS has instructed Labaton Sucharow to continue investigating the action, while also commencing drafting an amended consolidated complaint considering the tight schedule set by this Court.  *See* ECF No. 44.

Finally, while Kansas City FPS does not have direct PSLRA experience, a related Kansas City Fund, Kansas City Missouri Employees Retirement System, previously served as lead plaintiff among other public pension funds in the case captioned *In re Tower Group International, Ltd. Securities Litigation*, No. 13-cv-05852 (S.D.N.Y.), which settled for $20.5

10

million.  Counsel has been informed by Ms. Davis that she assisted in the oversight of lead counsel in *Tower Group International*.

Accordingly, Kansas City FPS, as a sophisticated institutional investor and fiduciary, is the most adequate plaintiff under the PSLRA and best suited to vigorously represent the Class. Kansas City FPS should be appointed as Lead Plaintiff.

## CONCLUSION

For the foregoing reasons, Kansas City FPS respectfully requests that the Court grant its motion and enter an Order: (i) appointing Kansas City FPS as Lead Plaintiff; (ii) approving Kansas City FPS' selection of Labaton Sucharow as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED:  May 19, 2020                                                                      Respectfully submitted,

/s/ Francis P. McConville

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Firefighters' Pension System of the City of Kansas City Missouri Trust, and Proposed Lead Counsel for the Class*