**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS and MICHELLE D. WILSON,<br><br>Defendants. | Civil Action No. 1:20-cv-02031-JSR |

**DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED AMENDED
CLASS ACTION COMPLAINT**

Defendants World Wrestling Entertainment, Inc. (individually, "WWE"), Vincent

K. McMahon, George A. Barrios, and Michelle D. Wilson (together, "Defendants"), by

their attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, hereby answer the

Consolidated Amended Class Action Complaint filed by Lead Plaintiff Firefighters'

Pension System of the City of Kansas City, Missouri Trust on June 8, 2020

("Complaint," Dkt. No. 57).

The following matters are incorporated by reference into Defendants' response to

each paragraph of the Complaint:

A.      The Complaint contains purported excerpts from and references to a

number of documents, call transcripts, and third-party publications, which often have

been modified and taken out of context. Such documents, call transcripts, and third-party

publications should be considered, if at all, in context and/or in unmodified form, and

Defendants respectfully refer the Court to the respective documents for a complete statement of their contents.

B.      Except as otherwise expressly admitted herein, Defendants deny each any averment or allegation contained in the preamble, headings, subheadings, or footnotes of the Complaint.  Defendants specifically deny any liability to any Plaintiff or any members of the putative class.

Defendants answer the Complaint as follows:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint's introductory paragraph, except admit that the Lead Plaintiff asserts claims on behalf of a purported class of all similarly situated persons or entities.

1.      Aver that the allegations in Paragraph 1 of the Complaint contain Plaintiff's description of its own claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2.      Deny that the allegations in Paragraph 2 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit WWE is involved in the sports entertainment business.

3.      Deny that the allegations in Paragraph 3 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit that WWE has held wrestling events overseas and entered into licensing deals with international television providers.

4.      Deny that the allegations in Paragraph 4 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the

allegations therein, except admit that WWE entered a media rights agreement with Orbit Showtime Network ("OSN") in 2014.

5.      Deny that the allegations in Paragraph 5 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit that in 2018 WWE announced a 10-year strategic multiplatform partnership, and respectfully refer the Court to WWE's announcement for its complete and accurate text.

6.      Deny the allegations in Paragraph 6 of the Complaint, except respectfully refer the Court to WWE's public filings for a complete and accurate description of WWE's partnership with Saudi General Sports Authority.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.      Deny the allegations in Paragraph 8 of the Complaint, except respectfully refer the Court to WWE's securities filings for their complete and accurate text.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, except respectfully refer the Court to WWE's statements to investors in June 2018 for their complete and accurate text.

10.     Deny the allegations in Paragraph 10 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what estimates third-party analysts generated.

11.     Deny the allegations in Paragraph 11 of the Complaint, except respectfully refer the Court to the May 14, 2020 Declarations of Carlo Nohra (ECF No. 60-2) and Andrew Warkman (ECF No. 60-1) for their complete and accurate text.

12.     Deny the allegations in Paragraph 12 of the Complaint.

13.     Deny the allegations in Paragraph 13 of the Complaint, except admit that a Form 4 was filed on or around March 29, 2019, and respectfully refer the Court to that document for its complete and accurate text.

14.     Deny the allegations in Paragraph 14 of the Complaint, except respectfully refer the Court to the transcript of WWE's July 25, 2019 earnings call for its complete and accurate text.

15.     Deny the allegations in Paragraph 15 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

16.     Deny the allegations in Paragraph 16 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

17.     Deny the allegations in Paragraph 17 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

18.     Deny the allegation in Paragraph 18 of the Complaint, except respectfully refer the Court to WWE's October 31, 2019 third-quarter earnings release and financial statements for their complete and accurate text.

19.     Deny the allegations in Paragraph 19 of the Complaint, except admit that WWE held a live event in Saudi Arabia called the Crown Jewel 2019 on October 31, 2019.

20.     Deny the allegations in Paragraph 20 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

21.     Deny the allegations in Paragraph 21 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

22.     Deny the allegations in Paragraph 22 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

23.     Deny the allegations in Paragraph 23 of the Complaint, except respectfully refer the Court to the May 13, 2020 Declaration of Mark Kowal (ECF No. 60-19) for its complete and accurate text.

24.     Deny the allegations contained in Paragraph 24 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volume of WWE stock.

25.     Deny the allegations in Paragraph 25 of the Complaint, except respectfully refer the Court to the January 30, 2020 release for its complete and accurate text.

26.     Deny the allegations contained in Paragraph 26 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volume of WWE stock.

27.     Deny the allegations in Paragraph 27 of the Complaint, except respectfully refer the Court to WWE's February 6, 2020 Form 8-K for its complete and accurate text.

28.     Deny the allegations contained in Paragraph 28 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volume of WWE stock.

29.     Deny the allegations in Paragraph 29 of the Complaint, except admit that Form 4s were filed on or around March 29, 2019, February 28, 2019, July 23, 2019, and August 9, 2019, and respectfully refer the Court to those documents for their complete and accurate text.

30.     Deny the allegations in Paragraph 30 of the Complaint.

31.     Aver that the allegations in Paragraph 31 of the Complaint contain Plaintiff's description of its own claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32.     Aver that the allegations in Paragraph 32 of the Complaint are legal conclusions to which no response is required.

33.     Deny the allegations in Paragraph 33 of the Complaint, except aver that the allegations concerning venue are legal conclusions to which no response is required, and except admit that WWE securities trade on the New York Stock Exchange ("NYSE"), and that the NYSE is located in the Southern District of New York.

34.     Deny the allegations in Paragraph 34 of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, except respectfully refer the Court to the document filed at ECF No. 23-1 for its complete and accurate text.

36.     Admit the allegations in Paragraph 36 of the Complaint.

37.     Deny the allegations in Paragraph 37 of the Complaint, except admit that Vincent K. McMahon served as CEO of WWE and Chairman of WWE's Board of Directors during the alleged Class Period, and McMahon participated on certain quarterly earnings conference calls.

38.     Deny the allegations in Paragraph 38 of the Complaint, except admit that George A. Barrios was a Co-President of WWE and a member of its Board of Directors during a portion of the alleged Class Period, and except respectfully refer the Court to WWE's January 30, 2020 announcement for its complete and accurate text.

39.     Deny the allegations in Paragraph 39 of the Complaint, except admit that Michelle D. Wilson was a Co-President of WWE and a member of its Board of Directors during a portion of the alleged Class Period, and respectfully refer the Court to WWE's January 30, 2020 release for its complete and accurate text,

40.     Deny the allegations in Paragraph 40 of the Complaint.

41.     Admit the allegations in Paragraph 41 of the Complaint.

42.     Deny that the allegations in Paragraph 42 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit that WWE launched the WWE Network in 2014.

43.     Deny that the allegations in Paragraph 43 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit WWE is involved in the sports entertainment business, and except respectfully refer the Court to the cited sources for their complete and accurate text.

44.     Deny that the allegations in Paragraph 44 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to WWE's securities filings for a complete and accurate description of its business operations.

45.     Deny the allegations in Paragraph 45 of the Complaint, except respectfully refer the Court to WWE's public filings for a complete and accurate description of WWE's business operations and revenues, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what investors and analysts have paid close attention to.

46.     Deny that the allegations in Paragraph 46 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to WWE's public filings for a complete and accurate description of WWE's revenues.

