UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS and MICHELLE D. WILSON,<br><br>     Defendants. | Civil Action No.<br>1:20-cv-02031-JSR |

## [PROPOSED] PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1.     Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)    confidential proprietary, financial, customer, client, or commercial information; confidential commercial agreements or transactional documents; or nonpublic research or business development;

(c)    previously nondisclosed material relating to ownership or control of any non-public company;

(d)    previously nondisclosed and/or confidential business plans, strategic plans, commercial plans, product development information, or marketing plans;

(e)    any information of a personal or intimate nature regarding any individual;

(f)    any information kept confidential pursuant to law or regulation; or

(g)    any other category of information hereinafter given confidential status by the Court.

3.    The person producing any given Discovery Material may designate as Highly Confidential only such portion of such material as is deemed in good faith by the disclosing party to consist of:

(a)    highly sensitive personal information, the disclosure of which is highly likely to cause significant harm to an individual;

2

(b)    highly sensitive business information, such as trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers;

(c)    any other material the producing party believes in good faith would not otherwise be adequately protected under the procedures set forth herein if designated Confidential;

(d)    information to which applicable law—foreign or domestic—requires the equivalent of "Highly Confidential" treatment; or

(e)    any other category of information hereinafter given Highly Confidential status by the Court.

4.    With respect to the Confidential portion of any Discovery Material or Highly Confidential other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or "Highly Confidential" information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential or Highly Confidential to any other person whomsoever, except to:

(a)      the parties to this action, and representatives, employees, officers, and directors of the parties to the extent such persons are assisting in the prosecution or defense of this action, provided that any such natural persons (other than outside counsel engaged for this action as defined in Section 6(b)) has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(b)      outside counsel engaged for this action, including but not limited to their regular and temporary paralegals, document review attorneys, technical, administrative, and clerical employees, and any other assistant employed by or retained by such counsel and assigned to this matters;

(c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, or who had access to the document in the normal course of business;

(d)      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

4

(e)     any person (and that person's staff) retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person (and that person's staff) has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     Court reporters, stenographers, or video operators who record and/or transcribe depositions or testimony in this action;

(g)     the Court and its support personnel;

(h)     Special masters and/or mediators appointed by the Court or retained by the parties;

(i)     Litigation support consultants and vendors who provide litigation support services (*e.g.*, photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstratives, etc.);

(j)     Any insurer and such insurer's outside counsel participating in matters related to this Action and their legal, clerical, or support staff, including temporary or contract staff; and

(k)     Any person expressly named and agreed to in writing by the producing party or by order of the Court.

7.     Discovery Material designated as Highly Confidential that is disclosed during the course of discovery in this action may not be disclosed to any persons listed in paragraphs 6(a) or 6(d) of this Order, including in-house counsel for a party. All other provisions of this Order that apply to Discovery Material designated Confidential shall apply to Discovery Material designated Highly Confidential.

8.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(a), 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      All Confidential Discovery Material or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material or Highly Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material or Highly Confidential Discovery Material.

10.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or Highly Confidential Document or information contained in any Confidential Document or Highly Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12.     Each person who has access to Discovery Material or Highly Confidential Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log as

7

required by governing orders, stipulation among the parties, and rules with respect to the Inadvertently Disclosed Information.

16. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: September 16, 2020

**Labaton Sucharow LLP**

By: _Carol Villegas_
Carol C. Villegas (CV-7950)
Christine M. Fox (CF-2910)
Domenico Minerva (DM-6849)
Ross Kamhi (RK-1086)
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477
Email:    cvillegas@labaton.com
          cfox@labaton.com

dminerva@labaton.com
rkamhi@labaton.com

*Counsel for Lead Plaintiff Firefighters'*
*Pension System of the City of Kansas City,*
*Missouri Trust and the Proposed Class*

**Paul, Weiss, Rifkind, Wharton & Garrison**
**LLP**

By: _____
Theodore V. Wells, Jr.
Daniel J. Kramer
Richard C. Tarlowe
1285 6th Avenue
New York, NY 10019
(212) 373-3089
twells@paulweiss.com
dkramer@paulweiss.com
rtarlowe@paulweiss.com

Justin Anderson
Melissa F. Zappala
2001 K Street NW
Washington, DC 20006
(202) 223-7321
janderson@paulweiss.com
mzappala@paulweiss.com

*Attorneys for Defendants World Wrestling*
*Entertainment, Inc., Vincent K. McMahon,*
*George A. Barrios, and Michelle D. Wilson*

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED:      New York, New York

_____

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CITY OF WARREN POLICE AND FIRE
RETIREMENT SYSTEM, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

    vs.

WORLD WRESTLING ENTERTAINMENT,
INC., VINCENT K. McMAHON, GEORGE A.
BARRIOS and MICHELLE D. WILSON,

        Defendants.

Civil Action No.
1:20-cv-02031-JSR

---

I, _____, acknowledge that I have read and understand the Protective

Order in this action governing the non-disclosure of those portions of Discovery Material that

have been designated as Confidential or Highly Confidential. I agree that I will not disclose such

Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this

litigation as specific in the Protective Order and that at the conclusion of the litigation I will

return all such Confidential or Highly Confidential Discovery Material to the party or attorney

from whom I received it, or destroy it. By acknowledging these obligations under the Protective

Order, I understand that I am submitting myself to the jurisdiction of the United States District

Court for the Southern District of New York for the purpose of any issue or dispute arising

hereunder and that my willful violation of any term of the Protective Order could subject me to

punishment for contempt of Court.

Dated: _____        _____

                                        [signature]