UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON,<br><br>Defendants. | Civil Action No. 1:20-cv-02031-JSR |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.    On December 22, 2020, Firefighters' Pension System of the City of Kansas City, Missouri Trust ("Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class, on the one hand, and World Wrestling Entertainment, Inc. ("WWE" or the "Company"), Vincent K. McMahon, George A. Barrios, and Michelle D. Wilson (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Amended Class Action Complaint, filed on June 8, 2020, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, _____ that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of WWE during the period from February 7, 2019 through February 5, 2020, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an officer or director of WWE during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) WWE's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.  Also excluded from the Settlement Class are those

Persons who or which have timely and validly sought exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Firefighters' Pension System of the City of Kansas City, Missouri Trust is preliminarily certified as Class Representative for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on _____, 2021, at __:____ _.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)      to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the

Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

       (f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

7.     The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.      The Court approves the retention of Epiq Class Action and Claims Solutions, Inc. as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. WWE, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, as soon as practicable after entry of this Preliminary Approval Order, records from the WWE's transfer agents in electronic searchable form, to the extent readily available, showing the names and addresses of registered shareholders who or which purchased or otherwise acquired the publicly traded common stock of WWE during the Class Period.

9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired WWE publicly traded common stock during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Notice to their

beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

10.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

11.     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the

Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than five (5) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the

claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

          (c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *City of Warren Police and Fire Retirement System v. World Wrestling Entertainment, Inc. et al.,* No. 1:20-cv-02031-JSR (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of WWE publicly traded common stock during the Class Period.  The request for exclusion shall not be effective unless it provides

the required information and is made within the time stated above, or the exclusion is otherwise

accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement

Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in

the Stipulation and Notice.

17.     Any Settlement Class Member who does not request exclusion from the

Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or

Lead Counsel's application for attorneys' fees and expenses.  Any objections must state the

name, address, telephone number, and e-mail address of the objector and must be signed by the

objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or

application for attorneys' fees and Litigation Expenses in *City of Warren Police and Fire*

*Retirement System v. World Wrestling Entertainment, Inc. et al.,* No. 1:20-cv-02031-JSR

(S.D.N.Y.); (c) the objection(s) and the specific reasons for each objection, including whether it

applies only to the objector, to a specific subset of the Settlement Class, or to the entire

Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class

Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove

the objector's membership in the Settlement Class, such as the number of shares of publicly

traded common stock of WWE purchased, acquired, and sold during the Class Period, as well as

the dates and prices of each such purchase, acquisition, and sale.  The Court will consider any

Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the

application for an award of attorneys' fees or expenses only if such Settlement Class Member

has served by hand or by mail his, her or its written objection and supporting papers, such that

they are received on or before twenty-one (21) calendar days before the Settlement Hearing,

upon Lead Counsel: Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Neil P. Kelly, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, including the briefing and argument of Lead Plaintiff's motion to certify a class (ECF

No. 85), other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiff's Claims against the Released Defendant Parties.

20.     As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $250,000 without further approval from Defendants and without further order of the Court.

21.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.     No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead

Counsel or Lead Plaintiff and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 18, 2020.

26.    Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is

approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

27.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of  _____, 2020

BY THE COURT:

_____
Honorable Jed S. Rakoff
UNITED STATES DISTRICT JUDGE

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br>                    Plaintiff, <br><br>         vs. <br><br> WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON, <br><br>                    Defendants. | Civil Action No. 1:20-cv-02031-JSR |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased or otherwise acquired the publicly traded common stock of World Wrestling Entertainment, Inc. ("WWE" or the "Company") during the period from February 7, 2019 through February 5, 2020, inclusive, and were damaged thereby, you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $39 million cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.95 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.77 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Firefighters' Pension System of the City of Kansas City, Missouri Trust (the "Lead Plaintiff") that have been asserted on behalf of the Settlement Class (defined below) against WWE, Vincent K. McMahon, George A. Barrios, and Michelle D. Wilson (collectively, "Defendants").  It

