# Exhibit 7

# Compendium of Unreported Cases

*Arkansas Teacher Ret. Sys. and Fresno Cnty. Emps. Ret. Assoc. v. Bankrate Inc.*
    No. 12-cv-7183, slip op. (S.D.N.Y. Nov. 25, 2014) ....................................................1

*In re Celestica Inc. Sec.Litig..*
    No. 07-cv- 00312, slip op. (S.D.N.Y. July 28, 2015) ..............................................2

*Central Laborers' Pension Fund v. Sirva,*
    No. 04 C 7644, slip op. (N.D. Ill Oct. 31, 2007)  ....................................................3

*Cornwell v. Credit Suisse Grp.*
    No.08-cv-3758, slip op. (S.D.N.Y. July 18, 2011)  ..................................................4

*In re McLeodUSA Inc. Sec. Litig.*
    No.C02-0001, slip op. (N.D. Iowa Jan. 5, 2007) .....................................................5

*In re NQ Mobile, Inc. Sec. Litig.*
    No. 13-cv-07608, slip op. (S.D.N.Y. Mar. 11, 2016) ..............................................6

*In re OSG Sec. Litig.*
    No.12-cv-07948, slip op. (S.D.N.Y. Dec. 2, 2015)  ................................................7

*In re Refco Inc. Sec. Litig.*
    No. 05-cv-8626, slip op. (S.D.N.Y. Mar. 22, 2011)  ...............................................8

*In re Regions Morgan Keegan Closed-End Fund Litig.*
    No. 07-cv-2830, slip op. (W.D. Tenn. Aug. 5, 2013)................................................9

*In re Salomon Analyst Metromedia Litig..*
    No. 02-cv-7966, slip op. (S.D.N.Y. Feb. 27, 2009) ...............................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.,*
No. 09-MD-2027, slip op. (S.D.N.Y. Sept. 13, 2011).................................................11

*In re Silvercorp Metals, Inc. Sec. Litig.*
    No. 12-cv-9456, slip op. (S.D.N.Y. Feb. 13, 2015) ..............................................12

*South Ferry LP #2 v. Killinger,*
    No. C04-1599, slip op. (W.D. Wash. June 5, 2012) ..............................................13

# TAB 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM and FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>     v.<br><br>BANKRATE, INC. et al.,<br><br>                      Defendants. | Case No. 13-cv-7183 (JSR)<br><br>**ECF CASE**<br><br> |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on November 21, 2014 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement dated September 17, 2014 (ECF No. 73-1) (the "Amended

Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Amended Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of __25__ % of the Settlement Fund, net of Court-awarded expenses, and $ __194,426.83__ in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

5. Lead Counsel shall be paid 50% of the attorneys' fees awarded and 100% of the approved expenses immediately upon entry of this Order. Payment of the balance of the attorneys' fees awarded shall be made to Lead Counsel when distribution of the Net Settlement Fund to claimants has been very substantially completed.

6. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $18,000,000 in cash that has been funded into escrow pursuant to the terms of the Amended Stipulation, and that numerous

2

Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b)     The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiffs, who are institutional investors that oversaw the prosecution and resolution of the Action;

(c)     Copies of the Notice were mailed to over 35,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $300,000, and there were no objections to the requested attorneys' fees and expenses;

(d)     Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)     The Action raised a number of complex issues;

(f)     Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g)     Lead Counsel devoted over 5,100 hours, with a lodestar value of approximately $2,485,000, to achieve the Settlement; and

(h)     The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.     Lead Plaintiff Arkansas Teacher Retirement System is hereby awarded $ 4,270.22 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8. Lead Plaintiff Fresno County Employees' Retirement Association is hereby awarded $ 850.67 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Amended Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Amended Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 21st day of November, 2014.

The Honorable Jed S. Rakoff
United States District Judge

#843639

4

# TAB 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x
                       :   Civil Action No.: 07-CV-00312-GBD
                       :
IN RE CELESTICA INC. SEC. LITIG.   :   (ECF CASE)
                       :
                       :   Hon. George B. Daniels
                       :
——————————————————— x

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

THIS MATTER having come before the Court on July 28, 2015 for a hearing to determine, among other things, whether and in what amount to award Class Counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and litigation expenses and Class Representative New Orleans Employees' Retirement System ("New Orleans") expenses relating to its representation of the Class. All capitalized terms used herein have the meanings as set forth and defined in the Stipulation and Agreement of Settlement, dated as of April 17, 2015 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members and the Claims Administrator.

1

Case 1:07-cv-01580-GBD Document 32 Filed 07/28/15 Page 2 of 4

2.      Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3.      Class Counsel is hereby awarded attorneys' fees in the amount of $9,000,000 plus interest at the same rate earned by the Settlement Fund (or 30% of the Settlement Fund, which includes interest earned thereon) and payment of litigation expenses in the amount of $1,392,450.33, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

4.      In accordance with 15 U.S.C. §78u-4(a)(4), for its representation of the Class, the Court hereby awards New Orleans reimbursement of its reasonable lost wages and expenses directly related to its representation of the Class in the amount of $3,645.18.

5.      The award of attorneys' fees and expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.      In making the award to Class Counsel of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement has created a common fund of $30 million in cash and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the

2

Settlement created by the efforts of plaintiffs' counsel;

(b)       The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that have been directly involved in the prosecution and resolution of the Action and which have a substantial interest in ensuring that any fees paid to Class Counsel are duly earned and not excessive;

(c)       Notice was disseminated to putative Class Members stating that Class Counsel would be moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus accrued interest, and payment of litigation expenses, and the expenses of Class Representatives for reimbursement of their reasonable lost wages and costs directly related to their representation of the Class, in an amount not to exceed $2 million, plus accrued interest;

(d)       There were no objections to the requested litigation expenses or to the expense request by New Orleans. The Court has received one objection to the fee request, which was submitted by Jeff M. Brown. The Court finds and concludes that Mr. Brown has not established that he is a Class Member with standing to bring the objection and it is overruled on that basis. The Court has also considered the issues raised in the objection and finds that, even if Mr. Brown were to have standing to object, the objection is without merit. The objection is therefore overruled in its entirety;

(e)       Plaintiffs' counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

(f)       The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)       Plaintiffs' counsel pursued the Action on a contingent basis, having

received no compensation during the Action, and any fee award has been contingent on the result achieved;

(h)     Plaintiffs' counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(i)     Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

(j)     The amount of attorneys' fees awarded are fair and reasonable and consistent with awards in similar cases; and

(k)     Plaintiffs' counsel have devoted more than 28,130.35 hours, with a lodestar value of $14,324,709.25 to achieve the Settlement.

7.     Any appeal or any challenge affecting this Court's approval of any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.     Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

9.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

JUL 28 2015

Dated: _____, 2015

Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE

4

# TAB 3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL LABORERS' PENSION FUND,

        Plaintiff,

v.

SIRVA, INC., BRIAN P. KELLEY, JOAN E. RYAN,
JAMES W. ROGERS, RICHARD J. SCHNALL,
CARL T. STOCKER, CREDIT SUISSE FIRST
BOSTON LLC, GOLDMAN, SACHS & CO.,
DEUTSCHE BANK SECURITIES INC., CITIGROUP
GLOBAL MARKETS INC., J.P. MORGAN
SECURITIES INC., BANC OF AMERICA
SECURITIES LLC, MORGAN STANLEY & CO.
INCORPORATED, PRICEWATERHOUSECOOPERS
LLP, and CLAYTON DUBILIER & RICE, INC.

        Defendants.

No. 04 C-7644
Judge Ronald A. Guzmán

## ORDER AND FINAL JUDGMENT

On the 2nd day of October, 2007, a hearing having been held before Magistrate Judge Denlow to determine: whether the terms and conditions of the Settlement Agreement filed on June 20, 2007 are fair, reasonable and adequate for the settlement of all claims asserted by Plaintiff on behalf of the Settlement Class against Defendants in the Action now pending in this Court under the above caption, including the release of Defendants and the Releasees, and should be approved; whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Settlement Class who have not requested exclusion therefrom; whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and whether and in what amount to award Lead Counsel fees and reimbursement of expenses. The Court having heard from Magistrate Judge Denlow, having

reviewed his Report and Recommendation, and considered all matters submitted at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of SIRVA, Inc. ("SIRVA") through any public offering or on the open market between November 25, 2003 and January 31, 2005, inclusive ("Settlement Class Period"), as shown by the records of SIRVA's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Businesswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Class Representative, all Settlement Class Members, and Defendants.

2.      The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; ii) there are questions of law and fact common to the Settlement Class; iii) the claims of the Class Representative are typical of the claims of the Settlement Class it seeks to represent; iv) the Class Representative has represented, and will represent, fairly and adequately the interests of the Settlement Class; v) the questions of law and fact common to the members of the Settlement

2

Class predominate over any questions affecting only individual members of the Settlement Class; and vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action on behalf of a Settlement Class consisting of all persons or entities who purchased or otherwise acquired the common stock of SIRVA through any public offering or on the open market between November 25, 2003 and January 31, 2005, inclusive.  Excluded from the Class are: (a) such persons or entities who have submitted valid and timely requests for exclusion from the Settlement Class in accordance with the procedures set out in Section VI of the Settlement Agreement and described in the Notice (as listed on Exhibit 1 annexed hereto); (b) such persons or entities who are Defendants, Family Members of the Individual Defendants, or the legal representatives, heirs, executors, successors, assigns or majority-owned affiliates (including without limitation Clayton, Dubilier & Rice Fund V Limited Partnership ("CD&R Fund V") and Clayton, Dubilier & Rice Fund VI Limited Partnership ("CD&R Fund VI")) of any such excluded person or entity; or (c) any directors or officers of any such excluded person or entity during the Settlement Class Period.

4.       Notice of the pendency of this Action as a class action and of the terms and conditions of the Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of such notice to the Settlement Class: (a) met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7)—as amended by the Private Securities

3

Litigation Reform Act of 1995—due process, and any other applicable law; (b) constituted the best notice practicable under the circumstances; and (c) constituted due and sufficient notice to all persons and entities entitled thereto.

5.    The Settlement is approved as fair, reasonable and adequate, and the Settlement Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

6.    The Complaint, which the Court finds was filed in good faith in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice with each party paying his, her or its own costs of court, except as provided in the Settlement Agreement.

7.    "Releasees" means all of the following:  (a) SIRVA, CD&R, PwC, the Underwriter Defendants, the Insurers (as defined in the Settlement Agreement) and all of their predecessors and present and former parents, subsidiaries and Affiliates, and each and all of their respective past and present directors, managing directors, officers, employees, members, partners, principals, agents, attorneys, advisors, insurers, trustees, administrators, fiduciaries, consultants, representatives, accountants and auditors (including Ernst & Young LLP); and (b) all investment funds sponsored by CD&R, including, without limitation, CD&R Fund V and CD&R Fund VI; and (c) the Individual Defendants and each of their heirs, executors, trusts, trustees, administrators and assigns.

