UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON,<br><br>Defendants. | Civil Action No. 1:20-cv-02031-JSR |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

**WHEREAS,** this matter came on for hearing on June 30, 2021 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested. NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of December 22, 2020 (the "Stipulation"), and all capitalized

terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of litigation expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.      There have been no objections to Lead Counsel's request for attorneys' fees and litigation expenses.

5.      Lead Counsel is awarded attorneys' fees in the amount of $7,020,000, plus interest at the same rate earned by the Settlement Fund (*i.e.,* 18% of the Settlement Fund), of which 50% is payable to Lead Counsel upon entry of this Order and 50% is payable to Lead Counsel when the Net Settlement Fund is distributed to Authorized Claimants. Lead Counsel is also awarded $468,375.08 in litigation expenses, plus accrued interest, which is payable to Lead Counsel upon entry of this Order. The Court finds these sums to be fair and reasonable.

6.      Lead Plaintiff Firefighters' Pension System of the City of Kansas City, Missouri Trust is awarded $6,286.40 from the Settlement Fund as reimbursement for its reasonable costs

and expenses directly related to its representation of the Settlement Class, pursuant to the PSLRA.

7.    In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, pursuant to the terms and conditions of the Stipulation, the Court has considered and found that:

(a)    The Settlement has created a fund of $39,000,000 in cash pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of counsel;

(b)    The fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, a sophisticated investor that oversaw the prosecution and resolution of the Action;

(c)    60,981 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 18% of the Settlement Fund and expenses in an amount not to exceed $550,000;

(d)    The Action raised a number of complex issues;

(e)    Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f)    Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(g)    The amount of attorneys' fees awarded and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases;

(h)     Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

(i)     Lead Counsel expended more than 8,400 hours, with a lodestar value of $4,624,292.50, to achieve the Settlement.

8.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.


IT IS SO ORDERED.

Dated: _____6/30_____, 2021          _____
                                          Honorable Jed S. Rakoff
                                          UNITED STATES DISTRICT JUDGE