47.     Deny that the allegations in Paragraph 47 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to WWE's public filings for a complete and accurate description of WWE's revenues.

48.     Deny the allegations in Paragraph 48 of the Complaint.

49.     Deny that the allegations in Paragraph 49 of the Complaint present a fair and complete description of WWE's business operations, except respectfully refer the Court to public transcripts of the New Jersey Senate testimony for their complete and accurate text.

50.     Deny that the allegations in Paragraph 50 of the Complaint present a fair and complete description of WWE's business and therefore deny the allegations therein, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the states of mind of wrestling fans.

51.     Deny the allegations in Paragraph 51 of the Complaint.

52.     Deny the allegations in Paragraph 52 of the Complaint, except admit that Vincent J. McMahon ran the WWWF in 1963.

53.     Deny that the allegations in Paragraph 53 of the Complaint present a fair and complete description of WWWF's business operations and therefore deny the allegations therein, except admit that Andre the Giant wrestled for WWWF and WWF, and except admit that WWWF and WWF held events at Shea Stadium and Madison Square Garden.

54.     Deny that the allegations in Paragraph 54 of the Complaint present a fair and complete description of WWF's business operations and therefore deny the allegations therein.

55.     Deny that the allegations in Paragraph 55 of the Complaint present a fair and complete description of WWF's business operations and therefore deny the allegations therein.

56.     Admit that *Sports Illustrated* published the article referenced in Paragraph 56 of the Complaint, and respectfully refer the Court to the cited source for its complete and accurate text.

57.     Deny that the allegations in Paragraph 57 of the Complaint present a fair and complete description of WWF's business operations and therefore deny the allegations therein.

58.     Deny that the allegations in Paragraph 58 of the Complaint present a fair and complete description of WWF's business operations and therefore deny the allegations therein, except admit that Hulk Hogan and Mr. T appeared at WrestleMania I, and admit that WrestleMania was a WWF event.

59.     Deny the allegations in Paragraph 59 of the Complaint, except admit that WWF held events that included WrestleMania, Royal Rumble, and SummerSlam.

60.     Deny the allegations in Paragraph 60 of the Complaint.

61.     Deny that the allegations in Paragraph 61 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

62.     Deny the allegations in Paragraph 62 of the Complaint, except admit Kurt Schneider provided an October 2005 interview, and respectfully refer the Court to the transcript of that interview for its complete and accurate text.

63.     Deny that the allegations in Paragraph 63 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to the cited source for its complete and accurate text.

64.     Deny the allegations in Paragraph 64 of the Complaint, except respectfully refer the Court to WWE's 2005 Form 10-K for its complete and accurate text.

65.     Deny that the allegations in Paragraph 65 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

66.     Deny that the allegations in Paragraph 66 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

67.     Deny the allegations in Paragraph 67 of the Complaint, except respectfully refer the Court to WWE's public filings for a complete and accurate description of WWE's revenues.

68.     Deny the allegations in Paragraph 68 of the Complaint, except respectfully refer the Court to WWE's public filings for a complete and accurate description of WWE's revenues and for their complete and accurate text.

69.     Deny the allegations in Paragraph 69 of the Complaint, except respectfully refer the Court to the cited source for its complete and accurate text.

70.     Deny that the allegations in Paragraph 70 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

71.     Deny that the allegations in Paragraph 71 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit that WWE has held events in the Middle East between 2011 and the present.

72.     Deny the allegations in Paragraph 72 of the Complaint, except admit WWE entered into a media rights agreement with Orbit Showtime Network ("OSN").

73.     Deny that the allegations in Paragraph 73 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to WWE's March 2018 announcement for its complete and accurate text.

74.     Deny the allegations in Paragraph 74 of the Complaint, except respectfully refer the Court to the cited public press release for its complete and accurate text.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, except respectfully refer the Court to the cited sources for their complete and accurate text.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

82.     Deny the allegations in Paragraph 82 of the Complaint, except respectfully refer the Court to the cited source for its complete and accurate text.

83.     Deny that the allegations in Paragraph 83 of the Complaint present a fair and complete description of WWE's business operations, except admit that WWE signed its first Kuwaiti wrestler in December 2017, first Egyptian wrestler in January 2018, and first female wrestler from the Arab world in October 2017.

84.     Deny that the allegations in Paragraph 84 of the Complaint present a fair and complete description of WWE's business operations, except admit that WWE hosted recruitment events throughout the MENA region, including in Saudi Arabia.

85.     Deny the allegations in Paragraph 85 of the Complaint, except respectfully refer the Court to WWE's securities filings for their complete and accurate text.

86.     Deny that the allegations in Paragraph 86 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

87.     Deny the allegations in Paragraph 87 of the Complaint, except admit that WWE hosted a live event called the Greatest Royal Rumble on April 27, 2018 at King Abdullah International Stadium in Jeddah.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, except respectfully refer the Court to the cited sources for their complete and accurate text.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint.

90.     Deny the allegations in Paragraph 90 of the Complaint, and to the extent the allegations in Paragraph 90 purport to characterize WWE's business operations, deny that the allegations present a fair and complete description of WWE's business operations

and therefore deny the allegations therein, except admit that WWE held an event called the Greatest Royal Rumble in April 2018, WWE held a live event in Riyadh in April 2014, WWE held a live event in October 2015 in Jeddah, and WWE held a live event in Riyadh in November 2016.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, except admit that WWE held the Greatest Royal Rumble on April 27, 2018 in Jeddah, and except admit WWE aired a commercial, and except respectfully refer the Court to the referenced commercial and to statements by the Saudi General Sports Commission for their complete and accurate text.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint.

94.     Deny the allegations in Paragraph 94 of the Complaint, except respectfully refer the Court to the cited article for its complete and accurate text.

95.     Deny that the allegations in Paragraph 95 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit that WWE signed a contract with Ronda Rousey.

96.     Deny the allegations in Paragraph 96 of the Complaint, except respectfully refer the Court to the cited article for its complete and accurate text.

97.     Deny the allegations in Paragraph 97 of the Complaint, except respectfully refer the Court to the cited article for its complete and accurate text.

98.     Deny the allegations in Paragraph 98 of the Complaint, except respectfully refer the Court to the cited article for its complete and accurate text.

99.     Deny the allegations in Paragraph 99 of the Complaint, except respectfully refer the Court to the transcript of WWE's May 3, 2018 earnings call for its complete and accurate text.

100.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint.

101.     Deny the allegations in Paragraph 101 of the Complaint, except respectfully refer the Court to the transcript of WWE's May 3, 2018 earnings call for its complete and accurate text.

102.     Deny the allegations in Paragraph 102 of the Complaint, except respectfully refer the Court to the transcript of WWE's May 3, 2018 earnings call for its complete and accurate text.

103.     Deny the allegations in Paragraph 103, except respectfully refer the Court to WWE's July 26, 2018 earnings release for its complete and accurate text, and respectfully refer the Court to the transcript of the related earnings call for its complete and accurate text.

104.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, except respectfully refer the Court to the referenced report for its complete and accurate text.

105.     Deny the allegations in Paragraph 105 of the Complaint, and to the extent the allegations in Paragraph 105 purport to characterize WWE's business operations,

deny that the allegations present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

106.    Deny that the allegations in Paragraph 106 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to WWE's September 18, 2018 announcement for its complete and accurate text.