---

[1]     The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated December 22, 2020 (the "Stipulation"), which can be viewed at www._____.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2021** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2021** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
| **OBJECT BY _____, 2021** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2021 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2021** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

### WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice                                              Page ___
Why did I get this Notice?                                               Page ___
How do I know if I am part of the Settlement Class?                      Page ___
Are there exceptions to being included?                                  Page ___
Why is this a class action?                                             Page ___
What is this case about and what has happened so far?                    Page ___
What are the reasons for the Settlement?                                 Page ___
What does the Settlement provide?                                        Page ___
How can I receive a payment?                                             Page ___

What am I giving up to receive a payment and by staying in the
  Settlement Class?     Page __
How do I exclude myself from the Settlement Class?     Page __
If I do not exclude myself, can I sue Defendants and the other
  Released Defendant Parties for the same reasons later?     Page __
Do I have a lawyer in this case?     Page __
How will the lawyers be paid?     Page __
How do I tell the Court that I do not like something about the
  proposed Settlement?     Page __
What is the difference between objecting and seeking exclusion?     Page __
When and where will the Court decide whether to approve the
  Settlement?     Page __
Do I have to come to the Settlement Hearing?     Page __
May I speak at the Settlement Hearing?     Page __
What happens if I do nothing at all?     Page __
Are there more details about the Settlement?     Page __
How will my claim be calculated?     Page __
Special notice to securities brokers and nominees.     Page __

## PSLRA SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.     Lead Plaintiff has entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety. Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $39,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Lead Plaintiff's damages expert's estimate of the number of shares of WWE publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.95 per allegedly damaged share.[2] If the

---

[2]   An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.77 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of WWE publicly traded common stock the Settlement Class Member purchased or acquired during the Class Period; and (iv) whether and when the Settlement Class Member sold WWE publicly traded common stock.  *See* the Plan of Allocation beginning on page [___] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim. The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the price of WWE publicly traded common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged fraud, such as general market, economic, and industry conditions, influenced the trading prices of WWE publicly traded common stock during the Class Period.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 18% of the Settlement Fund, which includes any accrued interest, or $7,020,000, plus accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $550,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.18 per allegedly damaged share of WWE publicly traded common stock.  A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.      Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.      Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____) ____-____, www._____com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
|---|

9.      The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired WWE publicly traded common stock during the period from February 7, 2019 through February 5, 2020, inclusive (the "Class Period"). **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.** *See* **Question 8 below.**

10.      The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.      The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *City of Warren Police and Fire Retirement System v. World Wrestling Entertainment, Inc. et al.,* Civil Action No. 1:20-cv-02031-JSR.   The Action is assigned to the Honorable Jed. S. Rakoff, United States District Judge.

| 2.  How do I know if I am part of the Settlement Class? |
|---|

12.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

**All persons and entities who or which purchased or otherwise acquired the publicly traded common stock of WWE during the period from February 7, 2019 through February 5, 2020, inclusive, and were damaged thereby.**

13.     If one of your mutual funds purchased WWE publicly traded common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or acquired WWE publicly traded common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.  The Parties do not independently have access to your trading information.

**3.  Are there exceptions to being included?**

14.     Yes.   There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an officer or director of WWE during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) WWE's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.  Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

### 4.  Why is this a class action?

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Firefighters' Pension System of the City of Kansas City, Missouri Trust to serve as Lead Plaintiff and has appointed Labaton Sucharow LLP to serve as Lead Counsel.