4

8.      Class Representative and members of the Settlement Class are hereby permanently barred and enjoined from instituting, commencing or prosecuting any Claim or Unknown Claim, whether arising under any federal, state, or foreign statutory or common law or rule—including, without limitation, any Claim or Unknown Claim for negligence, gross negligence, negligent misrepresentation, indemnification, breach of contract, breach of any duty, or fraud—that has been, could have been, or could be asserted against any of the Releasees at any time by or on behalf of Lead Plaintiff or any Settlement Class Member, in any capacity, in the Action or in any court, tribunal, or other forum of competent jurisdiction, arising out of or related, directly or indirectly, to the purchase, acquisition, exchange, retention, transfer or sale of, or Investment Decision involving, SIRVA common stock during the Settlement Class Period, or to other matters and facts at issue in the Action. ("Released Claims") Without limiting the generality of the foregoing, the term Released Claims includes, without limitation, any Claims or Unknown Claims arising out of or relating to: (i) any or all of the acts, failures to act, omissions, facts, events, matters, transactions, occurrences, statements, or representations that have been, could have been or could be directly or indirectly alleged, complained of, asserted, described, or otherwise referred to in this Action; (ii) the contents of any prospectus or SEC Filing relating to SIRVA common stock or SIRVA, including the Registration Statements dated November 24, 2003 and June 10, 2004, during or relating to the Settlement Class Period; (iii) any forward-looking statement made by any of the Releasees during or relating to the Settlement Class Period that have been, could have been or could be directly or indirectly alleged, embraced, complained of, asserted, described, set forth or otherwise referred to in this Action; (iv) any adjustments of financial information of SIRVA during or relating to the Settlement Class Period; (v) any

5

statements or disclosures of any sort made by any of the Releasees during, or relating in any way to, the Settlement Class Period to any person or entity, or to the public at large, regarding, without limitation, SIRVA's business, its financial condition, its operational results and/or its financial or operational prospects, including, without limitation, any prospectus, press releases and/or press reports, earnings calls, memoranda (whether internally or externally circulated), and presentations to analysts, rating agencies, creditors, banks or other lenders, investment bankers, broker/dealers, investment advisors, investment companies, SIRVA employees, potential investors and/or shareholders; (vi) any internal and/or external accounting and/or actuarial memoranda, reports or opinions relating to SIRVA prepared by or for any of the Releasees during, or relating in any way to, the Settlement Class Period; (vii) SIRVA's accounting practices and procedures, internal accounting controls and recordkeeping practices during or relating in any way to the Settlement Class Period; (viii) any financial statement, audited or unaudited, and any report or opinion on any financial statement relating to SIRVA that was prepared or issued by or for any of the Releasees during, or relating in any way to, the Settlement Class Period, or on which any Settlement Class Member allegedly relied (directly or indirectly) during the Settlement Class Period in purchasing, acquiring, exchanging, retaining, transferring, selling or making an Investment Decision with respect to SIRVA common stock; (ix) any statements or omissions by any of the Releasees as to quarterly or annual results of SIRVA during or relating in any way to the Settlement Class Period; (x) any internal accounting controls or internal audits of SIRVA during or relating in any way to the Settlement Class Period; (xi) any purchases, acquisitions, exchanges, sales, transfers or other trading of SIRVA common stock during or relating in any way to the Settlement Class Period by any of the

6

Releasees, or any acts taken by Releasees to finance or pay for such trades, including, but not limited to, any profits made or losses avoided in connection with such transactions; and (xii) any or all Claims against an individual Releasee that are based upon or arise out of the Releasee's (a) status as a director, officer or employee of, or investor in, SIRVA; (b) acts or omissions in his or her capacity as a director, officer or employee of, or investor in, SIRVA; (c) acts or omissions in his or her or its capacity as a private equity sponsor of SIRVA; (d) acts or omissions in his or her or its capacity as an underwriter of SIRVA common stock; or (e) acts or omissions in his or her or its capacity as SIRVA's outside auditor or provider of actuarial services. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Releasees on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. The Releasees are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation, including both known Claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Releasees or any of them against any of the Plaintiff, Settlement Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except for claims to enforce the Settlement. All the claims and Unknown Claims of all the Releasees are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7

10.    Defendants, all the Releasees, their heirs, executors, administrators, predecessors, successors, Affiliates, attorneys, and assigns, and any person or entity claiming by or through any of them, are hereby permanently barred and enjoined from commencing or prosecuting (and by operation of law and of this Order & Final Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged each other from) any and all Claims and Unknown Claims that they could have asserted against each other relating directly or indirectly to the matters alleged in the Action, including but not limited to (i) any claims for indemnification or contribution arising out of the Action, (ii) any claims for breach of fiduciary duty, (iii) any derivative claims, and (iv) any claims for reimbursement of legal fees or costs incurred in defense of the Action (other than the claims for reimbursement of Joan Ryan referred to in this paragraph); provided that nothing in this paragraph shall act to modify, amend, supersede, discharge, or release the terms of the Underwriting Agreements previously entered into by and between SIRVA and the Underwriter Defendants in connection with SIRVA's IPO and SPO, including provisions therein relating to indemnification. Nothing in this paragraph shall act to release or modify any indemnification obligations owed by SIRVA to CD&R or any of the Individual Defendants (including but not limited to, with respect to the Individual Defendants, any indemnification obligations arising under Delaware law or under SIRVA's Charter or By-laws from and after the Final Settlement Date, and, with respect to CD&R, any indemnification obligations arising under the Indemnification Agreement and the Consulting Agreement both dated March 30, 1998 and the Amended and Restated Consulting Agreement dated January 1, 2001, including any amendments thereto or restatements thereof), except that CD&R shall be deemed to have released and settled any and all Claims and Unknown Claims for

8

indemnification with respect to their obligations pursuant to this Settlement Agreement and with respect to their attorneys' fees and costs in connection with the Action (including such fees and costs incurred in connection with this Settlement Agreement) and except that Joan Ryan shall be reimbursed for reasonable attorneys' fees and expenses related to the Action through the Final Settlement Date.

11.     Neither this Order and Final Judgment nor the Settlement Agreement, any of its terms and provisions, the negotiations or proceedings in connection therewith or the documents or statements referred to therein shall be:

(a)     offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)     offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)     offered or received against Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal

or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Cash Settlement Fund.

12.     The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Settlement Agreement.

13.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14.     Lead Counsel are hereby awarded 29.85% of the Cash Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $898,103.22 in reimbursement of expenses, which expenses shall be paid to Lead Counsel from the Cash Settlement Fund with interest from the date such Cash Settlement Fund was funded to the date of payment at the same net rate that the Cash Settlement Fund earns. The award of attorneys' fees may be allocated

10

among all of Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

15.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Cash Settlement Fund, the Court has considered and found that:

(a)    the Settlement has created a fund of $53,300,000.00 in cash that is already on deposit, plus interest thereon, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement achieved by Lead Counsel;

(b)    Over 22,907 copies of the Notice were disseminated to putative Settlement Class Members indicating that Lead Counsel was moving for attorneys' fees in an amount not to exceed 33⅓ percent of the Cash Settlement Fund and for reimbursement of expenses in an amount of approximately $950,000 and only a single objection (which was later withdrawn) was filed against the ceiling on the fees and expenses to be requested by Lead Counsel as disclosed in the Notice;

(c)    Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)    The Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

11

(e)    Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Plaintiff and the Settlement Class may have recovered less or nothing from Defendants;

(f)    The amount of attorneys' fees awarded and expenses reimbursed from the Cash Settlement Fund are fair and reasonable and consistent with awards in similar cases.

16.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

17.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

SO ORDERED.                                    ENTERED: _October 31_, 2007


_____
HON. RONALD A GUZMAN
United States District Judge

12

# TAB 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



———————————————————— x

KEVIN CORNWELL, Individually and On : Civil Action No. 08-cv-03758(VM)
Behalf of All Others Similarly Situated, : **(Consolidated)**
                                        :
                 Plaintiff,             : CLASS ACTION
                                        :
        vs.                             :          ORDER AWARDING
                                        : ATTORNEYS' FEES AND EXPENSES
CREDIT SUISSE GROUP, et al.,            :
                                        :
                 Defendants.            :
———————————————————— x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/11

635891_1

THIS MATTER having come before the Court on July 18, 2011, on the motion of Lead Plaintiffs' counsel for an award of attorneys' fees and expenses incurred in the Action; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the Action to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated March 7, 2011.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3.      Counsel for the Lead Plaintiffs are entitled to a fee paid out of the common fund created for the benefit of the Settlement Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Second Circuit recognizes the propriety of the percentage-of-the-fund method when awarding fees. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

4.      Lead Plaintiffs' counsel have moved for an award of attorneys' fees of 27.5% of the Settlement Fund, plus interest.

5.      This Court adopts the percentage-of-recovery method of awarding fees in this case, and concludes that the percentage of the benefit is the proper method for awarding attorneys' fees in this case.

- 1 -

635891_1

6.      The Court hereby awards attorneys' fees of 27.5% of the Settlement Fund, plus interest at the same rate as earned on the Settlement Fund. The Court finds the fee award to be fair and reasonable. The Court further finds that a fee award of 27.5% of the Settlement Fund is consistent with awards made in similar cases.

7.      Said fees shall be allocated among plaintiffs' counsel by Co-Lead Counsel in manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action.

8.      The Court hereby awards expenses in an aggregate amount of $285,072.62, plus interest.

9.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set fort in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In evaluating the *Goldberger* factors, the Court finds that:

(a)      Counsel for Lead Plaintiffs expended considerable effort and resources over the course of the Action researching, investigating and prosecuting Lead Plaintiffs' claims. Lead Plaintiffs' counsel have represented that they have reviewed tens of thousands of pages of documents, interviewed witnesses and opposed legally and factually complex motions to dismiss. The parties also engaged in settlement negotiations that lasted several months. The services provided by Lead Plaintiffs' counsel were efficient and highly successful, resulting in an outstanding recovery for the Settlement Class without the substantial expense, risk and delay of continued litigation. Such efficiency and effectiveness supports the requested fee percentage.

(b)      Cases brought under the federal securities laws are notably difficult and notoriously uncertain. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. MDL 1500, 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006). "[S]ecurities actions have become more

- 2 -

635891_1

difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). Despite the novelty and difficulty of the issues raised, and the procedural posture of the case, Lead Plaintiffs' counsel secured an excellent result for the Settlement Class.

(c)     The recovery obtained and the backgrounds of the lawyers involved in the lawsuit are the best evidence that the quality of Lead Plaintiffs' counsel's representation of the Settlement Class supports the requested fee. Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. Their efforts in efficiently bringing the Action to a successful conclusion against the Defendants are the best indicator of the experience and ability of the attorneys involved. In addition, Defendants were represented by highly experienced lawyers from a prominent firm. The standing of opposing counsel should be weighed in determining the fee, because such standing reflects the challenge faced by plaintiffs' attorneys. The ability of Lead Plaintiffs' counsel to obtain such a favorable settlement for the Settlement Class in the face of such formidable opposition confirms the superior quality of their representation and the reasonableness of the fee request.

(d)     The requested fee of 27.5% of the settlement is within the range normally awarded in cases of this nature.

- 3 -

635891_1

(e)      Public policy supports the requested fee, because the private attorney general role is "'vital to the continued enforcement and effectiveness of the Securities Acts.'" *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2007 U.S. Dist. LEXIS 9144, at *33 (S.D.N.Y. Jan. 31, 2007) (citation omitted).

(f)      Lead Plaintiffs' counsel's total lodestar is $4,049,631.50.  A 27.5% fee represents a multiplier of 4.7.  Given the public policy and judicial economy interests that support the expeditious settlement of cases, *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 373 (S.D.N.Y. 2002), the requested fee is reasonable.