107.    Deny the allegations in Paragraph 107 of the Complaint, except respectfully refer the Court to WWE's September 18, 2018 press release for its complete and accurate text.

108.    Deny the allegations in Paragraph 108 of the Complaint, except respectfully refer the Court to the cited article for its complete and accurate text.

109.    Deny the allegations in Paragraph 109 of the Complaint, except admit WWE scheduled its first all-women's pay-per-view event on October 28, 2018 in New York.

110.    Deny the allegations in Paragraph 110 of the Complaint insofar as they relate to the Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 insofar as they relate to other parties, except respectfully refer the Court to the cited articles for their complete and accurate text.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint, except respectfully refer the Court to the cited articles for their complete and accurate text.

112.     Deny the allegations in Paragraph 112 of the Complaint insofar as they relate to the Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 insofar as they relate to other parties, except respectfully refer the Court to the cited articles for their complete and accurate text.

113.     Deny the allegations in Paragraph 113 of the Complaint insofar as they relate to the Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 insofar as they relate to other parties, except respectfully refer the Court to the cited articles for their complete and accurate text.

114.     Deny the allegations in Paragraph 114 of the Complaint insofar as they relate to the Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 insofar as they relate to other parties, except respectfully refer the Court to the cited articles for their complete and accurate text.

115.     Deny the allegations in Paragraph 115 of the Complaint, except admit that WWE issued a release on October 25, 2018, and respectfully refer the Court to that release for its full and complete contents.

116.     Deny the allegations in Paragraph 116 of the Complaint, except admit that WWE held an earnings call on October 25, 2018, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

117.     Deny the allegations in Paragraph 117 of the Complaint, except admit WWE held an event on November 2, 2018.

118.    Deny the allegations in Paragraph 118 of the Complaint insofar as they relate to the Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 insofar as they relate to other parties, except respectfully refer the Court to the cited article and analyst report for their complete and accurate text.

119.    Deny that the allegations in Paragraph 119 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit that WWE issued a release on February 7, 2019 concerning its Results for Fourth Quarter and Full Year 2018, and respectfully refer the Court to that release for its complete and accurate text, and respectfully refer the Court to the cited article for its complete and accurate text.

120.    Deny the allegations in Paragraph 120 of the Complaint, except admit that WWE issued a release on February 7, 2019, and respectfully refer the Court to that release for its complete and accurate text, and except respectfully refer the Court to the cited article for its complete and accurate text.

121.    Deny the allegations in Paragraph 121 of the Complaint.

122.    Deny the allegations in Paragraph 122 of the Complaint, except admit that WWE issued a presentation associated with its fourth-quarter and full-year 2018 results, and respectfully refer the Court to that presentation for its full and complete contents.

123.    Deny that the allegations in Paragraph 123 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to the cited article for its full and complete contents.

124.     Deny that the allegations in Paragraph 124 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit WWE issued a February 7, 2019 release, and respectfully refer the Court to that release for its full and complete text.

125.     Deny the allegations in Paragraph 125 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what investors understood.

126.     Deny that the allegations in Paragraph 126 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to WWE's securities filings for a complete and accurate description of WWE's revenue streams.

127.     Deny that the allegations in Paragraph 127 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to WWE's securities filings for a complete and accurate description of WWE's revenue streams.

128.     Deny that the allegations in Paragraph 128 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit that WWE generates revenue by entering into licensing agreements for the right to air *Raw*, *SmackDown Live*, and other WWE content, and admit that in the United States *Raw* airs on the USA Network, and admit that *SmackDown Live* previously aired on the USA Network but began airing on the Fox Network in October 2019.

129.    Deny that the allegations in Paragraph 129 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

130.    Deny the allegations in Paragraph 130 of the Complaint.

131.    Deny that the allegations in Paragraph 131 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to the cited press release for its complete and accurate text.

132.    Deny the allegations in Paragraph 132 of the Complaint, except admit that WWE and OSN issued a press release on February 12, 2015, and respectfully refer the Court to the cited press release for its complete and accurate text.

133.    Deny the allegations in Paragraph 133 of the Complaint, except respectfully refer the Court to the referenced source for its complete and accurate text.

134.    Deny the allegations in Paragraph 134 of the Complaint, except admit that WWE held a February 12, 2015 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

135.    Deny that the allegations in Paragraph 135 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

136.    Deny the allegations in Paragraph 136 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning estimates by third-party analysts.

137.    Deny the allegations in Paragraph 137 of the Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint, except respectfully refer the Court to JP Morgan's June 22, 2018 cited analysis for its complete and accurate text.

139.    Deny the allegations in Paragraph 139 of the Complaint, except respectfully refer the Court to WWE's July 27, 2018 presentation for its complete and accurate description of WWE's expectations regarding its content agreements.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint, except respectfully refer the Court to JP Morgan's June 27, 2018 cited analysis for its complete and accurate text.

141.    Deny that the allegations in Paragraph 141 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to the cited sources for their complete and accurate text.

142.    Deny the allegations in Paragraph 142 of the Complaint, except respectfully refer the Court to the cited source for its complete and accurate text.

143.    Deny the allegations in Paragraph 143 of the Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint, except respectfully refer the Court to the referenced June 27, 2018 report for its complete and accurate text.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint, except respectfully refer the Court to the referenced report for its complete and accurate text.

146.    Deny the allegations in Paragraph 146 of the Complaint, except respectfully refer the Court to the referenced February 5, 2019 and February 8, 2019 reports for their complete and accurate text.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint, except respectfully refer the Court to the cited February 12, 2019 report for its complete and accurate text.

148.    Deny the allegations in Paragraph 148 of the Complaint.

149.    Deny the allegations in Paragraph 149 of the Complaint, except admit that WWE released its fourth-quarter and full-year 2018 financial results on February 7, 2019, and respectfully refer the Court to that document for its complete and accurate text, and except admit that WWE issued a release on February 7, 2019, and respectfully refer the Court to that release for its complete and accurate text.

150.    Deny the allegations in Paragraph 150 of the Complaint, except admit that George A. Barrios delivered a presentation on December 3, 2018, and respectfully refer the Court to the transcript of that presentation for its complete and accurate text.

151.    Deny the allegations in paragraph 151 of the Complaint, except respectfully refer the Court to the cited presentation for its complete and accurate text.

152.    Deny the allegations in paragraph 152 of the Complaint, except respectfully refer the Court to the cited presentation transcript for its complete and accurate text, and the cited presentation slide deck for its complete and accurate contents.

153.    Deny the allegations in Paragraph 153 of the Complaint.

154.    Deny the allegations in Paragraph 154 of the Complaint, except respectfully refer the Court to the May 14, 2020 Declaration of Carlo Nohra (ECF No. 60-2) for its complete and accurate text.

155.    Deny the allegations in Paragraph 155 of the Complaint, except respectfully refer the Court to the May 14, 2020 Declaration of Carlo Nohra (ECF No. 60-2) for its complete and accurate text.

156.    Deny the allegations in Paragraph 156 of the Complaint, except respectfully refer the Court to the May 14, 2020 Declaration of Andrew Warkman (ECF No. 60-1) for its complete and accurate text.