### 5.  What is this case about and what has happened so far?

16.     WWE is a sports-entertainment company, primarily known for its brand of professional wrestling.  In recent years, the Company generated revenue from the production of original content, which it distributed to television providers around the world and on the Company's own streaming network.  The Company's growth as a media company was allegedly fueled by the WWE's expansion internationally.  In the Action, Lead Plaintiff alleged that Defendants made materially false and misleading statements and omissions with respect to WWE's (i) "renewal" of a media rights agreement in the Middle East and North Africa ("MENA") region with Orbit Showtime Network ("OSN"), and (ii) ability to obtain a new media rights agreement with the Saudi government.  Lead Plaintiff alleged that such statements were false and misleading because (i) senior WWE officials have since admitted that the agreement with OSN was terminated early and that renewal of the agreement was not possible, and (ii) WWE and the Middle East Broadcasting Company ("MBC")—owned and controlled by the Saudi government and negotiating on the Saudi government's behalf—were worlds apart in negotiations on the MENA media rights deal, including after the WWE's made statements about

an "agreement in principle" in July 2019.  Lead Plaintiff further alleged that the price of WWE publicly traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and that the price declined when the truth was allegedly revealed through a series of partial revelations.

17.     In March 2020, two related proposed class actions were filed in the United States District Court for the Southern District of New York (the "Court") alleging violations of the federal securities laws.  On May 12, 2020 the Court consolidated the related actions into this Action, *City of Warren Police and Fire Retirement System v. World Wrestling Entertainment, Inc. et al.,* Civil Action No. 1:20-cv-02031-JSR.

18.     On May 22, 2020, the Court appointed Firefighters' Pension System of the City of Kansas City, Missouri Trust as Lead Plaintiff and Labaton Sucharow as Lead Counsel.

19.     On June 8, 2020, Lead Plaintiff filed the Consolidated Amended Class Action Complaint (the "Complaint") asserting claims against WWE, Vince McMahon, Michelle Wilson, and George Barrios under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and against the Individual Defendants under Section 20(a) of the Exchange Act.

20.     On June 26, 2020, Defendants filed a motion to dismiss the Complaint, and on July 14, 2020, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss. On July 21, 2020, Defendants filed their reply memorandum of law and, on July 30, 2020, the Court heard oral argument on Defendants' motion to dismiss.  On August 6, 2020, the Court denied Defendants' motion to dismiss.

21.     On August 19, 2020, the Court entered in the Case Management Plan, with a trial ready date of February 22, 2021.  On August 28, 2020, Defendants filed their Answer to the Complaint.

22.     On October 6, 2020, Lead Plaintiff filed its motion for class certification and

appointment of class counsel, which was accompanied by a report from Lead Plaintiff's expert on market efficiency and common damages methodologies. On November 3, 2020, Defendants filed their opposition to Lead Plaintiff's motion for class certification and appointment of class counsel. Briefing on the motion was ongoing when the Parties agreed to settle.

23.     Before agreeing to a settlement, Lead Plaintiff, through Lead Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action, and engaged in extensive fact discovery. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, WWE earnings call transcripts, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) declarations provided by WWE to Lead Counsel; and (vi) the applicable law governing the claims and potential defenses. Through its own internal investigation and the assistance of the investigative firm Gryphon Strategies, Lead Counsel also identified approximately 293 former WWE employees and other persons with relevant knowledge, contacted 179, and interviewed 71 of them (two of whom were cited in the Complaint as confidential witnesses). Lead Counsel also consulted with experts on: (i) damages and loss causation issues; (ii) insider trading; and (iii) sports, entertainment, and media broadcasting. The Parties' formal discovery included, among other things, Lead Counsel's review and analysis of more than 822,000 pages of documents produced by Defendants and more than 258,000 pages of documents produced in connection with third-party discovery; Lead Plaintiff's production of more than 29,900 pages of documents, which included documents produced by Lead Plaintiff's

relevant non-party investment manager, Lead Plaintiff's custodian, and Lead Plaintiff's investment consultant; and taking or defending six depositions.

24.     Lead Plaintiff and Defendants engaged Robert A. Meyer of JAMS, a well-respected and experienced mediator, to assist them in exploring a potential negotiated resolution of the Action.  On November 17 and 18, 2020, Lead Plaintiff and Defendants participated in a two-day mediation in an attempt to reach a settlement.  In advance of the two-day session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits.  The Parties reached an agreement to settle the Action at the conclusion of the two-day mediation session, which was memorialized in a Term Sheet executed and finalized on November 18, 2020, subject to the execution of a "customary long form" stipulation and agreement of settlement and related papers.