10.      The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Co-Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

Dated:  New York, NY

_____, 2011

THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

- 4 -

635891_1

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2011, I submitted the foregoing to orders and judgments@nysd.uscourts.gov and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 11, 2011.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

- 5 -

635891_1

Bernard M. Gross
THE LAW OFFICE OF BERNARD M. GROSS, P.C.
100 Penn Square East, Suite 450
Juniper and Market Streets
Philadelphia, PA  19107

635891_1

# TAB 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| IN RE MCLEODUSA INCORPORATED SECURITIES LITIGATION | No. C02-0001-MWB<br><br>ORDER AND FINAL JUDGMENT |

On the day of November 29, 2006, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 14, 2006 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Purchaser and Merger Classes (together, the "Class") against the Defendants in the Action now pending in this Court under the above-caption, including the release of all Settled Claims as against the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants only and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Class Members; (4) whether and in what amount to award Plaintiffs' Counsel attorneys' fees and reimbursement of expenses; and (5) whether and in what amount to award Lead Plaintiffs for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class. The court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to (a) the Purchaser Class

1

consisting of all persons who purchased or otherwise acquired McLeodUSA Incorporated ("McLeodUSA") common stock during the period from and including January 3, 2001 through and including December 3, 2001, and were damaged thereby; and (b) the Merger Class consisting of all persons who acquired McLeodUSA common stock pursuant to the Registration Statement and Prospectus issued in connection with McLeodUSA's June 1, 2001 stock for stock acquisition of Intelispan, Inc. as shown by the records of McLeodUSA's shareholder lists, or otherwise, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and the Court having considered an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members and the Defendants.

2.    The Court finds that for the purposes of the Settlement, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby certifies this action as a class action on behalf of (a) the Purchaser Class consisting of all persons who purchased or otherwise acquired

2

McLeodUSA common stock during the period from and including January 3, 2001, through and including December 3, 2001, and were damaged thereby; and (b) the Merger Class consisting of all person who acquired McLeod USA common stock pursuant to the Registration Statement and Prospectus issued in connection with McLeodUSA's March 19, 2001, stock for stock acquisition of Intelispan, Inc. and were damaged thereby (the Purchaser Class and the Merger Class being collectively the "Class"). Excluded from the Class are Defendants, Forstmann Little & Co. (Forstmann), and partners at Forstmann during Class Period, members of Defendants' immediate families, any entity in which any Defendant, McLeodUSA or Forstmann, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, or assigns of any of the Defendants, McLeodUSA or Forstmann. Also excluded from the Class are the putative Class Members listed on Exhibit 1 annexed hereto, who have requested exclusion from the Class. Steven C. Paul, Mary L. Estrin, Robert Estrin, Richard Starch, Susan Starch, Timothy J. Brustkern, Sandra K. Brustkern, John Baltezore, Cindy Baltezore, and Ronna J. Stull timely sought exclusion from the class. Jon Kayyem (IFN, LP-MC & Hi Charitable Rem-MC) did not. However, by agreement of the parties, even though Jon Kayyem and his related entities did not timely file a request for exclusion, they are hereby excluded from the Class.

4.    Notice of pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class Members of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21(D)(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.    The Settlement is approved as fair, reasonable and adequate, and the Class Members and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.    The Complaint is hereby dismissed with prejudice and without costs as against the Defendants.

7.    Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, either directly or in any other capacity, any Settled Claims against any and all of the Released Parties.  In addition, except for the claims under the Stipulation, and agreements, and transactions contemplated in the Stipulation, no Lead Plaintiff or Class Member will voluntarily become a party to any suit or proceeding arising from or in connection with an attempt by or on behalf of any third party to enforce or collect an amount, based on any Settled Claim.

8.    Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

9.    The Stipulation and any proceedings taken pursuant to it:

(a)    shall not be offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Defendants with respect to the truth of any allegation in the CAC, with respect to the truth of any allegation asserted by any of the Lead Plaintiffs or with respect to the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence fault or wrongdoing of the Defendants;

(b)    shall not be offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants;

(c)    shall not be offered or received against any of the Defendants, Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to

4

any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that once the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed as an admission or concession that the consideration to be given thereunder represents the amount which could be or would have been recovered after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the CAC would not have exceeded the Gross Settlement Fund.

10.    The Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with its terms and provisions.

11.    The court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.    Plaintiffs' Counsel are hereby awarded 30% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ 900,000 in reimbursement of expenses, which fees and expenses shall be paid to Plaintiffs' Counsel from the Gross Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same interest rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among other Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Counsel, fairly compensate Other Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)    The Settlement has created a fund of $30,000,000 in cash that is already

5

on deposit, plus interest thereon and that numerous Class Members who file acceptable Proof of Claim and Release forms will benefit from the Settlement created by Plaintiffs' Counsel;

      (b)    Plaintiffs' Counsel have litigated this Action on a contingency basis; assuming significant risk in light of the uncertainty of payment for their efforts;

      (c)    The action involves complex factual and legal issues and was actively prosecuted for over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

      (d)    Plaintiffs' Counsel and Defendants' Counsel are very experienced in federal securities fraud litigation;

      (e)    Plaintiffs' Counsel have claimed to have devoted over 29,915.29 hours to achieve the Settlement. The court does not believe that all of the time expended was reasonable. This is true, especially, in light of the massive amount of time allegedly devoted to a review of documents, the vast majority of which appear to the court to be neither relevant or useful in proving any of the allegations contained in Plaintiffs' complaint;

      (f)    Over 104,872 copies of the Notice were disseminated to putative class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 33 1/3% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $900,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice; and

      (g)    The amounts of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

14.    Lead Plaintiffs Ailon Gruhkin for Millennium, Richard C. Chapman, Jeffrey H. Brandes are hereby awarded $ 13,068, $ 13,750, and $ 13,500, respectively, from the Gross Settlement Fund for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class in prosecuting this Action.

15.    Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including any application

6

for fees and expenses incurred in connection with administering and distributing the settlement proceeds to members of the Class, and to resolve any disputes concerning allocation of the attorneys' fees among Plaintiffs' counsel.

16.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    There is no just reason for delaying the entry of this Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18.    The Clerk of Court is directed to enter this order in the file of the above-captioned action.

**IT IS SO ORDERED.**

**DATED** this 5th day of January, 2007.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

7

# TAB 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: March 11, 2016

[EXHIBIT A]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NQ MOBILE, INC.<br>SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | No. 1:13-cv-07608-WHP |

**[PROPOSED] ORDER APPROVING AWARD OF ATTORNEYS' FEES AND**
**REIMBURSEMENT OF EXPENSES AND AWARDING LEAD PLAINTIFF VOLIN**
**REASONABLE COSTS AND EXPENSES UNDER 15 U.S.C. §78u-4(a)(4)**

This matter came before the Court on the motion of Lead Counsel for: (1) an award of attorneys' fees; (2) reimbursement of Counsel's litigation expenses; and (2) an award of reasonable costs and expenses to Lead Plaintiff Herbert R. Volin (one of the members of the Lead Plaintiff "Volin Group") under 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class in this Action (the "Motion"). Having held a Settlement Fairness Hearing on March 11, 2016, and having considered all papers and arguments submitted in support of and in opposition to the Motion and all proceedings in the Action,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3. Plaintiffs' Counsel are hereby awarded __30__ % of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ __60,435.96__ in reimbursement of expenses, which fees and expenses shall be paid immediately upon entry of this Order to Lead Counsel from the Settlement Fund. Lead Counsel may determine and distribute the attorneys'

1

fees among other Plaintiffs' Counsel in a manner which, in Lead Counsel's sole discretion, it believes reflects the contributions of such counsel to the prosecution and settlement of the Action with Settling Defendants and the benefits conferred on the Class.

4.      The Court finds that an award of attorneys' fees under the percentage-of-recovery method is proper in this case, and further finds that the requested fee is fair, reasonable, and consistent with awards made in similar cases. Furthermore, the Court has reviewed the factors set forth in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and finds that they support the award. The Court has also performed a rough lodestar cross-check and finds that the hours and rates are reasonable for the amount and specialized type of work performed. Moreover, the effective lodestar multiplier is well within the range of reasonableness.

5.      The Court further awards $3000 from the Settlement Fund to Lead Plaintiff Herbert R. Volin pursuant to 15 U.S.C. §78u-4(a)(4) for reimbursement of reasonable costs and expenses (including lost wages) directly relating to his representation of the Class in this Action. as set forth in the declaration that Mr. Volin submitted to the Court in support of his request.

IT IS SO ORDERED.