157.    Deny the allegations in Paragraph 157 of the Complaint.

158.    Deny the allegations in Paragraph 158 of the Complaint, except admit WWE held a February 7, 2019 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Complaint, except respectfully refer the Court to the referenced March 28, 2019 Guggenheim Securities report for its complete and accurate text.

160.    Deny the allegations in Paragraph 160 of the Complaint, except respectfully refer the Court to the transcript of the cited April 25, 2019 earning call for its complete and accurate text.

161.    Deny the allegations in Paragraph 161 of the Complaint.

162.    Deny the allegations in Paragraph 162 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations

concerning expectations of third-party analysts, and except respectfully refer the Court to the July 22, 2019 Wolfe Research report for its complete and accurate text.

163.    Deny the allegations in Paragraph 163 of the Complaint, except admit that the termination of the OSN agreement was effective March 31, 2019.

164.    Deny the allegations in Paragraph 164 of the Complaint.

165.    Deny the allegations in Paragraph 165 of the Complaint, except admit that WWE held a July 25, 2019 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

166.    Deny the allegations in Paragraph 166 of the Complaint, except respectfully refer the Court to the transcript of WWE's July 25, 2019 earnings call for its complete and accurate text.

167.    Deny the allegations in Paragraph 167 of the Complaint, except respectfully refer the Court to the transcript of WWE's July 25, 2019 earnings call for its complete and accurate text.

168.    Deny the allegations in Paragraph 168 of the Complaint.

169.    Deny the allegations in Paragraph 169 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of mind of third-party analysts, and except admit that WWE held a July 25, 2019 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text, and respectfully refer the Court to the cited July 25, 2019 JPMorgan analyst report for its complete and accurate contents.

170.    Deny the allegations in Paragraph 170 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations

concerning the state of mind of third-party analysts, and except respectfully refer the Court to the cited July 25, 2019 Wolfe Research report for its complete and accurate contents.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint.

172.    Deny the allegations in Paragraph 172 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of mind of third-party analysts, and except respectfully refer the Court to the cited September 23, 2019 Wolfe Research report for its complete and accurate contents.

173.    Deny the allegations in Paragraph 173 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of mind of third-party analysts, and except respectfully refer the Court to the cited October 6, 2019 Wolfe Research report for its complete and accurate contents.

174.    Deny the allegations in Paragraph 174 of the Complaint, except admit that WWE issued a release on October 31, 2019, and respectfully refer the Court to that release for its complete and accurate text.

175.    Deny the allegations in Paragraph 175 of the Complaint, except admit that WWE held an earnings call on October 31, 2019, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

176.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint, except respectfully refer the Court to the October 31, 2019 Evercore Analyst Report for its complete and accurate text.

177.    Deny the allegations in Paragraph 177 of the Complaint, except respectfully refer the Court to the cited article for its complete and accurate text.

178.    Deny the allegations in Paragraph 178 of the Complaint.

179.    Deny the allegations in Paragraph 179 of the Complaint, except admit that WWE issued a November 4, 2019 press release, and respectfully refer the Court to that press release for its complete and accurate text.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint, except respectfully refer the Court to the cited Guggenheim Securities analyst report for its complete and accurate text.

181.    Deny the allegations in Paragraph 181 of the Complaint, except respectfully refer the Court to the cited *Forbes* article for its complete and accurate text, and except admit that WWE issued a press release on January 30, 2020, and respectfully refer the Court to that press release for its complete and accurate text.

182.    Deny the allegations in Paragraph 182 of the Complaint, except admit that WWE issued a release on February 6, 2020, and respectfully refer the Court to that release for its complete and accurate text, and respectfully refer the Court to the transcript of the cited earnings call for its complete and accurate text.

183.    Deny the allegations in Paragraph 183 of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the Complaint, except respectfully refer the Court to the cited articles for their complete and accurate content, and respectfully refer the Court to the referenced World Trade Organization report for its complete and accurate content.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Complaint, except respectfully refer the Court to the cited articles for their complete and accurate content, and respectfully refer the Court to the referenced European Commission report for its complete and accurate content.

187.    Deny the allegations in Paragraph 187 of the Complaint, except respectfully refer the Court to the World Trade Organization's report for its complete and accurate content.

188.    Deny the allegations in Paragraph 188 of the Complaint.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint.

190.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Complaint.

191.    Deny the allegations in Paragraph 191 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

192.    Deny the allegations in Paragraph 192 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

193.    Deny the allegations in Paragraph 193 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

194.    Deny the allegations in Paragraph 194 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

195.    Deny the allegations in Paragraph 195 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

196.    Deny the allegations in Paragraph 196 of the Complaint.

197.    Deny the allegations in Paragraph 197 of the Complaint, except admit that WWE held earnings calls on October 25, 2018, February 7, 2019, and April 25, 2019, and respectfully refer the Court to the transcripts of those earnings calls for their complete and accurate text.

198.    Deny the allegations in Paragraph 198 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of mind of third-party analysts, except admit that WWE issued a release on April 25, 2019, and respectfully refer the Court to that release for its complete and accurate text.

199.    Deny the allegations in Paragraph 199 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of mind of third-party analysts, and except admit that WWE issued a release on April 25, 2019, and respectfully refer the Court to that release for its complete and accurate text, and except respectfully refer the Court to the referenced April 25, 2019 Wolfe Research analyst report and the referenced MKM Partners analyst report for their complete and accurate text.

200.    Deny the allegations in Paragraph 200 of the Complaint, except admit that WWE held an event called the *Super ShowDown* on June 7, 2019 in Jeddah.

201.    Deny the allegations in Paragraph 201 of the Complaint, except admit that WWE held events in Saudi Arabia, including an event called the *Super ShowDown* on June 7, 2019 in Jeddah.

202.    Deny the allegations in Paragraph 202 of the Complaint, except deny knowledge or information sufficient to form a belief about the truth of the allegations about the states of mind of analysts and investors.

203.    Deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 203 of the Complaint, except respectfully refer the Court to the referenced June 12, 2019 Wolfe Research analyst report for its complete and accurate text.

204.    Deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 204 of the Complaint, except respectfully refer the Court to the referenced June 12, 2019 Wolfe Research analyst report for its complete and accurate text.

205.    Deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 205 of the Complaint, except admit that WWE released its second quarter 2019 financial results on July 25, 2019.

206.    Deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206 of the Complaint, except respectfully refer the Court to the referenced June 22, 2019 Wolfe Research analyst report for its complete and accurate text.

207.    Deny the allegations in Paragraph 207 of the Complaint, except admit that WWE made an announcement on September 27, 2019, and respectfully refer the Court to that announcement for its complete and accurate text.

208.    Deny the allegations in Paragraph 208 of the Complaint, except admit that media reports came out following the October 31, 2019 event, and except admit WWE made a statement, and respectfully refer the Court to that statement for its complete and accurate text.

209.    Deny the allegations in Paragraph 209 of the Complaint, except respectfully refer the Court to the cited *Sports Illustrated* article for its complete and accurate text.

210.    Deny the allegations in Paragraph 210 of the Complaint.

211.    Deny the allegations in Paragraph 211 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what Hugo Savinovich might have said.