**6.  What are the reasons for the Settlement?**

25.     The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement.  Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

26.     Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Complaint, and specifically

deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; that the prices of WWE's publicly traded common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that Members of the Settlement Class were harmed by the conduct alleged.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

### THE SETTLEMENT BENEFITS

| 7.  What does the Settlement provide? |
|---|

27.     In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $39 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| 8.  How can I receive a payment? |
|---|

28.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You may also obtain one from the website dedicated to the Settlement: www._____.com, or from Lead Counsel's website: www.labaton.com, or submit a claim online at www._____.com.  You

can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (_____) ____-_____.

29.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2021.**

<hr>

**9.  What am I giving up to receive a payment and by staying in the Settlement Class?**

<hr>

30.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties."   All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Plaintiff's Claims"** mean any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), whether arising under federal, state, common, or foreign law, that (a) were asserted in the Action, or (b) could have been asserted in the Action or in any forum, domestic or foreign, that arise out of, are based upon, or relate to in any way to both (i) the purchase, sale, acquisition, or disposition of WWE publicly traded common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action. For the avoidance of doubt, Released Plaintiff's Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims in any present or future shareholder derivative litigation, including, without limitation, *Merholz v. McMahon*, No. 20-cv-00557 (D. Conn.), *Kooi v. McMahon*, No. 20-cv-00743 (D. Conn.), *Nordstrom v. McMahon*, No. 20-cv-00904 (D. Conn.), *Leavy v. World Wrestling, Inc.*,

No. 2020-0907 (Del. Ch.); and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

(b)     **"Released Defendant Parties"** mean Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors, and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, insurers; the Spouses, members of the Immediate Families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their Immediate Family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

(c)     "**U**nknown Claims" mean any and all Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of

common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which

provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts,

legal theories, or authorities in addition to or different from those which any of them now knows

or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and

the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully,

finally, and forever settle and release, and each Settlement Class Member shall be deemed to

have settled and released, and upon the Effective Date and by operation of the Judgment or

Alternative Judgment shall have settled and released, fully, finally, and forever, any and all

Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to

the subsequent discovery or existence of such different or additional facts, legal theories, or

authorities.  Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members

by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown

Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was

separately bargained for and was a material element of the Settlement.

31.     The "Effective Date" will occur when an Order entered by the Court approving

the Settlement becomes Final and is not subject to appeal.

32.     Upon the "Effective Date," Defendants will also provide a release of any claims

against Lead Plaintiff and the Settlement Class arising out of or related to the institution,

prosecution, or settlement of the claims in the Action.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

33.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
| --- |

34.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *City of Warren Police and Fire Retirement System v. World Wrestling Entertainment, Inc. et al.,* No. 1:20-cv-02031-JSR (S.D.N.Y.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of WWE publicly traded common stock the person or entity purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than _____, 2021** at:

> *WWE Securities Litigation*
> c/o _____
> P.O. Box _____
> _____

35.     This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be

valid.

36.      If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| **11.** | **If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?** |
|---|---|

37.      No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2021.**

## THE LAWYERS REPRESENTING YOU

| **12.  Do I have a lawyer in this case?** |
|---|

38.      Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13.  How will the lawyers be paid?** |
|---|

39.      Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel will seek an attorneys' fee award of no more than

18% of the Settlement Fund, or $7,020,000, plus accrued interest.  Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $550,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of the Lead Plaintiff directly related to its representation of the Settlement Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.  How do I tell the Court that I do not like something about the proposed Settlement?**

40.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

41.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*City of Warren Police and Fire Retirement System v. World Wrestling Entertainment, Inc. et al.,* No. 1:20-cv-02031-JSR (S.D.N.Y.)."  The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents

sufficient to show the objector's membership in the Settlement Class, including the number of shares of publicly traded common stock, acquired, and sold during the Class Period as well as the dates and prices of each such purchase, acquisition, and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court **no later than _____, 2021 and** be mailed or delivered to the following counsel so that it is **received no later than** _____, 2021:

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court** | **Labaton Sucharow LLP** | **Paul, Weiss, Rifkind,** |
| United States District Court | Carol C. Villegas Esq. | **Wharton & Garrison LLP** |
| Southern District of New York | 140 Broadway | Neil P. Kelly, Esq. |
| Daniel Patrick Moynihan U.S. | New York, NY 10005 | 1285 Avenue of the Americas |
| Courthouse | | New York, NY 10019 |
| 500 Pearl Street | | |
| New York, NY 10007 | | |

42.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

## 15.  What is the difference between objecting and seeking exclusion?

43.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If

you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

| **16.  When and where will the Court decide whether to approve the Settlement?** |
| --- |

44.     The Court will hold the Settlement Hearing on _____, 2021 at _____ _.m., either remotely or in person, in Courtroom 14B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

45.     At this hearing, the Honorable Jed S. Rakoff will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

46.     The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www._____.com to see if the Settlement Hearing stays as scheduled or is changed.

| **17.  Do I have to come to the Settlement Hearing?** |
| --- |

47.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own

lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2021**.

| **18.  May I speak at the Settlement Hearing?** |
|---|

48.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2021,** submit a statement that you, or your attorney, intend to appear in "*City of Warren Police and Fire Retirement System v. World Wrestling Entertainment, Inc. et al.,* No. 1:20-cv-02031-JSR (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

| **19.  What happens if I do nothing at all?** |
|---|

49.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the

Released Plaintiff's Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

| 20.  Are there more details about the Settlement? |
| --- |

50.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

51.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www._____.com, or the website of Lead Counsel, www.labaton.com.  You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *WWE Securities Litigation,* c/o_____.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 21.  How will my claim be calculated? |
| --- |

52.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it

without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: _____ and at www.labaton.com.

53.    As noted above, the Settlement Amount and the interest it earns is the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court).  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

54.    The objective of this Plan of Allocation is to distribute the Net Settlement Fund among claimants who allegedly suffered economic losses as a result of the alleged wrongdoing. To design this Plan, Lead Counsel conferred with Lead Plaintiff's damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiff and Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the claimant purchased or acquired WWE publicly traded common stock; and (iii) whether and when the claimant sold his, her, or its shares of WWE publicly traded common stock.  The computations under the Plan of Allocation are only a

method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

55. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Class Period, which allegedly artificially inflated the price of WWE publicly traded common stock. It is alleged that corrective information released to the market on April 25, 2019 (prior to market open), October 31, 2019 (prior to market open), January 30, 2020 (after market close), and February 6, 2020 (prior to market open), impacted the market price of WWE publicly traded common stock on April 25, 2019, October 31, 2019, January 31, 2020, and February 6, 2020, in a statistically significant manner and removed the alleged artificial inflation from the share price on those days after the release of the allegedly corrective information. Accordingly, in order to have a compensable loss in this Settlement, the shares of WWE publicly traded common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosure dates listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

56. For purposes of determining whether a claimant has a "Recognized Claim," if a Settlement Class Member has more than one purchase/acquisition or sale of WWE publicly traded common stock during the Class Period, all purchases/acquisitions and sales will be matched on a "First in First Out" (FIFO) basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in

chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

57.     A "Recognized Loss Amount" will be calculated for each purchase of WWE publicly traded common stock during the Class Period from February 7, 2019 through February 5, 2020 that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number will be set to zero.

58.     For each share of WWE publicly traded common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on May 5, 2020, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

59.     **For each share of WWE publicly traded common stock purchased or acquired from February 7, 2019 through and including February 5, 2020, and**:

A.  Sold before the opening of trading on April 25, 2019, the Recognized Loss Amount for each such share shall be zero.

B.  Sold after the opening of trading on April 25, 2019 through the close of trading on February 5, 2020, the Recognized Loss Amount for each such share shall be ***the lesser of***:

   1.  the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

   2.  the Out of Pocket Loss.