Dated: March 11 , 2016

HON. WILLIAM H. PAULEY, III
UNITED STATES DISTRICT JUDGE

2

# TAB 7

Case 1:20-cv-02031-JSR   Document 113-7   Filed 05/11/21   Page 46 of 116
Case 1:12-cv-07948-SAS   Document 261   Filed 12/02/15   Page 1 of 5
Case 1:12-cv-07948-SAS   Document 255-6   Filed 11/24/15   Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/15
```

———————————————————— x

In re OSG SECURITIES LITIGATION  :  Civil Action No. 1:12-cv-07948-SAS

————————————————————  :
                                 :  CLASS ACTION
This Document Relates To:        :
                                 :  [PROPOSED] ORDER AWARDING
    ALL ACTIONS.                 :  ATTORNEYS' FEES AND EXPENSES AND
                                 x  REIMBURSEMENT OF LEAD
————————————————————————            PLAINTIFFS' EXPENSES

1092739_1

This matter having come before the Court on December 1, 2015, on Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Reimbursement of Lead Plaintiffs' Expenses ("Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlements of this class action (the "Action") to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulations of Settlement filed with the Court and the Memorandum in Support of the Fee Motion submitted in support thereof. *See* Dkt. Nos. 232, 233, 234, and 246.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's Fee Motion was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, 15 U.S.C. §77z-1, the Securities Act of 1933, and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, each as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 30% of the total recovery (consisting of the $16,250,000.00 obtained from the Settling Defendants, the $15,426,933.68 obtained to date in the Bankruptcy Court Settlement, as well as any additional funds received as a result of the Bankruptcy Court Settlement, which includes the contingent right to 15% of the net

- 1 -

Case 1:20-cv-02031-JSR   Document 113-7   Filed 05/11/21   Page 48 of 116
Case 1:12-cv-07948-SAS   Document 261   Filed 12/02/15   Page 3 of 5
Case 1:12-cv-07948-SAS   Document 255-6   Filed 11/24/15   Page 3 of 5

proceeds of OSG's professional liability action against Proskauer Rose LLP and certain Individual Defendants (the "Proskauer Litigation")), plus expenses in the amount of $338,918.76, together with the interest earned on such amounts for the same time period and at the same rate as that earned on those amounts. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5.      The fees and expenses shall be allocated among Plaintiffs' Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

6.      The awarded attorneys' fees, expenses, and Lead Plaintiffs' expenses, shall be paid immediately to Lead Counsel and Lead Plaintiffs subject to the terms, conditions, and obligations of the Stipulations of Settlement.[1]

7.      In making the award to Lead Counsel of attorneys' fees and litigation expenses to be paid from the recovery, the Court has considered and found that:

(a)     The Settlements have created a common fund of at least $31,676,933.68 and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlements created by the efforts of Lead Counsel;

(b)     The requested attorneys' fees and payment of litigation expenses have been approved as fair and reasonable by the Lead Plaintiffs;

---

[1]   Pursuant to the terms of the Bankruptcy Court Settlement, a fixed payment of $5 million (of the $15.426 million Bankruptcy Court Settlement) is not due to be paid to the Class until a set period of time following resolution of the Proskauer Litigation (regardless of its outcome). The fee award on this portion of the recovery shall not be paid to Lead Counsel until after this $5 million payment is made.

- 2 -

Case 1:20-cv-02031-JSR   Document 113-7   Filed 05/11/21   Page 49 of 116
Case 1:12-cv-07948-SAS   Document 261   Filed 12/02/15   Page 4 of 5
Case 1:12-cv-07948-SAS   Document 255-6   Filed 11/24/15   Page 4 of 5

(c)     Notice was disseminated to putative Class Members stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 30% of the total amount of the recovery and payment of litigation expenses, plus interest earned on both amounts;

(d)     There were no objections to the requested attorneys' fees and payment of litigation expenses;

(e)     Lead Counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

(f)     Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

(g)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(h)     Lead Counsel conducted the Action and achieved the Settlements with skillful and diligent advocacy;

(i)     Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

(j)     The amount of attorneys' fees awarded are fair and reasonable and consistent with awards in similar cases within the Second Circuit; and

(k)     Plaintiffs' Counsel devoted 12,914.50 hours, with a lodestar value of $6,563,933.75 to achieve the Settlements.

8.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgments entered with respect to the Settlements.

- 3 -

1092739_1

Case 1:20-cv-02031-JSR   Document 113-7   Filed 05/11/21   Page 50 of 116
Case 1:12-cv-07948-SAS   Document 261   Filed 12/02/15   Page 5 of 5
Case 1:12-cv-07948-SAS   Document 255-6   Filed 11/24/15   Page 5 of 5

9.      The Court hereby awards Lead Plaintiff Stitchting Pensioenfonds DSM Nederland

$10,000, Lead Plaintiff Indiana Treasurer of State $7,250, and Lead Plaintiff Lloyd Crawford

$9,000, for their time and expenses incurred in representing the Class.

10.     In the event that the Settlements are terminated or do not become Final or the

Effective Date does not occur in accordance with the terms of the Stipulations, this Order shall be

rendered null and void to the extent provided by the Stipulations and shall be vacated in accordance

with the Stipulations.

IT IS SO ORDERED.

DATED: ___12/2/15___

_____

THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

- 4 -

# TAB 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                         :

In re REFCO, INC. SECURITIES LITIGATION   :

                                         :

------------------------------------------------------------------ x

05 Civ. 8626 (JSR)

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

This matter came for hearing on March 11, 2011 (the "Settlement Hearing") on the motion of

Lead Counsel to determine, among other things, whether and in what amount to award Lead Counsel

in the above-captioned consolidated securities class action (the "Action") additional fees and

reimbursement of expenses not previously applied for.

The Court having considered all matters submitted to it at the Settlement Hearing and

otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved

by the Court were mailed to all Settlement Class Members who or which could be identified with

reasonable effort, except those persons or entities excluded from the definition of the Settlement

Class, and that a summary notice of the hearing substantially in the form approved by the Court was

published in *Investor's Business Daily* pursuant to the specifications of the Court; and the Court

having considered and determined the fairness and reasonableness of the award of attorneys' fees

and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order Awarding Attorneys' Fees and Expenses incorporates by reference the

definitions in the Stipulation and Agreement of Settlement between Lead Plaintiffs and Grant

Thornton LLP dated October 18, 2010 and the Stipulation and Agreement of Settlement between

Lead Plaintiffs and Defendants Joseph J. Murphy, Dennis A. Klejna and William M. Sexton dated

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-22-11

September 30, 2010 (together, the "Settlement Stipulations") and all terms not otherwise defined herein shall, with respect to the respective Settlement Stipulations, have the same meanings as set forth in the applicable Settlement Stipulation or the Notice.

2.      The Court has jurisdiction to enter this Order Awarding Attorneys' Fees and Expenses, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's application for additional attorneys' fees and reimbursement of expenses not previously applied for was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the motion and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, et seq.) (the "PSLRA"), and all other applicable law and rules;

4.      Lead Counsel are hereby awarded attorneys' fees in the amount of $ 4,532,273.27 and $ 120,704.06 in reimbursement of litigation expenses (which shall be paid from the Settlement Funds) with interest on such fees and expenses at the same rate as earned by the Settlement Funds from the dates the Settlement Funds were funded to the date of payment, which sums the Court finds to be fair and reasonable. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action.

5.      Lead Counsel shall be paid 50% of the attorneys' fees awarded and 100% of the approved expenses immediately upon entry of this Order. Payment of the balance of the attorneys'

2

fees awarded shall be made to Lead Counsel when distribution of the proceeds of the Current Net Total Settlement Fund to claimants has been very substantially completed.

6. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Funds, the Court has considered and found that:

(a) The Additional Settlements have created a total settlement amount of $25,300,000 in cash that is already on deposit and has been earning interest, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Additional Settlements created by the efforts of Lead Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were substantially involved in all aspects of the prosecution and resolution of the Action;

(c) To date, over 43,000 copies of the Notice were disseminated to putative Settlement Class Members stating that Lead Counsel were moving for reimbursement of expenses which were incurred in connection with the prosecution and resolution of the Action and which were not applied for in connection with the earlier achieved settlements, in an amount not to exceed $200,000, with interest thereon at the same rate as earned by the Settlement Funds, and for an award of attorneys' fees to be paid from the Settlement Funds in the amount of 18% of the net amount of the Settlement Amounts after reimbursement of litigation expenses, with interest thereon at the same rate as earned by the Settlement Funds and no Settlement Class Member objected to Lead Counsel's fee and expense application;

(d) Lead Counsel have conducted the litigation and achieved the Additional Settlements with skill, perseverance and diligent advocacy;

3

(e)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f)     Had the Additional Settlements not been achieved, there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from the Settling Defendants; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases as is the overall award of attorneys' fees and expenses reimbursed in the Action.

7.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments entered with respect to the Additional Settlements or any of the previous settlements in this Action.

8.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulations and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

9.     In the event that any of the Settlements are terminated or do not become Final or the Effective Date does not occur in accordance with the terms of the applicable Settlement Stipulation(s), this Order shall be rendered null and void to the extent provided by the applicable Stipulation(s) and shall be vacated in accordance with the terms of the applicable Stipulation(s).

4

10.    There is no just reason for delay in the entry of this Order, and immediate entry by the

Clerk of the Court is expressly directed.

Dated:         New York, New York
               3/22, 2011

HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE


# 519033

5

# TAB 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

In re REGIONS MORGAN KEEGAN )
SECURITIES, DERIVATIVE and )
ERISA LITIGATION )
)
This Document Relates to: )
)
In re Regions Morgan Keegan )      No. 2:09-2009 SMH V
Closed-End Fund Litigation, )
)
No. 2:07-cv-02830-SHM-dkv )

**ORDER APPROVING PROPOSED SETTLEMENT AND AWARD OF ATTORNEY'S FEES
AND EXPENSES**

On behalf of the Class and the Subclass, Plaintiffs the Lion Fund L.P., Dr. Samir J. Sulieman, and Larry Lattimore (collectively, "Lead Plaintiffs"), and C. Fred Daniels in his capacity as Trustee Ad Litem for the Leroy S. McAbee, Sr. Family Foundation Trust (the "TAL") (collectively with the Lead Plaintiffs, "Plaintiffs"), filed a Motion on March 8, 2013, for Final Approval of the Proposed Settlement and Plan of Allocation entered into with Defendants Morgan Keegan & Co., Inc. ("Morgan Keegan"), MK Holding, Inc., Morgan Asset Management, Inc., Regions Financial Corporation ("RFC"), the Closed-End Funds, Allen B. Morgan, Jr., J. Kenneth Alderman, Brian B. Sullivan, Joseph Thompson Weller, James C. Kelsoe, Jr., and Carter Anthony (collectively, "Defendants").  (Mot. for Final App., ECF No.

283.)  Also before the Court is Plaintiffs' Motion for Award of Attorney's Fees and Expenses.  (Mot. for Atty. Fees, ECF No. 285.)

For the following reasons, Plaintiffs' proposed Class is CERTIFIED.  Plaintiffs' Motion for Final Approval is GRANTED. Plaintiffs' Motion for Attorney's Fees and Expenses is GRANTED. The parties' joint Stipulation and Agreement of Settlement and their Plan of Allocation are APPROVED.

### I.    Standard of Review

#### A. Approval of Settlement and Certification of Class

Under Federal Rule of Civil Procedure 23, a member of a class may bring suit on behalf of all other members if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

If these conditions are met a class action may be maintained if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the

2

controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). When parties to a class action seek to settle, the Court must comply with the following procedures:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Id.

### B. Attorney's Fees and Expenses

Under Rule 23(h), in a "certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." When parties to a class action seek attorney's fees and costs, the Court must comply with the following procedures:

3

(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
(2) A class member, or a party from whom payment is sought, may object to the motion.
(3) The court may hold a hearing and must find facts and state its legal conclusions under Rule 52(a).
(4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

Fed. R. Civ. P. 23(h).