212.    Deny the allegations in Paragraph 212 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations

regarding the statements, actions, or knowledge of non-Defendants in Paragraph 211, and deny information or knowledge sufficient to determine the truth of the allegations concerning the referenced *N.Y. Post* article, and respectfully refer the Court to that article for its complete and accurate text; and except admit that WWE held earnings calls on July 25, 2019 and October 31, 2019, and respectfully refer the Court to the transcripts of those earnings calls for their complete and accurate text.

213.    Deny the allegations in Paragraph 213 of the Complaint, except respectfully refer the Court to the May 13, 2020 Declaration of Mark Kowal (ECF No. 60-19) for its complete and accurate text.

214.    Deny the allegations in Paragraph 214 of the Complaint, except respectfully refer the Court to the May 13, 2020 Declaration of Mark Kowal (ECF No. 60-19) for its complete and accurate text.

215.    Deny the allegations in Paragraph 215 of the Complaint.

216.    Deny the allegations in Paragraph 216 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

217.    Deny the allegations in Paragraph 217 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

218.    Deny the allegations in Paragraph 218 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

219.    Deny the allegations in Paragraph 219 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

220.    Deny the allegations in Paragraph 220 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

221.    Deny the allegations in Paragraph 221 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

222.    Deny the allegations in Paragraph 222 of the Complaint, except respectfully refer the Court to the cited tweets for their complete and accurate text.

223.    Deny the allegations in Paragraph 223 of the Complaint.

224.    Deny the allegations in Paragraph 224 of the Complaint, except admit WWE issued a release on February 7, 2019, and respectfully refer the Court to that release for its complete and accurate text.

225.    Deny the allegations in Paragraph 225 of the Complaint, except admit WWE held a conference call on February 7, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

226.    Deny the allegations in Paragraph 226 of the Complaint, except admit WWE held a conference call on February 7, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

227.     Deny the allegations in Paragraph 227 of the Complaint, except admit WWE held a conference call on February 7, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

228.     Deny the allegations in Paragraph 228 of the Complaint, except admit WWE held a conference call on February 7, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

229.     Deny the allegations in Paragraph 229 of the Complaint, except admit WWE held a conference call on February 7, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

230.     Deny the allegations in Paragraph 230 of the Complaint, except admit WWE filed its Form 10-K for fiscal year 2018 on February 7, 2019, admit that WWE's 2018 Form 10-K was signed by Defendants McMahon, Barrios, and Wilson, and respectfully refer the Court to that filing for its complete and accurate text.

231.     Deny the allegations in Paragraph 231 of the Complaint, except admit WWE filed its Form 10-K for fiscal year 2018 on February 7, 2019, and respectfully refer the Court to that filing for its complete and accurate text.

232.     Deny the allegations in Paragraph 232 of the Complaint, except admit WWE filed its Form 10-K for fiscal year 2018 on February 7, 2019, and respectfully refer the Court to that filing for its complete and accurate text.

233.     Deny the allegations in Paragraph 233 of the Complaint, except respectfully refer the Court to the publicly reported closing prices of WWE stock.

234.     Deny the allegations in Paragraph 234 of the Complaint.

235.     Deny the allegations in Paragraph 235 of the Complaint.

236.    Deny the allegations in Paragraph 236 of the Complaint, except respectfully refer the Court to Wolfe Research's February 7, 2019 report for its complete and accurate text.

237.    Deny the allegations in Paragraph 237 of the Complaint, except admit Defendant Barrios presented to investors at a February 26, 2019 Morgan Stanley Technology, Media & Telecom Conference, and respectfully refer the Court to the transcript of that conference for its complete and accurate text.

238.    Deny the allegations in Paragraph 238 of the Complaint, except admit Defendant Barrios presented to investors at a February 26, 2019 Morgan Stanley Technology, Media & Telecom Conference, and respectfully refer the Court to the transcript of that conference for its complete and accurate text.

239.    Deny the allegations in Paragraph 239 of the Complaint.

240.    Deny the allegations in Paragraph 240 of the Complaint, except admit that WWE issued a Form 10-Q on April 25, 2019, and respectfully refer the Court to that filing for its complete and accurate contents.

241.    Deny the allegations in Paragraph 241 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning analysts' estimates and expectations, and except admit WWE issued a release on April 25, 2019, and respectfully refer the Court to that release for its complete and accurate text.

242.    Deny the allegations in paragraph 242 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations

concerning opinions offered by analysts, and respectfully refer the Court to WWE's April 25, 2019 release for its complete and accurate text.

243.    Deny the allegations in Paragraph 243 of the Complaint, except respectfully refer the Court to the cited April 25, 2019 press release for its complete and accurate text.

244.    Deny the allegations in Paragraph 244 of the Complaint, except respectfully refer the Court to the cited April 25, 2019 press release for its complete and accurate text.

245.    Deny the allegations in Paragraph 245 of the Complaint, except admit WWE held a conference call on April 25, 2019, and respectfully refer the Court to the transcript of that conference call for its complete and accurate text.

246.    Deny the allegations in Paragraph 246 of the Complaint, except admit WWE held an earnings call on April 25, 2019, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

247.    Deny the allegations in Paragraph 247 of the Complaint, except respectfully refer the Court to the cited April 25, 2019 conference call for its complete and accurate text.

248.    Deny the allegations in Paragraph 248 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volume of WWE stock.

249.    Deny the allegations in Paragraph 249 of the Complaint.

250.    Deny the allegations in Paragraph 250 of the Complaint.

251.    Deny the allegations in Paragraph 251 of the Complaint, except admit that Defendant Barrios presented to investors at a May 14, 2019 JP Morgan Global Technology, Media and Communications Conference, and respectfully refer the Court to the transcript of that presentation for its complete and accurate text.

252.    Deny the allegations in Paragraph 252 of the Complaint.

253.    Deny the allegations in Paragraph 253 of the Complaint, except admit that Michael Weitz presented to investors at the June 26, 2019 Bernstein Future of Media Summit Conference, and respectfully refer the Court to the transcript of those remarks for its complete and accurate contents.

254.    Deny the allegations in Paragraph 254 of the Complaint.

255.    Deny the allegations in Paragraph 255 of the Complaint, except admit WWE issued a release regarding its second quarter 2019 financial results on July 25, 2019, and respectfully refer the Court to that release for its complete and accurate text.

256.    Deny the allegations in Paragraph 256 of the Complaint, except admit WWE issued a release regarding its second quarter 2019 financial results on July 25, 2019, and respectfully refer the Court to that release for its complete and accurate text.

257.    Deny the allegations in Paragraph 257 of the Complaint, except admit that WWE held a conference call on July 25, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

258.    Deny the allegations in Paragraph 258 of the Complaint, except admit that WWE held a conference call on July 25, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

259.     Deny the allegations in Paragraph 259 of the Complaint, except admit that WWE held a conference call on July 25, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

260.     Deny the allegations in Paragraph 260 of the Complaint, except admit that WWE held a conference call on July 25, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

261.     Deny the allegations in Paragraph 261 of the Complaint, except admit that WWE held a conference call on July 25, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

262.     Deny the allegations in Paragraph 262 of the Complaint, except admit that WWE held a conference call on July 25, 2019, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

263.     Deny the allegations in Paragraph 263 of the Complaint, except respectfully refer the Court to the publicly reported closing prices of WWE stock.

264.     Deny the allegations in Paragraph 264 of the Complaint.

265.     Deny the allegations in Paragraph 265 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts' reactions, and respectfully refer the Court to JP Morgan's July 25, 2019 report for its complete and accurate text.