C.  Sold after the close of trading on February 5, 2020 and before the close of trading on May 5, 2020, the Recognized Loss Amount for each such share shall be ***the least of***:

   1.  the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    2.   the actual purchase/acquisition price of each such share *minus* the average closing price from February 6, 2020, up to the date of sale as set forth in **Table 2** below; or

    3.   the Out of Pocket Loss.

D.   Held as of the close of trading on May 5, 2020, the Recognized Loss Amount for each such share shall be ***the lesser of***:

    1.   the dollar amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    2.   the actual purchase/acquisition price of each such share *minus* $40.61.[3]

## TABLE 1

**WWE Publicly Traded Common Stock Artificial Inflation
for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 7, 2019 – April 24, 2019 | $6.02 |
| April 25, 2019 – July 24, 2019 | $5.89 |
| July 25, 2019 – October 30, 2019 | $11.17 |
| October 31, 2019 – January 30, 2020 | $7.44 |
| January 31, 2020 – February 5, 2020 | $1.41 |

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of WWE publicly traded common stock during the "90-day look-back period" of February 6, 2020 through May 5, 2020.  The mean (average) closing price for WWE publicly traded common stock during this 90-day look-back period was $40.61.

**TABLE 2**

**WWE Publicly Traded Common Stock Closing Price and Average Closing Price
February 6, 2020 – May 5, 2020**

| Date | Closing Price | Average Closing Price Between February 06, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between February 06, 2020 and Date Shown |
|---|---|---|---|---|---|
| 2/6/2020 | $44.50 | $44.50 | 3/23/2020 | $37.72 | $42.27 |
| 2/7/2020 | $42.53 | $43.52 | 3/24/2020 | $39.04 | $42.17 |
| 2/10/2020 | $42.05 | $43.03 | 3/25/2020 | $34.38 | $41.94 |
| 2/11/2020 | $42.74 | $42.96 | 3/26/2020 | $34.95 | $41.74 |
| 2/12/2020 | $42.24 | $42.81 | 3/27/2020 | $33.80 | $41.52 |
| 2/13/2020 | $43.76 | $42.97 | 3/30/2020 | $33.44 | $41.30 |
| 2/14/2020 | $44.93 | $43.25 | 3/31/2020 | $33.93 | $41.11 |
| 2/18/2020 | $45.96 | $43.59 | 4/1/2020 | $33.60 | $40.92 |
| 2/19/2020 | $46.52 | $43.91 | 4/2/2020 | $34.65 | $40.76 |
| 2/20/2020 | $47.74 | $44.30 | 4/3/2020 | $34.13 | $40.60 |
| 2/21/2020 | $50.23 | $44.84 | 4/6/2020 | $35.08 | $40.47 |
| 2/24/2020 | $48.73 | $45.16 | 4/7/2020 | $35.93 | $40.36 |
| 2/25/2020 | $48.81 | $45.44 | 4/8/2020 | $36.27 | $40.27 |
| 2/26/2020 | $48.41 | $45.65 | 4/9/2020 | $37.42 | $40.21 |
| 2/27/2020 | $45.86 | $45.67 | 4/13/2020 | $37.46 | $40.15 |
| 2/28/2020 | $46.77 | $45.74 | 4/14/2020 | $38.37 | $40.11 |
| 3/2/2020 | $46.36 | $45.77 | 4/15/2020 | $38.90 | $40.08 |
| 3/3/2020 | $45.20 | $45.74 | 4/16/2020 | $39.67 | $40.07 |
| 3/4/2020 | $44.98 | $45.70 | 4/17/2020 | $40.54 | $40.08 |
| 3/5/2020 | $44.91 | $45.66 | 4/20/2020 | $40.57 | $40.09 |
| 3/6/2020 | $42.70 | $45.52 | 4/21/2020 | $39.53 | $40.08 |
| 3/9/2020 | $41.16 | $45.32 | 4/22/2020 | $39.48 | $40.07 |
| 3/10/2020 | $41.19 | $45.14 | 4/23/2020 | $39.07 | $40.05 |
| 3/11/2020 | $38.72 | $44.88 | 4/24/2020 | $44.79 | $40.14 |
| 3/12/2020 | $32.38 | $44.38 | 4/27/2020 | $44.08 | $40.21 |
| 3/13/2020 | $35.86 | $44.05 | 4/28/2020 | $44.37 | $40.28 |
| 3/16/2020 | $30.44 | $43.54 | 4/29/2020 | $45.18 | $40.37 |
| 3/17/2020 | $32.75 | $43.16 | 4/30/2020 | $44.47 | $40.44 |
| 3/18/2020 | $33.94 | $42.84 | 5/1/2020 | $43.92 | $40.49 |
| 3/19/2020 | $36.03 | $42.61 | 5/4/2020 | $44.00 | $40.55 |
| 3/20/2020 | $36.50 | $42.42 | 5/5/2020 | $44.31 | $40.61 |

**ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION**

60.     The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

61.     If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

62.     Purchases or acquisitions and sales of WWE publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.  The receipt or grant of shares of WWE publicly traded common stock by gift, inheritance, or operation of law during the Class Period will not be deemed an eligible purchase, acquisition, or sale of these shares of WWE publicly traded common stock for the calculation of a claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such WWE publicly traded common stock unless (i) the donor or decedent purchased or acquired such shares of WWE publicly traded common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of WWE publicly traded common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

63.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

64.     In the event that a claimant has an opening short position in WWE publicly traded common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions will be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

65.     WWE publicly traded common stock is the only security eligible for recovery under the Plan of Allocation.  With respect to WWE publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of the WWE publicly traded common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

66.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

67.     Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement

Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a private, non-profit, non-sectarian 501(c)(3) organization approved by the Court upon motion by Lead Plaintiff.  Before Lead Plaintiff moves to distribute any unclaimed funds, Lead Counsel will confer with Paul Weiss and will recommend to the Court an organization that is acceptable to Lead Plaintiff and WWE.

68.    Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Lead Plaintiff, Lead Counsel, their damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

69.    Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, its claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

70.     If you purchased or acquired WWE publicly traded common stock (ISIN: US98156Q1085) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*WWE Securities Litigation*
c/o _____
_____
_____

Dated: _____, 2021

BY ORDER OF THE UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> vs. <br><br> WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON, <br><br> Defendants. | Civil Action No. 1:20-cv-02031-JSR |

**PROOF OF CLAIM AND RELEASE FORM**

**I.     GENERAL INSTRUCTIONS**

1.      To recover as a member of the Settlement Class based on your claims in the action entitled *City of Warren Police and Fire Retirement System v. World Wrestling Entertainment, Inc. et al.,* Civil Action No. 1:20-cv-02031-JSR (S.D.N.Y.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____ NO LATER THAN _____, 2021 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:**

*WWE Securities Litigation*
c/o _____
P.O. Box ____
___CITY, STATE  ZIP

www._____

3.      If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated _____, 2021, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.     CLAIMANT IDENTIFICATION

4.      If you purchased or otherwise acquired shares of World Wrestling Entertainment, Inc. ("WWE") publicly traded common during the period from February 7, 2019 through February 5, 2020, inclusive (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or otherwise acquired WWE publicly traded common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of WWE publicly traded common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.      All joint owners must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

7.      Use **Part II** of this form entitled "Schedule of Transactions in WWE Publicly Traded Common Stock" to supply all required details of your transaction(s) in WWE publicly traded common stock.  If you need more space or additional schedules, attach separate sheets

giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.      On the schedules, provide all of the requested information with respect to your holdings, purchases/acquisitions, and sales of WWE publicly traded common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

9.      The date of covering a "short sale" is deemed to be the date of purchase of WWE publicly traded common stock.  The date of a "short sale" is deemed to be the date of sale.