## II. Analysis

The Court has reviewed the record in this case, the joint Stipulation and Agreement of Settlement, the Plan of Allocation, all attached exhibits, the Plaintiffs' Motions for preliminary and final approval of the Settlement, the supporting memoranda, and the written objections of Class Members.  The Court has held a Preliminary Fairness Hearing and a Final Approval Hearing. (Prelim. Hearing, ECF No. 275; Final Hearing, ECF No. 312.)  At the Final Approval Hearing, the Court heard presentations from the Lead Plaintiffs, TAL counsel, the Defendants, and objecting Class Members as well as testimony from the Plaintiffs' expert. (Final Hearing.)

Based on its independent assessment of the record and the information presented by the parties, the Court makes the following findings and reaches the following conclusions.

### A. Class Certification

4

The conditions of Rule 23(a) have been satisfied.  There is no dispute that the Class satisfies the numerosity, commonality, and typicality requirements.  At the time of the Final Approval Hearing, the claims administrator had distributed nearly 100,000 class action notices to potential Class Members and more than 7,000 proofs of claim had been filed.  All potential Class Members had purchased or acquired shares of the Closed-End Funds between 2003 and 2009.

After considering numerous motions for appointment, the Court decided that the Lead Plaintiffs were best qualified to represent the Class.  (Order Appt. Counsel, ECF No. 179.)  There is no dispute about the adequacy of the Class representatives. No party or Class Member has given the Court good cause to believe that the Lead Plaintiffs have not fairly and adequately protected the interests of the Class.

The conditions of Rule 23(b)(3) have been satisfied.  The injuries of the Class Members are the same in kind if not in degree.  The questions of law and fact common to the Class predominate over any questions affecting only individual members.  Because there are so many potential Class Members, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Class is CERTIFIED as described in the Preliminary Approval Order:

All Persons who purchased or otherwise acquired the publicly traded shares of (i) RMH between June 24, 2003 and July 14, 2009, inclusive, and were damaged thereby; (ii) RSF between March 18, 2004 and July 14, 2009, inclusive, and were damaged thereby; (iii) RMA between November 8, 2004 and July 14, 2009, inclusive, and were damaged thereby; (iv) RHY between January 19, 2006 and July 14, 2009, inclusive, or pursuant or traceable to the Registration Statement, Prospectus, and Statement of Additional Information (the "RHY Offering Materials") filed by RHY on or about January 19, 2006 with the SEC, and were damaged thereby; and (v) all members of the TAL Subclass.

Excluded from the Class and as Class Members are the Defendants; the members of the immediate families of the Defendants; the subsidiaries and affiliates of Defendants; any person who is an executive officer, director, partner or controlling person of the Closed-End Funds or any other Defendant (including any of its subsidiaries or affiliates, which include but are not limited to Morgan Asset Management, Inc., Regions Bank, Morgan Keegan, RFC, and MK Holding, Inc.); any entity in which any Defendant has a controlling interest; any Person who has filed a proceeding with FINRA against one or more Released Defendant Parties concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and such proceeding was not subsequently dismissed to allow the Person to specifically participate as a Class Member; any Person who has filed a state court action that has not been removed to federal court, against one or more of the Defendants concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and whose claims in that action have been dismissed with prejudice, released, or fully adjudicated absent a specific agreement with such Defendant(s) to allow the person to participate as a Class Member; and the legal representatives, heirs, successors and assigns of any such excluded person or entity. These exclusions do not extend to trusts or accounts as to which the control or legal ownership by any Defendant (or by any subsidiary or affiliate of any Defendant) is derived or arises from an appointment as trustee, custodian, agent, or other fiduciary ("Fiduciary Accounts") unless with respect to any such Fiduciary Account any Person has filed a proceeding with FINRA against one or more Released Defendant Parties concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and such proceeding was not

6

subsequently dismissed to allow the Person to specifically participate as a Class Member; any Person who has filed a state court action that has not been removed to federal court, against one or more of the Defendants concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and whose claims in that action have been dismissed with prejudice, released, or fully adjudicated absent a specific agreement with such Defendant(s) to allow the Person to participate as a Class Member (and such exclusion shall apply to the legal representatives, heirs, successors and assigns of any such excluded Person, entity or Fiduciary Account). With respect to Closed-End Fund shares for which the TAL Orders authorize the Trustee Ad Litem to prosecute the claims or causes of action pleaded in the Complaint in the Action ("TAL Represented Closed-End Fund Shares"), "Class" and "Class Member" also excludes Persons who are, or were during the Class Period, trust and custodial account beneficiaries, principals, settlors, co-trustees, and others owning beneficial or other interests in the TAL Represented Closed-End Fund Shares ("Such Persons"), but this exclusion applies only to any claims or causes of action of Such Persons that the Trustee Ad Litem is not authorized by the TAL Orders to prosecute. With respect to Closed-End Fund Shares that are not TAL Represented Closed-End Fund Shares and in which Such Persons have a beneficial or other interest, the foregoing partial exclusion of Such Persons does not apply. Also excluded from the Class and as Class Members are those Persons who submit valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Notice.

(Prelim. Order, ECF No. 276.)

Persons and entities who have been deemed excluded from Class Membership are identified in the Court's May 17, 2013 and July 26, 2013 Orders, (ECF No. 330; ECF No. 344), and in the Plaintiffs' May 24, 2013 exhibit, (ECF No. 331-2).

## B. Sufficiency of Notice

Due process requires that notice to a class be "reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objections." Vassalle v. Midland Funding LLC, 708 F.3d 747, 759 (6th Cir. 2013) (internal quotation marks and citations omitted)). "[A]ll that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests." Id. (internal quotation marks and citations omitted).

The Court approved the Notice submitted by Plaintiffs at the Preliminary Approval Hearing. (Prelim. Order.) The Notice describes the nature of the class action, the proposed settlement terms, the proposed Plan of Allocation, and the requested attorney's fees and expenses in detail. (Notice, ECF No. 260-2.) The Notice is written to be understood by non-attorneys. (Id.) The Court approved the proposed methods of disseminating the Notice. At the time of the Final Approval Hearing, the claims administrator had sent nearly 100,000 Notices by mail and had received more than 7,000 proofs of claim in response. The Defendants had received more than 10,000 requests for share purchase and sale information in response to the Notice. The Court received four timely and valid objections, one untimely objection, and one invalid objection from a non-class member.

The Notice was sufficient.  The due process requirements have been met.

**C. Settlement Approval**

In compliance with Rule 23(e), the Court required the Plaintiffs to send Notices of Class Action, Proofs of Claim, and information about Requests for Exclusion to all Class Members by means reasonably calculated to give them actual notice of the pendency of the class action and the terms of the proposed Settlement. (Prelim. Order); Fed. R. Civ. P. 23(e)(1).  The parties filed a Stipulation and Agreement of Settlement identifying all agreements made in connection with the proposed Settlement.  (ECF No. 260); Fed. R. Civ. P. 23(e)(3).  The Court allowed all Class Members to file written objections to the proposed Settlement and held a Final Approval Hearing at which proper objectors were entitled to appear.  (Prelim. Order; Final Hearing); Fed. R. Civ. P. 23(e)(2), 23(e)(5).

The procedural requirements of Rule 23(a), (b), and (e) have been satisfied.  Final approval of the proposed Settlement is warranted if the Court finds that the terms of the Settlement are fair, reasonable, and adequate.

"A district court looks to seven factors in determining whether a class action settlement is fair, reasonable, and adequate: '(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3)

the  amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.'" Vassalle, 708 F.3d at 754-755 (quoting UAW v. GMC, 497 F.3d 615, 631 (6th Cir. 2007)). The Court has "'wide discretion in assessing the weight and applicability' of the relevant factors." Id. (quoting Granada Invest., Inc. v. DWG Corp., 962 F.2d 1203, 1205-06 (6th Cir. 1992)).  Although the Court need not decide the merits of the case or resolve unsettled legal questions, the Court cannot "'judge the fairness of a proposed compromise' without 'weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement.'"  Id. (quoting UAW, 497 F.3d at 631) (internal citations omitted).

The parties seek approval of a monetary Settlement in the amount of $62,000,000.00.  All of the UAW factors support the fairness, reasonableness, and adequacy of the proposed Settlement.  The parties protected against the risk of fraud or collusion by using a highly qualified and experienced independent mediator during settlement negotiations.  The parties engaged in arms-length negotiations.  The complexity and expense of the litigation are evident.  The litigation has been pending for more than five-and-a-half years.  The matter before the Court represents a consolidation of seven cases; tens of

thousands of claims could be made on the settlement fund.

If the case were to proceed to trial, the Plaintiffs would face a daunting task in establishing loss causation and liability because there is evidence of both management failures and market decline.  The parties have stated that they will proceed to trial if the proposed Settlement is rejected.  Although the case has not reached the summary judgment stage, the Plaintiffs have completed a substantial amount of discovery to support their loss valuation theory and their mediation position.  Because of the complexity of the case, discovery costs would be much higher before the case could proceed to trial.

The opinions of Class counsel and the reactions of Class Members also support approval of the Settlement.  Class counsel have represented to the Court that, given the circumstances of the case and the anticipated litigation risk, they believe they have achieved the best possible result.  From the tens of thousands of potential Class Members, the Court has received four valid and timely objections, one untimely objection, and one invalid objection raised by a non-class member.  (ECF No. 309.)  The Court has considered all of the objections and heard from two of the objectors at the Final Approval Hearing.  None of the objections has caused the Court to conclude that the proposed Settlement is unfair, unreasonable, or inadequate.

11

Settlement is also in the public interest.  It will conserve judicial resources and permit monetary recovery for potentially tens of thousands of individuals and entities.  The Release is narrow and does not implicate individuals or entities with claims outside the Class.

"'The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits.  The likelihood of success, in turn, provides a gauge from which the benefits of settlement must be measured.'" Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C., 636 F.3d 235, 245 (6th Cir. 2011) (quoting In re Gen. Tire & Rubber Co. Sec. Litig., 726 F.2d 1075, 1086 (6th Cir. 1984)).  The Plaintiffs' likelihood of success on the merits is questionable for several reasons.  First, the Defendants argue that they have strong defenses but have chosen to settle because of the projected costs of discovery, the uncertainty and disruption to the Defendants' ongoing businesses, and the risk of higher damages.  Second, the Defendants argue, and the Plaintiffs admit, that the Plaintiffs did not have to show loss causation to obtain the proposed Settlement.  The Defendants contend that loss causation would be difficult to prove under the circumstances of this case.  They argue that, if the Plaintiffs were required to prove the portion of the loss attributable to the Defendants, recovery would be significantly reduced.  The

12

Defendants also argue that it would be difficult at trial for the Plaintiffs to prove material fraudulent misrepresentations and to establish that Morgan Keegan and RFC were controlling persons of the Funds.

Finally, the Plaintiffs' novel damages valuation methodology could be excluded at trial for failure to satisfy the expert testimony standard in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). "Before an expert may testify at trial, the district 'court must make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" United States v. Watkins, 450 F. App'x 511, 515 (6th Cir. 2011) (quoting United States v. Smithers, 212 F.3d 306, 313 (6th Cir. 2000) (internal quotations and citations omitted)).  At the Final Approval Hearing, the Plaintiffs' expert described substantial differences between the methodology he employed and generally accepted methodologies.  Plaintiffs' expert admitted that his method was otherwise untested and that it used daily net asset values as a novel proxy for the potentially fraudulent or misleading statements of Fund managers.  It is possible that the expert's method would be found invalid.  If the Plaintiffs' damages valuations were excluded at trial, their likelihood of success on the merits and the amount of any recovery would be

13

greatly reduced.

The proposed Settlement offers the Class Members a monetary recovery for their monetary loss.  Based on the information presented by the parties and the objectors, counsel for the Plaintiffs were able to negotiate a multi-million dollar recovery for the Class based on a novel theory.  The Plaintiffs' expert testified that, under generally accepted damages valuation models, the total loss to the Class attributable to the Defendants would have been between one sixth and one third of the proposed Settlement amount.

Although the proposed Settlement allows the Class Members to recover, at best, 18% of their losses as alleged by the Plaintiffs, monetary relief is guaranteed.  The Plaintiffs could succeed on the merits, but the likelihood is problematic and their theory of recovery introduces unusual litigation risks. Based on these considerations, the proposed Settlement confers a substantial benefit on the Class Members.

The Sixth Circuit looks beyond the UAW factors when evaluating the fairness of a settlement to determine whether the proposed settlement "'gives preferential treatment to the named plaintiffs while only perfunctory relief to unnamed class members.'"  Vassalle, 708 F.3d at 755 (quoting Williams v. Vukovich, 720 F.2d 909, 925 n.11 (6th Cir. 1983)).  Under the proposed Settlement, each Class Member receives a pro rata share

14

of the settlement fund based on the number of shares the Class
Member purchased.  The parties have represented to the Court
that there is no side agreement promising a bonus or a different
type of relief to the named Plaintiffs.

The form and amount of recovery in the proposed Settlement
appropriately balance the risks of litigation.  All of the <u>UAW</u>
factors weigh in favor of concluding that the proposed
Settlement is fair, reasonable, and adequate.  Plaintiffs'
Motion for Final Approval is GRANTED.  The Stipulation and
Agreement of Settlement and the Plan of Allocation are ADOPTED
and APPROVED.

### E. Attorney's Fees and Expenses

In compliance with Rule 23(h), the Plaintiffs have filed a
Motion for Award of Attorney's Fees and Expenses that conforms
to the requirements of Rule 54(d)(2).  (Mot. for Atty. Fees.)
Notice of the Motion was served on all parties through the
Court's Electronic Filing Docket and on Class Members by mail.
(<u>See</u> ECF No. 301.)  The Class Members and the Defendants were
given an opportunity to object to the Motion.  (Prelim. Order.)
The Court heard argument from the Lead Plaintiffs, TAL Counsel,
Defendants, and several objectors at the Final Approval Hearing.

All of the procedural prerequisites to an award of
attorney's fees and expenses have been satisfied.  The question
is whether the attorney's fees and expenses requested are

15

reasonable.  In general, "there are two methods for calculating attorney's fees: the lodestar and the percentage-of-the-fund." Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 F. App'x 496, 498 (6th Cir 2011).  "District courts have discretion 'to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them.'" Id. (quoting Rawlings v. Prudential-Bache Props., Inc., 9 F.3d 513, 516 (6th Cir. 1993)).  "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved." Rawlings, 9 F.3d at 516.  A district court "generally must explain its 'reasons for adopting a particular methodology and the factors considered in arriving at the fee.'"  Id. (quoting Moulton v. U.S. Steel Corp., 581 F.3d 344, 352 (6th Cir. 2009)).

Plaintiffs move the Court to approve a percentage-of-the-fund, or common fund, award of attorney's fees in the amount of $18,600,000.00, or 30% of the total common fund.  (Mem. in Supp. of Mot. for Atty. Fees, ECF No. 86.)  The Plaintiffs contend that the reasonableness of their request is supported by a "lodestar cross-check," a method by which the party requesting an award works backward from the requested amount to determine the multiplier that would be necessary to reach that amount if the party had instead used the lodestar method to determine the

16

requested fee.  (Id.)  If the resulting multiplier is within the accepted range, it supports the party's contention that its fee request is reasonable.  (Id.)

To recover attorney's fees under the common fund doctrine, "(1) the class of people benefitted by the lawsuit must be small in number and easily identifiable; (2) the benefits must be traceable with some accuracy; and (3) there must be reason for confidence that the costs can in fact be shifted with some exactitude to those benefitting."  Geier v. Sundquist, 372 F.3d 784, 790 (6th Cir. 2004).  These factors are not satisfied "'where litigants simply vindicate a general social grievance,'" but are satisfied "'when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf.'"  Id. (quoting Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980)).  For that reason, "the common fund method is often used to determine attorney's fees in class action securities cases."  Id.

The instant class action is a securities case.  Each Class Member who submits a proper proof of claim will receive a pro rata share of the settlement fund based on the number of shares the Member purchased during the Class Period.  Although the Class is large, each Class Member is easily identifiable and the benefit to each Member is easily traceable to the work of Plaintiffs' counsel.  Because recovery is pro rata, if the

17

Case 2:07-cv-02830-SHM-tkv   Document 945-1   Filed 08/05/15   Page 18 of 22   PageID 13389

common fund method is applied, each Class Member will in effect pay a portion of the attorney's fees and expenses based on the size of the Class Member's recovery.

The common fund method is the more appropriate method for calculating attorney's fees in this case. "In common fund cases, the award of attorney's fees need only 'be reasonable under the circumstances.'" Id. (quoting Rawlings, 9 F.3d at 516). "The 'majority of common fund fee awards fall between 20% and 30% of the fund.'" Gooch v. Life Investors Ins. Co. of Am., 672 F.3d 402, 426 (quoting Waters v. Int'l Precious Metals Corp., 190 F.3d 1291, 1294 (11th Cir. 1999)). Although the Court may award fees in its discretion, it should consider:

> (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

Moulton, 581 F.3d at 352 (quoting Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir. 1996)).

In this case, there is no dispute that the litigation is complex, that counsel for all parties are highly skilled and nationally well-regarded, and that counsel for the Plaintiffs undertook a substantial risk and bore considerable costs by accepting this case on a contingent fee basis. The requested

fee is within the typical range for awards in common fund cases, and society has a clear stake in rewarding attorneys as an incentive to take on complicated, risky, contingent fee cases.

The value of Plaintiffs' legal services on an hourly basis is established by their lodestar cross-check. See Johnson v. Midwest Log. Sys., No. 2:11-CV-1061, 2013 U.S. Dist. LEXIS 74201, at *16 (S.D. Ohio May 25, 2013). "In contrast to employing the lodestar method in full, when using a lodestar cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court." Id. at *17 (internal quotations and citations omitted). Plaintiffs spent approximately 13,000 hours in preparation for this case, producing a cumulative lodestar value of $5,980,680.50. (ECF No. 287-1.) Each firm comprising Plaintiffs' counsel submitted an accounting of the hourly rate and hours spent for each attorney who worked on the case. (ECF No. 287-6; ECF No. 287-7; ECF No. 287-8.) The hours spent and the rates applied are reasonable. The resulting lodestar multiplier is approximately 3.1. "Most courts agree that the typical lodestar multiplier in a large post-PSLRA securities class action[] ranges from 1.3 to 4.5." In re Cardinal Health Inc. Sec. Litigs., 528 F. Supp. 2d 752, 767 (S.D. Ohio 2007) (collecting cases). The lodestar cross-check multiplier is within the reasonable range.

The most important factor in determining the reasonableness

19

of the requested attorney's fees in this case is the value of the benefit conferred on the Class. This is a complex case, and the Plaintiffs' likelihood of success on the merits is in question. Nevertheless, Plaintiffs' counsel was able to negotiate a multimillion-dollar settlement on a novel theory of recovery to be distributed pro rata to all Class Members. Plaintiffs' counsel created substantial value for the Class Members. Had the litigation proceeded on an accepted damages valuation theory, the total recovery was projected to be from one third to as little as one sixth of the proposed settlement fund. If the case had proceeded to trial, the Class Members faced a substantial risk of no recovery at all.

The Plaintiffs also seek payment of expenses from the common fund totaling $380,744.14. (ECF No. 287.) The Plaintiffs state that approximately $277,000.00 represents payments to experts, approximately $17,000.00 represents the costs of mediation, and the remainder includes photocopying, travel, and lodging. (Id.) The Plaintiffs have submitted itemized lists of all expenses. (ECF No. 287-6; ECF No. 287-7; ECF No. 287-8.) No objections have been raised to the Plaintiffs' expenses. After review of the Plaintiffs' submissions, the Court finds that the requested expenses are reasonable and should be paid from the common fund.

The Plaintiffs' requested attorney's fees and expenses are

20

reasonable under the unique circumstances of this case.  The common fund method is the more appropriate method of addressing attorney's fees.  All of the Bowling factors weigh in favor of the requested fee of 30% of the fund, $18,600,000.00. Plaintiffs' Motion for Attorney's Fees and Expenses is GRANTED.

### III. Dismissal of Claims and Release

Except as to any individual claim of those persons who have been excluded from the Class, this action, together with all claims asserted in it, is dismissed with prejudice by the Plaintiffs and the other members of the Class against each and all of the Defendants. The Parties shall bear their own costs, except as otherwise provided above or in the joint Stipulation and Agreement of Settlement and the Plan of Allocation.

After review of the record, including the Complaint and the dispositive motions, the Court concludes that, during the course of this action, the parties and their respective counsel have complied at all times with the requirements of Rule 11.

The Release submitted by the parties as part of Exhibit B to the joint Stipulation and Agreement of Settlement, (ECF No. 260-5), is APPROVED and ADOPTED by the Court.

### IV. Continuing Jurisdiction

The Court retains jurisdiction for purposes of effecting the Settlement, including all matters relating to the administration, consummation, enforcement, and interpretation of

21

the joint Stipulation and Agreement of Settlement and the Plan of Allocation.

### V. Conclusion

For the foregoing reasons, Plaintiffs' proposed Class is CERTIFIED. Plaintiffs' Motion for Final Approval is GRANTED. Plaintiffs' Motion for Attorney's Fees and Expenses is GRANTED. The parties' Stipulation and Agreement of Settlement and their Plan of Allocation are APPROVED. The Class settlement fund is approved in the amount of $62,000,000.00. Attorney's fees are approved in the amount of $18,600,000.00. Expenses are approved in the amount of $380,744.14. All claims in this matter are DISMISSED except as provided above.

So ordered this 5th day of August, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# TAB 10

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SALOMON ANALYST METROMEDIA
LITIGATION

Case No. 02-CV-7966
Judge Gerard E. Lynch

## [PROPOSED] ORDER AWARDING (1) ATTORNEYS' FEES, (2) REIMBURSEMENT OF LITIGATION EXPENSES, AND (3) REIMBURSEMENT OF LEAD PLAINTIFFS' TIME AND EXPENSES

This matter came on for hearing upon the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated as of November 14, 2008 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class, and the Court having considered the Stipulation, all papers filed and proceedings held herein and all oral and written comments received regarding the proposed settlement and the request for attorneys' fees, reimbursement of litigation expenses and reimbursement of lead plaintiffs' time and expenses, and having reviewed the entire record in the action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this action, Lead Plaintiffs, all Settlement Class Members and the Defendants.

2. All capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3. Co-Lead Counsel are hereby awarded attorneys' fees of **27** % of the Settlement Fund, valued at approximately $ 35,011,787 as of January 30, 2009, plus interest accruing thereon at the same rate as earned on the Settlement Fund, until paid. The award of **27**% of the

Case 1:02-cv-07586-GEL Document 93 Filed 02/27/09 Page 2 of 2

Settlement Fund, plus interest accruing thereon at the same rate as earned on the Settlement Fund, is reasonable and appropriate.

4.     Co-Lead Counsel are hereby also awarded $989,296.11 as reimbursement of their out-of-pocket expenses.  This award of reimbursement of expenses is reasonable and appropriate.

5.     Lead Plaintiffs Techgains Corporation, Peter Carolan, and Frank Russo, Jr. are awarded $5,000 each in reimbursement of their own costs and expenses relating to their representation of the Settlement Class.  This award of reimbursement of lead plaintiffs' time and expenses is reasonable and appropriate.

Dated: New York, New York
    Feb. 27   , 2009

_____
United States District Judge
Gerard E. Lynch

2

# TAB 11

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: SATYAM COMPUTER SERVICES LTD.
SECURITIES LITIGATION

:
:
:
:
:

No.: 09-MD-2027-BSJ

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on September 8, 2011 (the "Settlement Hearing") on the motion of Lead Counsel to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notices of the Settlement Hearing substantially in the form approved by the Court were mailed to all Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Class, and that summary notices of the hearing substantially in the form approved by the Court were published in *The Wall Street Journal*, *Investor's Business Daily* and *The Financial Times* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order Awarding Attorneys' Fees and Expenses incorporates by reference the definitions in the Stipulations and Agreements of Settlement (the "Settlement Stipulations") and all

terms used herein shall, with respect to the respective Settlement Stipulations, have the same meanings as set forth in the applicable Settlement Stipulations.[1]

2.      The Court has jurisdiction to enter this Order Awarding Attorneys' Fees and Expenses, and over the subject matter of the Action and all parties to the Action, including all Class Members.

3.      Notice of Lead Counsel's application for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the motion for attorneys' fees and expenses constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the motion and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, et seq.) (the "PSLRA"), and all other applicable law and rules.

4.      Lead Counsel are hereby awarded attorneys' fees in the amount of 17% of the total Settlement Funds, as well as 17% of any additional Settlement Funds recovered by Satyam from the PwC Entities, net of any taxes withheld from the Initial Escrow Accounts and ultimately paid pursuant to Indian tax law, and $1,027,076.94 in reimbursement of litigation expenses advanced or incurred by Lead Counsel collectively while prosecuting this Action (which expenses shall be paid from the Settlement Funds) with interest on such fees and expenses at the same rate as earned by the Settlement Funds from the dates the Settlement Funds were funded to the date of payment, which sums the Court finds to be fair and reasonable.  The foregoing award of Attorneys' Fees and

---

[1]  The Settlement Stipulations are:  the Stipulation and Agreement of Settlement with Defendant Satyam Computer Services Ltd., dated February 16, 2011 (the "Satyam Stipulation") and the Stipulation and Agreement of Settlement between Lead Plaintiffs and the PwC Entities, dated April 27, 2011 (the "PwC Entities Stipulation") entered into by and among Lead Plaintiffs and the Settling Defendants (together, the "Settlement Stipulations").

2

Expenses shall be payable immediately in accordance with the terms set forth in ¶¶ 19 and 16, respectively of the Satyam Stipulation and the PwC Entities Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action.

5.      Also in accordance with the terms set forth in ¶¶ 20 and 17, respectively of the Satyam Stipulation and the PwC Entities Stipulation, Lead Counsel who seek to be paid their share of the attorney fee and expense award prior to the Effective Date shall be jointly and severally obligated to make appropriate refunds or repayments of attorneys' fees and expenses and any interest thereon paid to Lead Counsel to the Settlement Funds or to the Settling Defendants who contributed the Settlement Funds in direct proportion to their contributions to the Settlement Funds, as applicable, plus accrued interest at the same net rate as is earned by the Settlement Funds, if the Settlements are terminated pursuant to the terms of the Stipulations or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed by final non-appealable court order.

6.      Class Representative the Public Employees' Retirement System of Mississippi is awarded $14,400 as reimbursement for its costs and expenses directly relating to its services in representing the Class.

7.      Class Representative Mineworkers' Pension Scheme is awarded $98,711 as reimbursement for its costs and expenses directly relating to its services in representing the Class.

8.      Class Representative SKAGEN AS is awarded $59,000 as reimbursement for its costs and expenses directly relating to its services in representing the Class.

9. Class Representative Sampension KP Livsforsikring A/S is awarded $21,000 as reimbursement for its costs and expenses directly relating to its services in representing the Class.

10. Subclass Representative Brian F. Adams is awarded $2,000 as reimbursement for his costs and expenses directly relating to his services in representing the Class and Subclass.

11. A litigation fund in the amount of $1,000,000 from the Satyam Settlement Fund shall be established to fund the continued prosecution of the Action against the Non-Settling Defendants.

12. In making this award of attorneys' fees, and reimbursement of expenses to be paid from the Settlement Funds, the Court has considered and found that:

(a) The Settlements have created a total settlement amount of $150.5 million in cash that is already on deposit and has been earning interest, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlements created by the efforts of Lead Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were substantially involved in all aspects of the prosecution and resolution of the Action;

(c) To date, over 208,000 copies of the Notices were disseminated to putative Class Members stating that Lead Counsel were moving for attorneys' fees not to exceed 17% of proposed Settlements and reimbursement of expenses incurred in connection with the prosecution of this Action. Only one objection to the terms of the Settlement and the fees and expenses requested by Lead Counsel contained in the Notice was received, although it was untimely and not filed with the Court as required by the Preliminary Approval Orders. The objector has not proven that he is a member of the Class, nor does he have standing; even if he did, his objection has been considered and overruled;

4

(d)     Lead Counsel have conducted the litigation and achieved the Settlements with skill, perseverance and diligent advocacy;

(e)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f)     Had the Settlements not been achieved, there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from the Settling Defendants; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases.

13.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments entered with respect to the Settlements.

14.     Continuing jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulations and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15.     In the event that any of the Settlements are terminated or do not become Final or the Effective Date does not occur in accordance with the terms of the applicable Settlement Stipulation(s), this Order, except for ¶ 5 above, shall be rendered null and void to the extent provided by the applicable Settlement Stipulation(s) and shall be vacated in accordance with the terms of the applicable Settlement Stipulation(s).

5

16.     There is no just reason for delay in the entry of this Order, and immediate entry by the

Clerk of the Court is expressly directed.

Dated:          New York, New York
                September 13, 2011

                                        _____
                                        Honorable Barbara S. Jones
                                        UNITED STATES DISTRICT JUDGE

6

# TAB 12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| IN RE SILVERCORP METALS, INC. SECURITIES LITIGATION | . . . . . . . . . . . . . | Case No. 12-cv-9456 (JSR) **CLASS ACTION** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #: _____
DATE FILED: 2/13/15

 **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

**WHEREAS:**

(A)  This Action[1] was originally commenced on or about December 28, 2012. Plaintiffs Charles A. Burnes and Dale Hachiya were appointed as Lead Plaintiffs on April 15, 2013, and the Court approved their choice of counsel, Pomerantz Grossman Hufford Dahlstrom & Gross, n/k/a Pomerantz LLP.  An Amended Complaint was filed June 11, 2013, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5) against Silvercorp, Feng, and Tang.

(B)  By order entered August 8, 2013, which the Court reaffirmed in a memorandum entered July 1, 2014, the motion to dismiss Feng and Tang was granted, and Lead Plaintiffs' GAAP claim against Silvercorp was dismissed, but Silvercorp's motion to dismiss was otherwise denied.

---

[1]  Capitalized terms herein shall have the same definitions as set forth in the Stipulation and Agreement of Settlement (the "Stipulation").

(C)     On October 23, 2014, Lead Plaintiffs, acting on behalf of themselves and a proposed Settlement Class, entered into a Stipulation with Settling Defendants to settle this Action on the terms provided therein.

(D)     Pursuant to the Preliminary Approval Order entered on November 12/2014, this Court scheduled a Settlement Hearing for February 9, 2015, at 4:00 p.m., to, *inter alia*, determine: (a) whether the proposed Settlement was fair, reasonable, and adequate, and should be approved by the Court; and (b) whether a judgment substantially in the form hereof should be entered herein (the "Final Approval Hearing").

(E)     The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice.

(F)     Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on February 9, 2015 and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as through fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3. For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

All persons or entities that purchased Silvercorp common stock on the NYSE market between May 20, 2009 and September 13, 2011 (both dates inclusive). Excluded from the Settlement Class are Defendants, the current officers and directors of Silvercorp, the former officers and directors of Silvercorp, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

4. Also excluded from the Settlement Class are all persons and/or entities who excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, their names appearing on Exhibit A hereto. They are not bound by this Order and Final Judgment (the "Judgment"), and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and/or entities may not pursue any Settlement Class Claims on behalf of those who are bound by this Judgment.

5. The Court affirms its finding that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies the above Settlement Class solely for purposes of this Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.    Based on the finding that Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court affirms its appointment of Lead Plaintiffs as the class representatives for the Settlement Class.  The Court finds that Lead Counsel have fairly and adequately represented the interests of the Settlement Class, and affirms its appointment of Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7.    This Court finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, all implemented in accordance with the terms of the Settlement Stipulation and the Court's Preliminary Approval Order:

(a)    Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)    Were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not excluded themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)    Were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)    Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the

Case 1:12-cv-09456-JSR Document 81 Filed 02/13/13 Page 5 of 11

Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

8.      The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

9.      The Settlement set forth in the Stipulation is fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class taking into account, *inter alia*, the benefits to the Settlement Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.  It shall be consummated in accordance with the terms and provisions therein, and the Lead Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

10.     The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate.  Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

11.     Upon the Effective Date, Lead Plaintiffs and Settlement Class Members (whether or not they submit a Proof of Claim or share in the Net Settlement Fund), on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Settlement Class Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Settlement Class Claims.

12.     Upon the Effective Date, Settling Defendants, on behalf themselves and their heirs, executors, administrators, insurers, reinsurers, and assigns, and any person(s) they represent, shall

- 5 -

be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Defendant Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

13.     The Settlement Consideration having been paid to the Escrow Account by Settling Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.

14.     The Settling Defendants and all former defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and the Settling Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Judgment, whether or not it becomes Final, and any statements made or proceedings taken pursuant to it:

(a)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Lead Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Released Parties in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties.

(b)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission

- 6 -

with respect to any statement or written document approved or made by any of the Released Parties, or against the Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Lead Plaintiffs.

(c)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment, provided, however, that, the Released Parties, the Lead Plaintiffs, and any Settlement Class Member may use it to effectuate the liability protection granted them by the Stipulation and may file this Judgment in any action brought against them to support an argument, defense, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith-settlement, judgment bar, reduction, or any theory of claim or issue preclusion (or similar argument, defense, or counterclaim);

(d)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties that the Settlement Consideration represents the amount which could or would have been received after trial;

- 7 -

(e)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendants or any former defendants in this Action have any merit, or that damages recoverable in this Action would not have exceeded the Settlement Fund; and

(f)     Is not, shall not be deemed to be, and may not be argued to be or offered or received as evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

15.     No person shall have any claim against Lead Plaintiffs, Lead Counsel, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

Case 1:12-cv-09456-JSR   Document 81   Filed 02/13/13   Page 9 of 11

17.     The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 48 of the Stipulation, are not materially inconsistent with this Judgment, and do not materially limit the rights of the Settlement Class Members under the Stipulation. This Court finds that during the course of this Action, all Parties, Lead Counsel and counsel to the Settling Defendants at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18.     Lead Counsel are awarded attorneys' fees in the amount of three million five hundred thousand U.S. dollars (USD$3,500,000.00) and reimbursement of expenses, including experts' fees and expenses, in the amount of two hundred twenty-six thousand, nine hundred thirty-three U.S. dollars and ninety-three cents (USD$226,933.93), such amounts to be paid from out of the Settlement Fund. Lead Plaintiffs Dale Hachiya and Charles A Burnes are awarded the sum of twelve thousand five hundred U.S. dollars (USD$12,500.00) each, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

19.     The attorneys' fees and expenses awarded herein shall be payable from the Settlement Fund, 50% payable ten (10) business days after entry of this Judgment and 50% payable upon distribution of the Settlement fund proceeds to the Class.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and

reimbursement of expenses in the Action; and (d) all parties for the purpose of construing, enforcing and administering the Settlement.

21.     This Action and all Settlement Class Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

22.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the Southern District of New York on ___2/11___, 2015.

_____

THE HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

## Exhibit A

Persons Excluded From The Settlement

(1)    Richard G. Byerly, 3315 Cargill Street, Pittsburgh, PA 15219;

(2)    Dmitry I. Kamenev, 1075 Myrtle Street, Apt. 13, Los Alamos, NM 87544.

# TAB 13

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOUTH FERRY LP #2, individually and on behalf of all others similarly situated,

Plaintiff,

v.

KERRY K. KILLINGER, et al.,

Defendants.

CASE NO. C04-1599-JCC

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES AND EXPENSES

This matter comes before the Court on Lead Plaintiffs' motion for final approval of class action settlement and plan of allocation of settlement proceeds (Dkt. No. 269) and Lead Counsel's motion for award of attorneys' fees and reimbursement of expenses (Dkt. No. 270).

On June 5, 2012, this Court conducted a hearing to determine: (1) whether the terms and conditions of the Class Action Settlement Agreement dated October 5, 2011 (the "Settlement Agreement") are fair, reasonable, and adequate for the settlement of the Action now pending in this Court under the above caption, including the release of all Released Claims against Defendants and the other Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 1

in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court, having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Washington Mutual, Inc. ("WMI") between April 15, 2003 and June 28, 2004, inclusive (the "Class Period"), as shown by the records of WMI's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the global edition of *The Wall Street Journal* and transmitted over the Global Media Circuit of *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used but not otherwise defined herein having the meanings as set forth and defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class it seeks to represent; (d) the Class Representative and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 2

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the common stock of Washington Mutual, Inc. between April 15, 2003 and June 28, 2004, inclusive, and who were damaged thereby.  Excluded from the Class are Washington Mutual, Inc. and the Individual Defendants; former defendants William W. Longbrake, Craig J. Chapman, James G. Vanasek and Michelle McCarthy; any other officers and directors of WMI during the Class Period; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any of the Defendants or former defendants have or had a controlling interest.  Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Walden Management Co. Pension Plan as Class Representative.

5.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.  Plaintiffs' Co-Lead Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Publication Notice.

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 3

Case 2:04-cv-01595-JCC Document 279 Filed 05/05/12 Page 4 of 14

6.     The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

7.     The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, as against the Defendants.

8.     Lead Plaintiffs and members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, whether at law or in equity, matured or un-matured, whether class or individual in nature (i) that have been asserted in this Action or in the Chapter 11 Cases against any of the Released Parties relating to the purchase or sale of WMI common stock during the Class Period, including, without limitation, the Bankruptcy Claims, or (ii) that could have been asserted in the Action or the Chapter 11 Cases or in any forum against any of the Released Parties arising out of or based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase or sale of WMI common stock during the Class Period (the "Released Claims") against WMI, the Individual Defendants, Chapman, Longbrake, Vanasek, McCarthy and any and all of their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors,

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 4

investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which WMI, the Individual Defendants or Longbrake, Chapman, McCarthy and Vanasek has or has had a controlling interest or which was or is related to or affiliated with WMI or any of the Individual Defendants, and the legal representatives, marital communities, heirs, successors in interest or assigns of any of the foregoing (the "Released Parties"). The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment and Order of Dismissal with Prejudice. For the avoidance of doubt, nothing contained herein shall be deemed to release, bar, waive, impair or otherwise impact:  (1) any claims to enforce the Settlement and the transactions required pursuant to the Settlement; (2) any claims belonging to the Debtors, their current affiliates or their successors in interest or otherwise asserted by the Debtors, their current affiliates or their successors in interest against any other Released Party, or any Released Party's defenses, counterclaims or claims for indemnification, if any—other than claims for indemnification with respect to payments made to defend or settle the Action—with respect thereto; (3) claims by any Released Party against the Debtors in the Chapter 11 Cases, including indemnification claims—other than claims for indemnification with respect to payments made to defend or settle the Action—or the Debtors' defenses and counterclaims with respect thereto; provided, however, that, to the extent that any Contributing Carriers claim subrogation rights against the Debtors on the basis of the Released Parties' indemnification claims, all such claims and the Debtors' defenses with respect thereto are expressly preserved; (4) except to the extent released pursuant to the settlement agreement in the class action styled *In re Washington Mutual, Inc. ERISA Litigation*, Lead Case No. 07-cv-1874 (W.D. Wash.), claims, if any, by any Class Member against the Released Parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") that are separate and do not arise from or relate to the claims asserted in the Action; (5) claims by any Class Member individually in the

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 5

Chapter 11 Cases based solely upon such Class Member's status as a holder or beneficial owner (as opposed to a purchaser) of any WMI debt or equity security with respect to their right to participate in the distribution of funds in the Chapter 11 Cases upon confirmation of a chapter 11 plan or otherwise solely to the extent that such distribution is being made on account of such security and not in any way arising from or related to being a Class Member; or (6) any Class Member's right to participate in the distribution of any funds recovered from any of Defendants by any governmental or regulatory agency. For the avoidance of doubt, notwithstanding the designation of a party as a "Released Party," the Settlement Agreement only operates to release the Released Party from a claim, counterclaim or defense that is a Released Claim.

9. Defendants and their heirs, executors, administrators, predecessors, successors and assigns of any of them and the other Released Parties, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, other Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement or the transactions required pursuant to the Settlement) (the "Released Defendants' Claims"). The Released Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment and Order of Dismissal with Prejudice.

10. With respect to any and all Released Claims and Released Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 6

by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and all other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

11. Notwithstanding the provisions of ¶¶ 8, 9 and 10 hereof, (i) in the event that any of the Released Parties asserts against the Lead Plaintiffs, any other Class Member or Plaintiffs' Counsel, any claim that is a Released Defendants' Claim, then Lead Plaintiffs, such Class Member or Plaintiffs' Counsel shall be entitled to use and assert such factual matters included within the Released Claims against such Released Party only in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party; and (ii) in the event that any of the Lead Plaintiffs, any other Class Member or Plaintiffs' Counsel asserts against any Released Parties any Released Claims, such Released Parties or their respective counsel shall be entitled to use and assert such factual matters included within the Released Defendants' Claims against such claimant only in defense of such claim but not for the purposes of affirmatively asserting any claim against any such claimant.

12. Neither this Final Judgment and Order of Dismissal with Prejudice, the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, shall be:

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 7

(a)      offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Defendant;

(b)      offered or received against any Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)      offered or received against any Defendant as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Defendant, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)      construed against Lead Plaintiffs or any of the other Class Members or against any Defendant as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)      construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by any Defendant have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 8

13. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Settlement Agreement in accordance with its terms and provisions.

14. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. Plaintiffs' Counsel are hereby awarded 29% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $879,674.77 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

16. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $41.5 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement;

(b) Over 490,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in an amount not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $1,000,000 and only three (3) objections were filed against the

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 9

terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The Action involves complex factual and legal issues and was actively prosecuted over nearly seven years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(f)     Plaintiffs' Counsel have devoted over 18,000 hours, with a lodestar value of $8,900,000 to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

17.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Final Judgment and Order of Dismissal with Prejudice, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class; provided, however, that the Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of the Bankruptcy Court Approval Order.

18.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 10

FOR THE FOREGOING REASONS, the Court GRANTS Lead Plaintiffs' motion for final approval of class action settlement and plan of allocation of settlement proceeds (Dkt. No. 269) and GRANTS Lead Counsel's motion for award of attorneys' fees and reimbursement of expenses (Dkt. No. 270). This action is DISMISSED WITH PREJUDICE.

DATED this 5th day of June 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 11

**EXHIBIT 1**

**List of Persons and Entities Requesting Exclusion from the Class in *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Case No. C04-1599 JCC**

The following persons and entities have properly requested exclusion from the Class in *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Case No. C04-1599 JCC, and are not members of the Class bound by this Final Judgment and Order of Dismissal with Prejudice:

| No. | Name | Address |
| --- | --- | --- |
| 1 | Katherine Walker Childs | 12510 NE 94th Street<br>Kirkland, WA 98033-5875 |
| 2 | Ruth E. Bridges | 1827 Thornhill Rd. #107<br>Wesley Chapel, FL 33544 |
| 3 | Charlie Rivera | 12143 Maple Ridge Dr.<br>Parrish, FL 34219 |
| 4 | Denny Sue Johnson | Box 1714<br>Gold Beach, OR 97444 |
| 5 | Lillian N. Mosley<br>R.E. Mosley | 275 County Road 4247<br>DeKalb, TX 75559 |
| 6 | Ernest A. Dahl | 2226 Vista Hogar<br>Newport Beach, CA 92660 |
| 7 | Donald W. Dearment | 500 E. Pitt St.<br>Bedford, PA 15522 |
| 8 | Arthur Nelson | P.O. Box 129<br>Seekonk, MA 02771 |
| 9 | Mary Nake Bond | 7923 Colonel Glenn Rd.<br>Little Rock, AR 72204 |
| 10 | Charles W. Hadley<br>Ethel S. Hadley | 3907 NE 110th St.<br>Seattle, WA 98125 |
| 11 | Earl F. O'Connor | 7343 S. Sherman Dr.<br>Indianapolis, IN 46237 |
| 12 | Abe Price | 158 Lollypop Lane #3<br>Naples, FL 34112-5109 |
| 13 | Jane K. Whitney | 6609 Markstown Drive Apt. B<br>Tampa, FL 33617-9365 |
| 14 | Mark Paper | 700 Twelve Oaks Center Dr. Ste. 711<br>Wayzata, MN 55391 |

| 15 | Edward T. Flotz | 127 Franconian Dr. S.<br>Frankenmuth, MI 48734 |
|----|-----------------|-----------------------------------------------|
| 16 | Bradley Keding | 15545 Meyer Ave.<br>Allen Park, MI 48101 |
| 17 | Debra A. Langford | 1480 North Meadow Rd.<br>Merrick, NY 11566 |
| 18 | Josephine R Burns | P.O. Box 546<br>El Granada, CA 94108-0546 |
| 19 | Moira L. L. Nichols | 33 Linda Ave. Apt. 2003<br>Oakland, CA 94611 |
| 20 | Richard J. Imbra | 3312 Grandada Ave.<br>San Diego, CA 92104 |
| 21 | Bruce MacLeod | 556 Mill Street Ext.<br>Lancaster, MA 01523 |
| 22 | John Mitchell Campbell Jr. | 16 East Fox Chase Rd.<br>Chester, NJ 07930 |
| 23 | Janet Schultz | 846 Newport Bay Dr.<br>Edwardsville, IL 62025 |
| 24 | Susan Iorns | 16 Ocean Parade<br>Pukerua Bay<br>Porirua 5026 New Zealand |
| 25 | Cordelia F Biddle<br>H. Stephen Zettler | 514 Pine Street<br>Philadelphia, PA 19106 |
| 26 | Lawrence Papola<br>Marie Papola | 191 Atlantic Pl.<br>Hauppauge, NY 11788 |
| 27 | Carl Hunter | 4030 30th Ave. West<br>Seattle, WA 98199-1709 |
| 28 | Steven W. Loring | 91-1040-Puamaeole St. #S<br>Ewa Beach, HI 96706 |
| 29 | Margaret P. Jones | 737 Pinebrook Dr.<br>Virginia Beach, VA 23462 |
| 30 | Bruce Alexander | 10464 SW 118 St.<br>Miami, FL 33176 |
| 31 | Paul Putnam<br>Mona Putnam | 1140 Portola Ave.<br>Escondido, CA 92026-1732 |
| 32 | Douglas Duncan | 679 Flamenco Pl.<br>Davis, CA 95616 |
| 33 | Robert Born<br>Ophelia Born | 8800 Glacier Ave. Apt. 302<br>Texas City, TX 77591-3052 |

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 13

| 34 | John G. Clapp | 12 Sunset Drive Apt. 2<br>Alexandria, VA 22301-2640 |
| 35 | Jacquelyn Clarke | 10465 Dunlop Rd.<br>Delta, BC V4C 2L1, Canada |
| 36 | Bonnie J. Orr<br>Rufus D. Orr | 7536 32nd Ave. NW<br>Seattle, WA 98117-4646 |
| 37 | Charles GaGaig | P.O. Box 7666<br>Northridge, CA 91327 |
| 38 | Don Thorsteinson | 5775 Hampton Place #1006<br>Vancouver, B.C. V6T 2G6 |
| 39 | David P. Yaffe | 10416 Wyton Dr.<br>Los Angeles, CA 90024 |
| 40 | Michelle Jurczak | 325 Kennedy Ave.<br>Toronto, Ontario M6P 3C4 |
| 41 | John G. Hudson | P.O. Box 283<br>Fort Smith, AR 72902 |
| 42 | Carl P. Irwin | 10 White Oak Dr. Apt# 218<br>Exeter, NH 03833-5314 |
| 43 | Margaret K. Oliver<br>Kay Collins | 1002-5614 Balsam St.<br>Vancouver BC V6M 4B7 |
| 44 | John G. Hudson Living<br>Trust | P.O. Box 283<br>Fort Smith, AR 72902 |
| 45 | Rosemary Pacheco | 338 Orchard St.<br>Raynham, MA 02767-9385 |
| 46 | Kathleen Guilfoyle | 214 Northline Rd.<br>Ballston Spa, NY 12020 |

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 14