266.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 266 of the Complaint, except respectfully refer the Court to the Guggenheim Securities report for its complete and accurate text.

267.    Deny the allegations in Paragraph 267 of the Complaint, except admit WWE issued an October 31, 2019 release, and respectfully refer the Court to that release for its complete and accurate text.

268.    Deny the allegations in Paragraph 268 of the Complaint, except admit WWE held a conference call on October 31, 2019, and respectfully refer the Court to the transcript of that conference call for its complete and accurate text.

269.    Deny the allegations in Paragraph 269 of the Complaint, except admit WWE held a conference call on October 31, 2019, and respectfully refer the Court to the transcript of that conference call for its complete and accurate text.

270.    Deny the allegations in Paragraph 270 of the Complaint, except admit WWE held a conference call on October 31, 2019, and respectfully refer the Court to the transcript of that conference call for its complete and accurate text.

271.    Deny the allegations in Paragraph 271 of the Complaint, except admit WWE held a conference call on October 31, 2019, and respectfully refer the Court to the transcript of that conference call for its complete and accurate text.

272.    Deny the allegations in Paragraph 272 of the Complaint, except admit WWE held a conference call on October 31, 2019, and respectfully refer the Court to the transcript of that conference call for its complete and accurate text.

273.    Deny the allegations in Paragraph 273 of the Complaint, except admit WWE held a conference call on October 31, 2019, and respectfully refer the Court to the transcript of that conference call for its complete and accurate text.

274.    Deny the allegations in Paragraph 274 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volume of WWE stock.

275.    Deny the allegations in Paragraph 275 of the Complaint.

276.    Deny the allegations in Paragraph 276 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of third-party analysts, and respectfully refer the Court to Wolfe Research's October 31, 2019 report for its complete and accurate text.

277.    Deny the allegations in Paragraph 277 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of third-party analysts, and respectfully refer the Court to Evercore's report for its complete and accurate text.

278.    Deny the allegations in Paragraph 278 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of investors and third-party analysts, and respectfully refer the Court to JP Morgan's November 1, 2019 report for its complete and accurate text, and respectfully refer the Court to MKM Partner's report for its complete and accurate text.

279.    Deny the allegations in Paragraph 279 of the Complaint, except admit that on November 4, 2019, WWE issued a release, and respectfully refer the Court to that release for its complete and accurate text.

280.    Deny the allegations in Paragraph 280 of the Complaint, except respectfully refer the Court to the publicly reported closing prices of WWE stock.

281.    Deny the allegations in Paragraph 281 of the Complaint.

282.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 of the Complaint, except respectfully refer the Court to the referenced November 5, 2019 Guggenheim Securities report for its complete and accurate text.

283.    Deny the allegations in Paragraph 283 of the Complaint, except admit that Defendant Barrios presented at a December 9, 2019 UBS Global TMT Conference, and respectfully refer the Court to the transcript of that conference for its complete and accurate text.

284.    Deny the allegations in Paragraph 284 of the Complaint.

285.    Deny the allegations in Paragraph 285 of the Complaint, except admit that Barrios presented at a January 7, 2020 Citi 2020 Global TMT West Conference, and respectfully refer the Court to the transcript of that conference for its complete and accurate text.

286.    Deny the allegations in Paragraph 286 of the Complaint, except admit that Barrios presented at a January 7, 2020 Citi 2020 Global TMT West Conference, and respectfully refer the Court to the transcript of that conference for its complete and accurate text.

287.    Deny the allegations in Paragraph 287 of the Complaint.

288.    Deny the allegations in Paragraph 288 of the Complaint, except admit that Barrios and Wilson left the Company on January 30, 2020, and respectfully refer the Court to the referenced *Forbes* article for its complete and accurate text.

289.    Deny the allegations in Paragraph 289 of the Complaint, except admit that WWE issued a release on January 30, 2020, and respectfully refer the Court to the release for its complete and accurate text.

290.    Deny the allegations in Paragraph 290 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volume of WWE stock.

291.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 of the Complaint, except respectfully refer the Court to the referenced source for its complete and accurate text.

292.    Deny the allegations in Paragraph 292 of the Complaint, except admit that the Company issued a release on February 6, 2020, and respectfully refer the Court to that press release for its complete and accurate text.

293.    Deny the allegations in Paragraph 293 of the Complaint, except admit that WWE held a February 6, 2020 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

294.    Deny the allegations in Paragraph 294 of the Complaint, except admit that WWE held a February 6, 2020 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

295.    Deny the allegations in Paragraph 295 of the Complaint, except admit that WWE held a February 6, 2020 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

296.     Deny the allegations in Paragraph 296 of the Complaint, except admit that WWE held a February 6, 2020 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

297.     Deny the allegations in Paragraph 297 of the Complaint, except admit that WWE held a February 6, 2020 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

298.     Deny the allegations in Paragraph 298 of the Complaint, except admit that WWE held a February 6, 2020 earnings call, and respectfully refer the Court to the transcript of that earnings call for its complete and accurate text.

299.     Deny the allegations in Paragraph 299 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volume of WWE stock.

300.     Deny the allegations in Paragraph 300 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the states of mind of third-party analysts, and respectfully refer the Court to the referenced Wolfe Research and Wells Fargo reports for their complete and accurate text.

301.     Deny the allegations in Paragraph 301 of the Complaint, except admit that WWE held an April 23, 2020 conference call, and respectfully refer the Court to the transcript of that call for its complete and accurate text.

302.     Deny the allegations in Paragraph 302 of the Complaint.

303.     Deny the allegations in Paragraph 303 of the Complaint.

304.    Deny the allegations in Paragraph 304 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what former WWE employees and others might have said.

305.    Deny that the allegations in Paragraph 305 of the Complaint present a fair and complete description of Carlo Nohra's Declaration and therefore deny the allegations therein, and respectfully refer the Court to the May 14, 2020 Declaration of Carlo Nohra (ECF No. 60-2) for its complete and accurate text.

306.    Deny that the allegations in Paragraph 306 of the Complaint present a fair and complete description of Carlo Nohra's Declaration and therefore deny the allegations therein, and respectfully refer the Court to the May 14, 2020 Declaration of Carlo Nohra (ECF No. 60-2) for its complete and accurate text.

307.    Deny that the allegations in Paragraph 307 present a fair and complete description of Andrew Warkman's Declaration and therefore deny the allegations therein, and respectfully refer the Court to the May 14, 2020 Declaration of Andrew Warkman (ECF No. 60-1) for its complete and accurate text.

308.    Deny the allegations in Paragraph 308 of the Complaint.

309.    Deny the allegations in Paragraph 309 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

310.    Deny the allegations in Paragraph 310 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

311.    Deny the allegations in Paragraph 311 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

312.    Deny the allegations in Paragraph 312 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-1 might have said.

313.    Deny that the allegations in Paragraph 313 of the Complaint present a fair and complete description of Defendants' statements, and therefore deny the allegations therein.

314.    Deny that the allegations in Paragraph 314 of the Complaint present a fair and complete description of Mark Kowal's Declaration and therefore deny the allegations therein, and respectfully refer the Court to the May 13, 2010 Declaration of Mark Kowal (ECF No. 60-19) for its complete and accurate text.

315.    Deny that the allegations in Paragraph 315 present a fair and complete description of Mark Kowal's Declaration and therefore deny the allegations therein, and respectfully refer the Court to the May 13, 2010 Declaration of Mark Kowal (ECF No. 60-19) for its complete and accurate text.

316.    Deny that the allegations in Paragraph 316 present a fair and complete description of Mark Kowal's Declaration and therefore deny the allegations therein, and respectfully refer the Court to the May 13, 2010 Declaration of Mark Kowal (ECF No. 60-19) for its complete and accurate text.

317.    Deny the allegations of Paragraph 317 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what a former wrestler might have said.

318.    Deny the allegations in Paragraph 318 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

319.    Deny the allegations of Paragraph 319 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

320.    Deny the allegations of Paragraph 320 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

321.    Deny the allegations of Paragraph 321 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

322.    Deny the allegations of Paragraph 322 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

323.    Deny the allegations of Paragraph 323 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the representations about what CW-2 might have said.

324.    Deny the allegations of Paragraph 324 of the Complaint.

325.    Deny that the allegations in Paragraph 325 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

326.    Deny the allegations in Paragraph 326 of the Complaint, except admit that WWE held a conference call on June 27, 2018, and respectfully refer the Court to the referenced source for its complete and accurate text.

327.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327 of the Complaint, except respectfully refer the Court to the referenced JP Morgan and Morgan Stanley investor reports for their complete and accurate text.

328.    Deny the allegations in Paragraph 328 of the Complaint, except to the extent the allegations purport to characterize WWE's business operations, deny the allegations in Paragraph 328 present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

329.    Deny that the allegations in Paragraph 329 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except admit WWE issued a July 25, 2019 release, and respectfully refer the Court to that release for its complete and accurate text.

330.    Deny that the allegations in Paragraph 330 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein, except respectfully refer the Court to the cited article for its complete and accurate text.

331.    Deny that the allegations in Paragraph 331 of the Complaint present a fair and complete description of WWE's business operations and therefore deny the allegations therein.

332.    Deny the allegations of Paragraph 332 of the Complaint.

333.    Deny the allegations of Paragraph 333 of the Complaint.

334.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 of the Complaint.

335.    Deny the allegations of Paragraph 335 of the Complaint, except to the extent the allegations describe Plaintiff's purported analysis, deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335.

336.    Deny the allegations of Paragraph 336 of the Complaint.

337.    Deny the allegations in Paragraph 337 of the Complaint, except admit that Form 4s were filed on or around March 29, 2019 and July 22, 2019, and respectfully refer the Court to those documents for their complete and accurate text.

338.    Deny the allegations in Paragraph 338 of the Complaint, except admit that a Form 4 was filed on or around August 9, 2019, and respectfully refer the Court to that document for its complete and accurate text.

339.    Deny the allegations in Paragraph 339 of the Complaint, except admit that Form 4s were filed on or around February 28, 2019 and July 23, 2019, and respectfully refer the Court to those documents for their complete and accurate text.

340.    Deny the allegations of Paragraph 340 of the Complaint.

341.    Deny that the allegations in Paragraph 341 of the Complaint present a fair and complete description of Defendants' stock sales, and deny them on that basis.

342.     Deny that the allegations in Paragraph 342 of the Complaint present a fair and complete description of Defendants' stock sales, and deny them on that basis.

343.     Deny that the allegations in Paragraph 343 of the Complaint present a fair and complete description of Defendants' stock sales, and deny them on that basis.

344.     Deny that the allegations in Paragraph 344 of the Complaint present a fair and complete description of Defendants' stock sales, and deny them on that basis.

345.     Deny the allegations of Paragraph 345 of the Complaint.

346.     Deny the allegations of Paragraph 346 of the Complaint, except admit that a Form 4 was filed on or around March 29, 2019, and respectfully refer the Court to that document for its complete and accurate text.

347.     Deny the allegations of Paragraph 347 of the Complaint.

348.     Deny the allegations in Paragraph 348 of the Complaint.

349.     Deny the allegations in Paragraph 349 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

350.     Deny the allegations in Paragraph 350 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

351.     Deny the allegations in Paragraph 351 of the Complaint, except to the extent the allegations refer to Defendants, deny that the allegations in Paragraph 351 of the Complaint present a fair and complete description of Defendants' stock sales and therefore deny the allegations therein, and except to the extent the allegations do not refer to Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

352.    Deny the allegations in Paragraph 352 of the Complaint, except respectfully refer the Court to the Form 4 filed on or around March 29, 2019 for its complete and accurate text.

353.    Deny the allegations in Paragraph 353 of the Complaint.

354.    Deny the allegations in Paragraph 354 of the Complaint, except admit that WWE issued a press release on January 30, 2020, and respectfully refer the Court to that press release for its complete and accurate text, and except respectfully refer the Court to the cited *Forbes* article for its complete and accurate text,

355.    Deny the allegations in Paragraph 355 of the Complaint, except respectfully refer the Court to the publicly reported closing prices of WWE stock.

356.    Deny the allegations in Paragraph 356 of the Complaint.

357.    Deny the allegations in Paragraph 357 of the Complaint.

358.    Deny the allegations in Paragraph 358 of the Complaint, except admit that Vincent K. McMahon was a WWE shareholder, served as the Company's CEO, and was Chairman of the Board.

359.    Deny the allegations in Paragraph 359 of the Complaint, except respectfully refer the Court to WWE's January 30, 2020 announcement for its complete and accurate text, and except admit that George A. Barrios was a Co-President of WWE and a member of its Board of Directors during a portion of the alleged Class Period.

360.    Deny the allegations in Paragraph 360 of the Complaint, except respectfully refer the Court to WWE's January 30, 2020 announcement for its complete and accurate text, and except admit that Michelle D. Wilson was a Co-President of WWE and a member of its Board of Directors during a portion of the alleged Class Period.

361.    Deny the allegations in Paragraph 361 of the Complaint.

362.    Deny the allegations in Paragraph 362 of the Complaint.

363.    Deny the allegations in Paragraph 363 of the Complaint.

364.    Deny the allegations in Paragraph 364 of the Complaint, except admit that WWE is a publicly held company whose common stock was registered with the Securities and Exchange Commission and traded on the NYSE.

365.    Deny the allegations in Paragraph 365 of the Complaint.

366.    Deny the allegations in Paragraph 366 of the Complaint.

367.    Deny the allegations in Paragraph 367 of the Complaint.

368.    Deny the allegations in Paragraph 368 of the Complaint.

369.    Deny the allegations in Paragraph 369 of the Complaint.

370.    Deny the allegations in Paragraph 370 of the Complaint, except admit that Defendants Barrios and Wilson left WWE on January 30, 2020, and respectfully refer the Court to WWE's earnings statements and releases for their complete and accurate text.

371.    Deny the allegations in Paragraph 371 of the Complaint, except respectfully refer the Court to WWE's April 25, 2019 Quarterly Report for its complete and accurate text.

372.    Deny the allegations in Paragraph 372 of the Complaint, except respectfully refer the Court to WWE's April 25, 2019 Quarterly Report for its complete and accurate text.

373.    Deny the allegations in Paragraph 373 of the Complaint.

374.     Deny the allegations in Paragraph 374 of the Complaint, except respectfully refer the Court to WWE's October 31, 2019 third-quarter financial statements for their complete and accurate text.

375.     Deny the allegations in Paragraph 375 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volumes of WWE stock.

376.     Deny the allegations in Paragraph 376 of the Complaint.

377.     Deny the allegations in Paragraph 377 of the Complaint, except admit that Defendants Barrios and Wilson left WWE on January 30, 2020, and respectfully refer the Court to WWE's January 30, 2020 announcement and earnings release for the quarter ended September 30, 2019 for their complete and accurate text, and except respectfully refer the Court to the cited *Forbes* article for its complete and accurate text.

378.     Deny the allegations in Paragraph 378 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volumes of WWE stock.

379.     Deny the allegations in Paragraph 379 of the Complaint.

380.     Deny the allegations in Paragraph 380 of the Complaint, except admit that WWE issued a February 6, 2020 release and held a February 6, 2020 earnings call, and respectfully refer the Court to that release and to the transcript of that earnings call for their complete and accurate text.

381.     Deny the allegations in Paragraph 381 of the Complaint, except respectfully refer the Court to the publicly reported closing prices and volumes of WWE stock.

382.    Deny the allegations in Paragraph 382 of the Complaint.

383.    Deny the allegations in Paragraph 383 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

384.    Deny the allegations in Paragraph 384 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

385.    Deny the allegations in Paragraph 385 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required, except respectfully refer the Court to WWE's Form 10-K filed on February 7, 2020 for its complete and accurate text.

386.    Deny the allegations in Paragraph 386 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

387.    Deny the allegations in Paragraph 387 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

388.    Deny the allegations in Paragraph 388 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

389.    Deny the allegations in Paragraph 389 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

390.    Deny the allegations in Paragraph 390 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

391.    Deny the allegations in Paragraph 391 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

392.    Deny the allegations in Paragraph 392 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

393.     Deny the allegations in Paragraph 393 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

394.     Deny the allegations in Paragraph 394 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

395.     Deny the allegations in Paragraph 395 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

396.     Deny the allegations in Paragraph 396 of the Complaint, which, *inter alia*, constitute legal conclusions to which no response is required.

397.     Repeat and incorporate by reference herein Defendants' responses to ¶¶ 1-396 of the Complaint, and otherwise deny the allegations in Paragraph 397 of the Complaint.

398.     Aver that the allegations in Paragraph 398 of the Complaint contain Plaintiff's description of its own claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 398.

399.     Deny the allegations in Paragraph 399 of the Complaint.

400.     Deny the allegations in Paragraph 400 of the Complaint.

401.     Deny the allegations in Paragraph 401 of the Complaint.

402.     Deny the allegations in Paragraph 402 of the Complaint.

403.     Deny the allegations in Paragraph 403 of the Complaint.

404.     Deny the allegations in Paragraph 404 of the Complaint.

405.     Deny the allegations in Paragraph 405 of the Complaint.

406.    Repeat and incorporate by reference herein Defendants' responses to ¶¶ 1-405 of the Complaint, and otherwise deny the allegations in Paragraph 406 of the Complaint.

407.    Aver that the allegations in Paragraph 407 of the Complaint contain Plaintiff's description of its own claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 407.

408.    Deny the allegations in Paragraph 408 of the Complaint.

409.    Deny the allegations in Paragraph 409 of the Complaint.

410.    Deny the allegations in Paragraph 410 of the Complaint.

411.    Deny the allegations in Paragraph 411 of the Complaint.

412.    Deny the allegations in Paragraph 412 of the Complaint.

Answering Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to relief against Defendants.

The Defendants admit that the Plaintiff purports to demand a jury trial.

### ADDITIONAL DEFENSES

As additional defenses, Defendants allege, assert, and aver the following, which apply to each and every cause of action asserted in the Complaint against Defendants to which such defense is or may be applicable.  By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them.  Defendants also do not concede that facts contrary to one or more of the averments that follow would support liability as to Defendants.  Defendants reserve all rights to assert other defenses as appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to plead facts underlying the alleged fraudulent conduct with sufficient particularity as required by Federal Rule of Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's and any putative class members' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable because they made no misrepresentations and/or omissions of material fact upon which Plaintiff relied; did not employ any device, scheme, or artifice to defraud; and did not engage in any act, practice, or course of business that operated or would operate as fraud or deceit on any person.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are not liable because Defendants did not make any statements or omissions of material fact that they knew or deliberately or recklessly disregarded to be misleading.

## SIXTH AFFIRMATIVE DEFENSE

Defendants are not liable because any alleged misstatements by Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable because they neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not, individually or in concert, directly or indirectly, use instrumentalities of interstate commerce and/or the mails to engage and/or participate in a continuous course of conduct to conceal adverse material information about the business, operations, and future prospects of WWE and/or to mislead and defraud others.

## NINTH AFFIRMATIVE DEFENSE

Defendants are not liable to the extent that the alleged misstatements and omissions attributed to Defendant in the Complaint were not made in connection with the purchase or sale of any securities by the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not properly maintained as a class action.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable under Section 10(b) of the Exchange Act because they did not act with the requisite mental state or scienter.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and any putative class members' claims are barred, in whole or in part, because Plaintiff and any putative class members did not reasonably rely on any allegedly false or misleading statement or omission of material fact, and neither the "fraud-on-the-market" nor any other presumption of reliance is available in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any putative class members are not entitled to any recovery from the Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, were not material to the investment decisions of a reasonable investor.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and any putative class members' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and members of the putative class are not entitled to any recovery from the Defendants because Plaintiff and the putative class would have purchased WWE securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims purportedly asserted by Plaintiff and the putative class are barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

### SEVENTEETH AFFIRMATIVE DEFENSE

The claims purportedly asserted by Plaintiff and the putative class are barred, in whole or in part, because Defendants' conduct did not actually or proximately cause it damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims purportedly asserted by Plaintiff and the putative class are barred, in whole or in part, because its alleged losses were the result of intervening causes not under Defendants' control.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to its requested amount, or rate, of prejudgment interest.

## TWENTIETH AFFIRMATIVE DEFENSE

Any portion of, or all of, Plaintiff's alleged damages resulting from alleged violations of Section 10(b) of the Exchange Act shall be limited as set forth in 15 U.S.C. § 78u-4(e).

## ADDITIONAL DEFENSES RESERVED

Defendants hereby give notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for relief and judgment:

A. Denying Plaintiff the relief sought in the Complaint;

B. Dismissing the Complaint with prejudice;

C. Ordering that Plaintiff takes nothing and that judgment be entered against Plaintiff;

D. Awarding Defendants costs and expenses, including counsel and expert fees; and

E. Granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
           August 28, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP

By:   /s/ Theodore V. Wells, Jr.
       Theodore V. Wells, Jr.

Theodore V. Wells, Jr.
Daniel J. Kramer
Richard C. Tarlowe
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
twells@paulweiss.com
dkramer@paulweiss.com
rtarlowe@paulweiss.com

Justin Anderson
2001 K Street NW
Washington, DC 20006-1047
(202) 223-7300
janderson@paulweiss.com

*Attorneys for Defendants World Wrestling
Entertainment, Inc., Vincent K. McMahon,
George A. Barrios, and Michelle D. Wilson*