10.     Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN WWE PUBLICLY TRADED COMMON STOCK.**

11.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at (___) ___-____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                                                                                    MI      Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                                MI                Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                                                                            State    ZIP/Postal Code

Foreign Country (only if not USA)                                          Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)

OR

Telephone Number (home)                                Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
      Individual (includes joint owner accounts)      Pension Plan       Trust
      Corporation      Estate
      IRA/401K      Other _____ (please specify)

### PART II:   TRANSACTIONS IN WWE PUBLICLY TRADED COMMON STOCK

**1. BEGINNING HOLDINGS** – State the total number of shares of common stock held as of the opening of trading on February 7, 2019.  If none, write "0" or "Zero."  (Must submit documentation.)  _____

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of common stock from after the opening of trading on February 7, 2019 through and including the close of trading on February 5, 2020.  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of common stock purchased/acquired from after the opening of trading on February 6, 2020 through and including the close of trading on May 5, 2020.[1]  (Must submit documentation.)  _____

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of common stock from after the opening of trading on February 7, 2019 through and including the close of trading on May 5, 2020.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5. ENDING HOLDINGS –** State the total number of shares of common stock held as of the close of trading on May 5, 2020.  If none, write "0" or "Zero." (Must submit documentation.)  _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[1] Information requested in this Claim Form with respect to your transactions after the opening of trading on February 6, 2020 through and including the close of trading on May 5, 2020, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period, however, are not eligible under the Settlement because these purchases/acquisitions are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

12.     By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible publicly traded WWE common stock, if required to do so.  I (We) have not submitted any other claim covering the same transactions in publicly traded WWE common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.     RELEASES, WARRANTIES, AND CERTIFICATION**

13.     I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

14.     As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiff's Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of publicly traded WWE common stock that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

17.     I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2021

_____        _____
Signature of Claimant                                      Type or print name of Claimant

_____        _____
Signature of Joint Claimant, if any                        Type or print name of Joint Claimant

_____        _____
Signature of person signing on behalf                      Type or print name of person signing
of Claimant                                                on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g.,
Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.     Please sign this Claim Form.

2.     DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING
       DOCUMENTATION.

3.     Attach only copies of supporting documentation as these documents will not be returned
       to you.

4.     Keep a copy of your Claim Form for your records.

5.     The Claims Administrator will acknowledge receipt of your Claim Form by mail,
       within 60 days.  **Your claim is not deemed submitted until you receive an
       acknowledgment postcard.**  If you do not receive an acknowledgment postcard within
       60 days, please call the Claims Administrator toll free at XXX-XXX-XXXX.

6.     If you move after submitting this Claim Form please notify the Claims Administrator of
       the change in your address, otherwise you may not receive additional notices or
       payment.

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | |
| vs. | Civil Action No. 1:20-cv-02031-JSR |
| WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON, | |
| Defendants. | |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who or which purchased or otherwise acquired the publicly
traded common stock of World Wrestling Entertainment, Inc. ("WWE") during the
period from February 7, 2019 through February 5, 2020, inclusive, and were damaged
thereby ("Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Southern District of New

York, that Court-appointed Lead Plaintiff, on behalf of itself and all members of the proposed

Settlement Class, and WWE, Vincent K. McMahon, George A. Barrios, and Michelle D. Wilson

(collectively, "Defendants"), have reached a proposed settlement of the claims in the above-

captioned class action (the "Action") in the amount of $39,000,000 (the "Settlement").

A hearing will be held before the Honorable Jed S. Rakoff, either in person or remotely in

the Court's discretion, on _____, 2021, at ____ a.m. in Courtroom 14B of the United

States District Court for the Southern District of New York, Daniel Patrick Moynihan United

States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated December 22, 2020; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*WWE Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
\_\_\_\_ \_\_\_\_-\_\_\_\_\_

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON SUCHAROW LLP**
Carol C. Villegas, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com

2

888-219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than _____ \_\_, 2021.*** If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is ***received no later than _____ \_\_, 2021.*** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than _____ \_\_, 2021***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2021          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK